F I L E D
Clerk
District Court

SEP 2 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  **MATTHEW T. GREGORY**
   **Attorney at Law**
2  Second Floor, V.S. Sablan Building
   Chalan Piao
3  PMB 419, Box 10000
   Saipan MP 96950
4  Telephone:  (670) 234 3972
   Facsimile:  (670) 234 3973
5

6  **DAVID J. LUJAN**
   **IGNACIO C. AGUIGUI**
7  **LUJAN, UNPINGCO, AGUIGUI & PEREZ** LLP
   **Attorneys At Law**
8  Suite 300 Pacific News Building
   238 Archbishop Flores Street
9  Hagåtña, Guam 96910
   Telephone: (671) 477-8064/5
10 Facsimile:  (671) 477-5297

11 *Attorneys for World Corporation*

12          **IN THE UNITED STATES DISTRICT COURT**

13                      **FOR THE**

14             **NORTHERN MARIANA ISLANDS**

15 YU SUK CHUNG,                  )   Civil Action No. **04-00001**
                                  )
16          Plaintiff,            )   **DEFENDANT'S MEMORANDUM OF**
       vs.                        )   **POINTS AND AUTHORITIES**
17                                )   **IN SUPPORT OF MOTION FOR**
                                  )   **PARTIAL SUMMARY JUDGMENT**
18 WORLD CORPORATION,             )
                                  )   **Date:** OCT 2 7 2008
19          Defendant.            )   **Time:** 8:30 A.M.
                                  )   **Judge: Hon. Alex R. Munson**
20 _____)

21                  **INTRODUCTION**

22      Plaintiff filed suit alleging the following claims: (1) breach of written contract; (2) breach of

23 oral contract; (3) fraudulent misrepresentation; (4) wrongful discharge; (5) quantum meruit; and

24

25                           - 1 -

(6) promissory estoppel.    World Corporation moves for summary judgment as to claim 3 for fraudulent misrepresentation.

Plaintiff alleges that the basis for his claim for fraudulent misrepresentation (Chung Deposition at p. 306-318) involved the failure of Defendant to perform on the alleged promises of the company.    However, nothing in the record shows an intent to mislead Plaintiff that the representations allegedly were not untrue at the time they were made.

This Court had previously denied Defendant's motion to dismiss the claims for fraudulent misrepresentation because the Plaintiff had not had an opportunity to depose Kyu Sang Cho.    The Court found that dismissal of the fraudulent misrepresentation claim is "inappropriate at this time because the parties have agreed to depose Mr. Kyu Sang Cho, a person that could provide important evidence on this claim."    The deposition of Mr. Cho took place in Korea on September 5-6, 2005.    No evidence was revealed that reasonable jury could believe shows the elements of fraudulent misrepresentation.    In fact evidence showing there was no such fraud was revealed.

## **ARGUMENT**

### I.  SUMMARY JUDGMENT IS APPROPRIATE WHEN THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND THE MOVANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

In a motion for summary judgment, "the movant has the initial burden of showing that no genuine issue of material fact exists," and the Court views the facts in a light most favorable to a non-moving party.  *Cabrera v. Heirs of De Castro*, 1 N.M.I. 172,176 (1990). However, if the moving party meets its initial burden and demonstrates, as a matter of law, that it is entitled to the relief requested, the burden shifts to the non-moving party to show a genuine dispute of material fact.  *Cabrera, Supra, at* 176.

## II.  AS A MATTER OF LAW, PLAINTIFF CANNOT PREVAIL ON HIS CLAIM FOR FRAUDULENT MISREPRESENTATION.

One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.  Restatement (Second) of Torts § 525 (1977); *Ada v. K. Sadhwani's, Inc.*, 3 N.M.I. 303 (1992).  A misrepresentation is fraudulent if the maker: (a) knows or believes that the matter is not as he represents it to be, (b) does not have the confidence in the accuracy of his representation that he states or implies, or (c) knows that he does not have the basis for his representation that he states or implies.  Restatement (Second) of Torts § 526 (1977); *Ada v. K. Sadhwani's, Inc.*, 3 N.M.I. 303 (1992).

Plaintiff will presumably allege some claimed factual dispute that would preclude this court from granting summary judgment.  However, the claim should be denied as a matter of law.  There is no evidence available in this case from which a reasonable jury could find for Plaintiff on this claim.   For example, the court in *Ben Van Heerden v. Total Petroleum, Inc.*, granted summary judgment in favor of the defendant under circumstances similar to those in our case.

> With respect to his claim for fraud, van Heerden alleges TPI "knew" it was not offering him a three-year position and "knew that its actions and statements regarding employment and salary were fraudulent." The allegations utterly fail to state a claim for fraud. If, as I have already concluded, TPI did not intend to offer van Heerden a three-year term of employment, TPI's "knowledge" that it did not intend to do so is not actionable. Even if TPI had offered van Heerden a three-year contract, there is nothing in the record to support an allegation that it knew the offer was false or fraudulent at the time it was made. At most, van Heerden's allegations support a claim for breach of contract.

942 F.Supp 468 (Dist. Colo. 1996).

1    Futhermore, the CNMI Supreme Court in *Benevente v. MPLC*, 2000 MP 13 held that the

2    Trial Court's finding of fraud was clear error, because since the alleged fraudulent promise was for

3    a future exchange of land, it could not be actionable.  The court found that:

4        To be actionable, the alleged false representation must relate to a past or
         existing material fact, not the occurrence of a future event. See *TSA Intern., Ltd. v.*
5        *Shimizu Corp.*, 990 P.2d 713 (Hawaii, 1999). Fraud cannot be predicated on
         statements which are promissory in nature, or which constitute expressions of intent.
6        An actionable representation cannot consist of mere broken promises, unfulfilled
         predictions or expectations, or erroneous conjectures as to future events. This is true
7        even if there is no excuse for failure to keep the promise, and even though a party
         acted in reliance on such promise. See *Stahl v. Balsara*, 587 P.2d 1210, 1213 (Hawaii,
8        1978). 2000 MP 13.

9        Clearly under CNMI law, plaintiff does not plead a valid cause of action for fraud.   The

10   alleged fraudulent promise of three years employment is precisely the type of claim prohibited

11   under *Benavente v. MPLC,* a promise of confirmed future employment.  Also, there is no evidence

12   that World Corporation offered Chung a three-year term of employment, and even if there was,

13   World Corporation's hypothetical "knowledge" that it did not intend to do so, as Chung claims, is

14   not actionable as a matter of law.  *Ben Van Heerden v. Total Petroleum, Inc.*  Rather, the record

15   shows no evidence of any sinister plot in this case.  There is no evidence that World Corporation

16   intended to avoid performance of any promises, if any were made.     There is not sufficient

17   evidence by which a reasonable jury could find in favor of the plaintiff on his claim for fraudulent

18   misrepresentation.

19   **III. THE DEPOSITION OF KYU SANG CHO FAILS TO SHOW ANY FACTUAL**
         **BASIS FOR WHICH A REASONABLE TRIER OF FACT COULD FIND FOR**
20       **THE PLAINTIFF.**

21       Even, assuming that Plaintiff could prevail on his claim as a matter of law, which he could

22   not in light of the authorities cited in *Section II* above, the evidentiary record is no better now that

23   it was before the deposition of Mr. Cho took place.

24

25                                              - 4 -

1        Plaintiff contends that Kyu Sang Cho "promised" him a three-year term of employment, but

2  the Plaintiff's claimed source of this promise is Exhibit A, which is contained in Exhibit B to

3  *Declaration of Matthew T. Gregory filed concurrently herewith.*  However, the deposition of Kyu

4  Sang Cho showed that he and World Corporation had no intention of forming a contract by Exhibit

5  A.  Deposition transcript p. 136, 148-154.    The record shows that Exhibit A was an internal

6  document and not a communication to the Plaintiff, let alone a communication made for the

7  purpose of inducing Plaintiff to act or to refrain from action in reliance upon it.  The deposition

8  also revealed that Mr. Cho intended to make Plaintiff a "regular employee" rather than a contract

9  employee with a specific term.  *Declaration of Matthew T. Gregory at Exhibit A, p. 136, 148-154.*

10  Rather than a three-year promise as alleged by Plaintiff, World Corporation sought to give him a

11  higher position as a "regular employee" after Plaintiff completed his one-year probation term.  *Id.*

12  Furthermore, the deposition also revealed that Mr. Cho agreed to transfer Plaintiff to Korea only

13  after personally meeting with the Plaintiff and getting his agreement.  *Declaration of Matthew T.*

14  *Gregory at Exhibit A, p. 164-167.*   There is no evidence showing any fraud or any intent to

15  defraud.

16        Plaintiff's only argument for fraudulent intent – which was previously advanced in his

17  opposition to Defendant's first motion for partial summary judgment – is that that the allegedly

18  short 5-month period between the alleged three-year promise and the Plaintiff's transfer make

19  Plaintiff suspicious of fraudulent intent. Memorandum in Opposition p. 18.    If this were the

20  standard, all fraud claims would go to the jury in employment cases, as Plaintiff will always claim

21  hidden fraudulent intent despite a clear record of intervening circumstances.    In this case, the

22  Court has heard evidence on these intervening matters in the prior motion for summary judgment.

1    The deposition of Mr. Cho further explained these reasons and is contained in *Declaration of*

2    *Matthew T. Gregory, Exhibit A*.

3    Accordingly, Defendant is entitled to summary judgment as to Plaintiff's claim for fraudulent

4    misrepresentation.

5                                   **CONCLUSION**

6    Now that discovery has been completed, Defendant's Motion for Partial Summary Judgment

7    should be granted.   Plaintiff has uncovered no evidence of fraud or fraudulent intent and no

8    reasonable trier could find for the Plaintiff on this claim.

9    Dated this 29th day of September, 2005.

11                              **MATTHEW T. GREGORY, ESQ.**
                               **LUJAN UNPINGCO AGUIGUI & PEREZ LLP**

14    By: _____
                     MATTHEW T. GREGORY, ESQ.
                     *Attorneys for World Corporation*

-6-

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT was by me or at my direction served on 9/29/2005, via hand delivery to:


      COLIN M. THOMPSON
      Attorney at Law
      Lower Base
      P.O. Box 501280
      Saipan, MP 96950


      ROBERT T. TORRES
      Attorney at Law
      1st Floor, D'Torres Building
      Middle Road Garapan
      P.O. Box 503758
      Saipan, MP 96950

      *Attorneys for Plaintiff*


MATTHEW T. GREGORY, ESQ.