MATTHEW T. GREGORY, ESQ.
Attorney at Law
Second Floor, V.S. Sablan Building
Chalan Piao
PMB 419, Box 10000
Saipan, MP 96950
Telephone: (670) 234-3972
Facsimile: (670) 234-3973

DAVID J. LUJAN, ESQ.
IGNACIO C. AGUIGUI, ESQ.
LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-8064/5
Facsimile: (671) 477-5297

*Attorneys for Defendant World Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>　　　　Defendant. | CIVIL CASE NO. **04-00001**<br><br>WORLD CORPORATION'S BRIEF PURSUANT TO LOCAL RULE 16.7CJ(e)(7)(1)<br><br>Date: October 31, 2005<br>Time: 9:00 a.m.<br>Judge: Hon. Alex R. Munson |

I.  INTRODUCTION

The plaintiff filed his complaint in this case on January 7, 2004. World Corporation filed its answer and affirmative defenses on January 30, 2004.

Federal jurisdiction is alleged to be based on diversity. World Corporation has challenged the exercise of federal jurisdiction in this case, and reserves it right to raise this issue on appeal.

In the complaint, the plaintiff originally asserted eight claims for relief: (1) "breach of written contract"; (2) "breach of oral contract"; (3) "fraudulent misrepresentation"; (4) "wrongful discharge"; (5) "intentional...infliction of emotional distress"; (6) "negligent infliction of emotional distress" (6) "quantum merit [sic]"; and (7) "promissory estoppel." This Court dismissed plaintiff's fifth and sixth claims (intentional and negligent infliction of emotional distress) with prejudice in its Order of June 22, 2005. Thus, the plaintiff will proceed at trial with the remaining six claims for relief. Brief summaries of the law governing plaintiff's remaining claims are set forth below. Plaintiff has also prayed for the award of general damages as well as punitive damages. World Corporation provides a summary of the applicable law governing punitive damages, along with the standard of proof applicable thereto.

II.  SUMMARY OF PLAINTIFF'S CLAIMS

Brief summaries of the law governing plaintiff's remaining claims are set forth below.

A.  Breach of Written and Oral Contract

The law of governing the formation of contracts, breaches thereof, remedies for breaches, and defenses to formation and enforcement are contained in the Restatement (Second) of Contracts.

B.  Fraudulent Misrepresentation

One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation. *Restatement (Second) of Torts* § 525 (1977); *Ada v. K. Sadhwani's, Inc.*, 3 N.M.I. 303 (1992). A misrepresentation is fraudulent if the maker: (a) knows or believes that the

matter is not as he represents it to be, (b) does not have the confidence in the accuracy of his representation that he states or implies, or (c) knows that he does not have the basis for his representation that he states or implies. *Restatement (Second) of Torts* § 526 (1977); *Ada v. K. Sadhwani's, Inc.*, 3 N.M.I. 303 (1992). Other provisions regarding fraudulent misrepresentation are found in the corresponding sections of the Restatement.

As previously stated in Defendant's filings, it is Defendant's position that Plaintiff cannot prevail as matter of law on his claim as alleged. *See, e.g., Ben Van Heerden v. Total Petroleum, Inc.*, 942 F.Supp 468 (D. Colo. 1996). Although this Court rejected Defendant's argument previously, Defendant respectfully disagrees with the Court's conclusions. The CNMI Supreme Court in *Benavente v. MPLC*, 2000 MP 13 held that the trial court's finding of fraud was clear error. Because the alleged fraudulent promise was for a future exchange of land, it could not be actionable. The court found that:

> To be actionable, the alleged false representation must relate to a past or existing material fact, not the occurrence of a future event. See *TSA Intern., Ltd. v. Shimizu Corp.*, 990 P.2d 713 (Hawaii, 1999). Fraud cannot be predicated on statements which are promissory in nature, or which constitute expressions of intent. An actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events. This is true even if there is no excuse for failure to keep the promise, and even though a party acted in reliance on such promise. See *Stahl v. Balsara*, 587 P.2d 1210, 1213 (Hawaii, 1978).
> 2000 MP 13.

Accordingly, under CNMI case law, plaintiff does not plead a valid cause of action for fraud. The alleged fraudulent promise of three years of employment is precisely the type of claim prohibited under *Benavente v. MPLC.* .

C.   **Wrongful Discharge**

The plaintiff alleges that he is entitled to recover under a claim for wrongful discharge because World Corporation allegedly breached an implied covenant of good faith and fair dealing "by interfering with and/or failing to cooperate with Mr. Chung and by terminating plaintiff's employment despite plaintiff's good faith." (Comp. ¶ 36.) The CNMI Courts recognize claims for wrongful discharge upon breach of an "implied-in-law covenant of good faith and fair dealing

in employment contract." *Shiprit v. STS Enterprises,* slip op. at 4, CNMI Superior Court Civil Case No. 99-0490 (1999). However, as the Superior Court noted in *Shiprit*:

> [T]he covenant of good faith is read into contracts to protect the *express* covenant or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes. As such the implied covenant of good faith and fair dealing cannot be invoked to contradict an *express* covenant of the contract.... The covenant of good faith and fair dealing "does not protect the employee from a 'no cause' termination [if] tenure was never a benefit inherent in the at-will agreement.

Id. at 7-8.

Thus, here Plaintiff can prevail on his wrongful discharge claim only if he can show that there was an enforceable employment contract to begin with. *Id.* at 8 (the "implied-in-law covenant of good faith and fair dealing protects the right of the parties to receive the benefits of *the agreement that they have entered into*" (emphasis added)). If he cannot show there was an agreement, there he cannot prevail on his wrongful discharge claim. Assuming there is an enforceable agreement, he must furthermore prove the existence of some express covenant as part of the agreement. As made apparent by the claim itself, he must also show there was an actual discharge or termination. *Id.* at 7-8. Finally, he must show how his termination violated the implied-in-law covenant of good faith and fair dealing in derogation of the express terms of the agreement.

The plaintiff has attempted to sidestep his pleadings and claim that his wrongful discharge claim involves wrongful termination in violation of public policy. *See Pl's Cross-Motion for Summary Judgment.* However, because this particular claim is not alleged in the complaint, the plaintiff should not be allowed to prevail thereon. The plaintiff should only be allowed to proceed at trial with his claims *as alleged in the complaint.*

D.  **Quantum Meruit**

"In the absence of an enforceable contracts, courts generally allow recovery in quasi-contract or quantum meruit when one party has conferred a benefit on the other and that, under the circumstances, to deny such recovery would be unjust." *In re Estate of Merur,* slip op. at 4,

CNMI Superior Court Civil Case No. 97-1257 (2000).  This type of claim would entitle "the performing party to recoup the reasonable value of services rendered when the circumstances are such that to deny recovery would be unjust." *Id.* at 6; *see Restatement (Second) of Contracts* §§ 370 *et seq.*

### E.  Promissory Estoppel

Under § 90 of the Restatement of Contracts, "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoid only by enforcement of the promise.  The remedy granted for breach may be limited as justice requires." *Restatement (Second) of Contracts* § 90.

## III.  PUNITIVE DAMAGES

### A.  The Elements

The Plaintiff prays for an award of "punitive damages in an amount within the discretion of the trier of fact." (Compl. at 9.)  "Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future." Restatement (Second) of Torts § 902(1).  They "*may* be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Id.* § 902(2) (emphasis added).  "In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant cause or intended to cause and the wealth of the defendant." *Id.*  Punitive damages are awarded only for tort claims; they are not permitted merely for a breach of contract claims in which a plaintiff does not have the right, in the alternative, to sue for a breach of contract or for a tort. *Id.*, cmt b.  In other word, the "breaching party's action must not only be a breach of contract, but must also amount to an independent, intentional tort. *Pangelinan v. Itaman,* 4 N.M.I. 114, 119 (1994).

As noted in the restatement, punitive damages requires a finding of "outrageous" conduct "because of the defendant's evil motive or his reckless indifference to the rights of others." However, even if such outrageousness is found to be present, the award of punitive damages is

discretionary with the trier of fact. Id. § 902(2) (punitive damages "*may* be awarded for conduct that is outrageous...." (emphasis added)); *Tuttle v. Raymond,* 494 A.2d 1353, 1359 (Me. 1985) (an award of punitive damages is "within the *sound* discretion of the fact finder").

**B.    The Standard of Proof**

Although the CNMI Supreme Court has held that a plaintiff must prove fraudulent deceit by clear and convincing evidence,[1] the Court has yet to decide, as a matter of law, what standard of proof the plaintiff must meet in order to obtain an award of punitive damages in such cases.[2] In the absence of such precedent, this Court must "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland,* 915 F.2d 1236, 1239 (9th Cir. 1990).

A growing majority of states requires that punitive damages be awarded only upon a showing of clear and convincing evidence. Many states, such as California,[3] Alaska, Minnesota, Nevada, Oregon, and Montana, have adopted a clear and convincing standard by statute. *See generally Owens-Illinois, Inc. v. Zenobia,* 601 A.2d 633, 656 (Md. Ct. App. 1992) (citing various

---

[1] *Pangelinan v. Itaman,* 4 N.M.I. 114, 120 n.33 ("the trier of fact determines whether fraud has been proved by clear and convincing evidence").

[2] In *Jasper v. Quitugua,* 5 N.M.I. 220, 1999 WL 33595874 (1999), the trial court gave jury instructions regarding punitive damages. The instructions were purportedly based on the California BAJI Instructions, and indicated that the standard of proof was a preponderance of the evidence. On appeal, the CNMI Supreme Court only observed that the instruction was not "inconsistent" with the Restatement rule because the Restatement did not articulate a burden of proof. However, the Court did not resolve the issue as a matter of law. Notably, California law presently requires that punitive damages be proved not by a preponderance of the evidence, but by *clear and convincing evidence*. Cal. Civ. Code § 3294(a); *Tannehill v. Finch,* 188 Cal.App.3d 224 (1986). *Jasper v. Quitugua* was preceded five years earlier by *Santos v. Nansay Micronesia, Inc.,* 4 N.M.I. 155 (1994). In *Santos* the CNMI Supreme Court, although concluding that the amount of punitive damages awarded at the trial court level was based on substantial evidence, still failed to directly resolve the issue of what standard of proof applies to the award of punitive damages. Indeed, the substantial evidence standard of review utilized on appeal, is consistent with a clear and convincing evidentiary standard at the trial court level.

[3] California, by statute, allows punitive damages "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

*Page 5*

state statutes). At least one state, Colorado, requires proof beyond a reasonable doubt. *Id.* n.26. Other states, such as Hawaii,[4] Arizona,[5] and Maine,[6] have adopted the clear and convincing standard by judicial decisions. *Id.* at 656. The rationale behind requiring a standard higher than the preponderance standard was articulated by the Hawaii Supreme Court in *Masaki*:

> [P]unitive damages are a form of punishment and can stigmatize the defendant in much the same way as a criminal conviction. It is because of the penal character of punitive damages that a standard of proof more akin to that required in criminal trials is appropriate, rather than the preponderance of the evidence standard generally employed in trials of civil actions. A more stringent standard of proof will assure that punitive damages are properly awarded. For "although punitive damages serve an important function in our legal system, they can be onerous when loosely assessed."

780 P.2d at 575 (internal citations omitted). *See also Pacific Mutual Life Ins. Co. v. Haslip*, 499, U.S. 1 (O'Connor, J., dissenting) ("there is a stigma attached to an award of punitive damages that does not accompany a purely compensatory award. The punitive character of punitive damages means that there is more than just money at stake").

Accordingly, if the issue were to be presented before the CNMI Supreme Court, the Court would likely follow the growing majority of jurisdictions that have adopted the clear and convincing standard. Hence, this Court should allow the clear and convincing standard to be applied to the issue of punitive damages in this case.

IV. **ATTORNEY'S FEES**

Under the so-called "American Rule," attorney fees ordinarily are not taxable as costs against the losing party; nor are they directly recoverable as an element of damages. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Furthermore, none of the narrow exceptions to the American Rule applies, such as the existence of a contractual or statutory provision providing for

---

[4] *Masaki v. General Motors Cop.*, 780 P.2d 566, 575 (Haw. 1989).

[5] *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 681 (Ariz. 1986).

[6] *Tuttle v. Raymond*, 494 A.2d at 1363.

the recovery of fees, or extreme factors justifying exercise of the court's inherent equitable power. *See generally* The Rutter Group, *Fed. Civ. Trials & Evid.* § 19:251. Accordingly, although plaintiff prays for an award of attorney's fees in his complaint (Comp. at 9), he is not entitled to such an award in the event he prevails.

**RESPECTFULLY SUBMITTED** this 17th day of October, 2005.

**MATTHEW T. GREGORY, ESQ.**
**LUJAN UNPINGCO AGUIGUI & PEREZ LLP**

By: _____
    MATTHEW T. GREGORY, ESQ.
    *Attorneys for World Corporation*