MATTHEW T. GREGORY
**Attorney at Law**
Second Floor, V.S. Sablan Building
Chalan Piao
PMB 419, Box 10000
Saipan MP 96950
Telephone: (670) 234 3972
Facsimile: (670) 234 3973

DAVID J. LUJAN
IGNACIO C. AGUIGUI
LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP
**Attorneys At Law**
Suite 300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-8064/5
Facsimile: (671) 477-5297

*Attorneys for World Corporation*

FILED
Clerk
District Court

OCT 17 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. **04-00001** |
| Plaintiff, | **MOTIONS IN LIMINE** |
| vs. | Date: October 21, 2005 |
| | Time: 10:00 a.m. |
| WORLD CORPORATION, | Judge: Hon. Alex R. Munson |
| Defendant. | |

Defendant files this motions in limine and respectfully moves the court as follows:

To instruct Plaintiff and Plaintiff's attorneys not to mention, refer to, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case,

- 1 -

interrogation of witnesses, argument, objections before the jury, or in any other manner, any of the matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters. To instruct Plaintiff's counsel to inform Plaintiff and all witnesses called by Defendant not to mention in the presence or hearing of the jury any of the below-enumerated matters, unless and until specifically permitted to do so by ruling of the court.

To instruct counsel for Plaintiff that the failure to abide by such order of the court may constitute contempt of court.

This motion is made on the ground that violation of any or all of these instructions would cause great harm to Defendant's cause and would deprive Defendant of a fair and impartial trial.

Counsel for Plaintiff, Plaintiff, and all witnesses will refrain from referring to or mentioning that:

1.   There may or may not have been any efforts or negotiations between Plaintiff and Defendant to settle this cause of action.

2.   Defendant may have other unrelated prior or subsequent claims, suits, or settlements, for the reason that such claims, suits or settlements would not be in any way material or relevant to this cause or to Plaintiff's claims. In particular, Plaintiff's counsel represents a Mr. Rankin in a threatened lawsuit against World relating to a lost portfolio of art prints and World believes that this suit will be filed just prior to the trial in this case to prejudice the jury, or will be brought up at trial to improperly prejudice the jury as Mr. Rankin is allegedly suffering from cancer.

3.   The alleged employment of two contract workers named Rogelio Cada and "Journie" whom Plaintiff has alleged to be illegal employees prior to Plaintiff's arrival on Saipan. However,

such information is not relevant to any of the allegations of the complaint, except as an attempt to prejudice the jury.

4. Defendant World moves this court for an order excluding Plaintiff's expert, Joon Hwan Park, from offering expert testimony regarding the damages alleged by Plaintiff. This motion is made on the grounds that Joon Hwan Park is not qualified as an expert to testify with respect to a calculation of damages because he lacks the requisite knowledge, skill, experience, training, or education in order to testify as an expert witness and that allowing this testimony would violate Rule 26 of the Federal Rules of Civil Procedure.

5. Saipan Article of Incorporation check list Bate stamped 255-256 of Plaintiff's Trial Exhibits.

6. Any references to Korean Foreign Investment Law or violation thereof.

7. Any reference to shares owned by Mr. Bu-Hyun Lee as the product of any improper act.

8. Any reference to the Pau Pau project of World Resort that was not completed.

9. Any reference to the amount of Plaintiff's attorney's fees.

10. Any reference to the discovery sanction imposed on World Corporation.

11. Two pictures of individuals moving items out of a container and Bate stamped as 331-332 of Plaintiff's Trial Exhibits.

Dated this 17th day of October, 2005.

MATTHEW T. GREGORY, ESQ.
LUJAN UNPINGCO AGUIGUI & PEREZ LLP

By: _____
MATTHEW T. GREGORY, ESQ.
*Attorneys for World Corporation*

- 3 -