MATTHEW T. GREGORY
Attorney at Law
Second Floor, V.S. Sablan Building
Chalan Piao
PMB 419, Box 10000
Saipan MP 96950
Telephone: (670) 234 3972
Facsimile: (670) 234 3973


DAVID J. LUJAN
IGNACIO C. AGUIGUI
LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP
Attorneys At Law
Suite 300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-8064/5
Facsimile: (671) 477-5297

*Attorneys for World Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. **04-00001** |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS IN LIMINE** |
| vs. | |
| WORLD CORPORATION, | Date: October 21, 2005 |
| Defendant. | Time: 10:00 a.m. |
| | Judge: Hon. Alex R. Munson |

## INTRODUCTION

Defendant has moved for the exclusion of several documents and types of testimony as follows:

- 1 -

1.  There may or may not have been any efforts or negotiations between Plaintiff and Defendant to settle this cause of action.

2.  Defendant may have other unrelated prior or subsequent claims, suits, or settlements, for the reason that such claims, suits or settlements would not be in any way material or relevant to this cause or to Plaintiff's claims. In particular, Plaintiff's counsel represents a Mr. Rankin in a threatened lawsuit against World relating to a lost portfolio of art prints. World believes that this suit will be filed just prior to the trial in this case to prejudice the jury, or will be brought up at trial to improperly prejudice the jury as Mr. Rankin is allegedly suffering from cancer.

3.  The alleged employment of two contract workers named Rogelio Cada and "Journie" whom Plaintiff has alleged to be illegal employees prior to Plaintiff's arrival on Saipan. However, such information is not relevant to any of the allegations of the complaint, except as an attempt to prejudice the jury.

4.  Defendant World moves this court for an order excluding Plaintiff's expert, Joon Hwan Park, from offering expert testimony regarding the damages alleged by Plaintiff. This motion is made on the grounds that Joon Hwan Park is not qualified as an expert to testify with respect to a calculation of damages because he lacks the requisite knowledge, skill, experience, training, or education in order to testify as an expert witness and that allowing this testimony would violate Rule 26 of the Federal Rules of Civil Procedure.

5.  Saipan Article of Incorporation check list Bate stamped 255-256 of Plaintiff's Trial Exhibits.

6.  Any references to Korean Foreign Investment Law or violation thereof.

7.  Any reference to shares owned by Mr. Bu-Hyun Lee as the product of any improper act.

8. Any reference to the Pau Pau project of World Resort that was not completed.

9. Any reference to the amount of Plaintiff's attorney's fees.

10. Any reference to the discovery sanction imposed on World Corporation.

11. Two pictures of individuals moving items out of a container and Bate stamped as 331-332 of Plaintiff's Trial Exhibits.

## ARGUMENT

### I. PLAINTIFF'S EXPERT, MR. JOON HWAN PARK SHOULD BE EXCLUDED FROM TESTIFYING FOR FAILURE TO PROVIDE AN ADEQUATE REPORT AND FOR LACK OF QUALIFICATIONS.

The Federal Rules provide that a party wishing to call an expert witness at trial must "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed. R. Civ. P. 26(a)(2)(B).

Thus, the report must include six things:

1. a "complete statement of all opinions to be expressed and the basis and reasons therefore";

2. all "data or other information" that the expert has "considered" in forming his or her opinions;

3. any exhibits to be used as a summary or support for the opinions;

4. the qualifications of the witness, including a list of all publications authored in the last ten years;

- 3 -

5. the compensation to be paid for "the study and the testimony"; and

6. a "listing" of any other "cases" in which the witness has testified *as an expert* "at trial or by deposition" within the previous four years.

In this case, items no. 2 and 4 were not provided. None of the statistics or evidence the report uses has been disclosed. For example page 2 of the report indicates certain statistics for occupancy of hotels yet does not disclose the source of these statistics. In addition, the report fails to disclose the compensation provided to the expert. Plaintiff has also failed to include the report as one of its trial exhibits. As such, it is appropriate for this court to bar his testimony.

In addition, Joon Hwan Park lacks the customary experience such as that of an economist in order to offer damage calculations into evidence. Defendant is unaware of any prior precedent in this jurisdiction for a "hotel expert" testifying on the possible lost income of the Plaintiff. Plaintiff should call an economist for such testimony. Such witness testimony would not assist the jury in deciding any issue in this case and thus, violates Rule 702 of the Federal Rules of Evidence.

## II. ANY REFERENCE TO ATTORNEY'S FEES SHOULD BE PROHIBITED.

Plaintiff's complaint does not articulate a legal basis for an award of attorney's fees, yet the complaint contains a prayer for said fees. Absent a statutory basis that was well pled in the complaint, any mention of fees would be improper and irrelevant. Furthermore, it would violate Rule 403 of the Federal Rules of Civil Procedure in that the mention of such fees is not probative of any claim in this case while discussing these matters would prejudice the jury by arousing pity for the Plaintiff for incurring such expense.

### III. ANY REFERENCE TO ATTORNEY'S FEES SHOULD BE PROHIBITED.

Throughout the settlement conferences in this case, Plaintiff has referenced settlement discussions taking place prior to the filing of suit. Such discussions are inadmissible under Rule 408 of the Federal Rules of Civil Procedure.

### IV. ALLEGATIONS OF PRIOR BAD ACTS SHOULD BE BARRED.

Throughout discovery in this case, Plaintiff has sought questioning of prior business dealings of the Defendant in an obvious attempt to utilize such evidence to prejudice the jury. The items Defendant seeks to exclude for violation of Federal Rules of Evidence, Rule 608 are items no. 2-3 and 5-8 of the items sought to be excluded. While it is difficult to determine how these and other matters will be presented, it is certain that Plaintiff will attempt to utilize evidence it claims show a violation of the Korean Foreign Investment law. The documents Bate stamped as 255-256 of Plaintiff's Trial Exhibits show this strategy. The translation of this document also reveals that Plaintiff intends to use this document to show fraud by Mr. Lee Bu Hyun and by extension to World Resort. In addition, Plaintiff has sought information in several depositions and in written discovery about Mr. Cada and Journie. Plaintiff has suggested that these individuals were illegally hired prior to Plaintiff's arrival on Saipan.

Such evidence is bared by Rule 608. Plaintiff should not be allowed to sling mud about irrelevant matters to try to show that World is "bad." Likewise, this document reveals an allegation that the "Korean Foreign Investment Law" have been violated. Plaintiff has not notified the parties that an issue of foreign law would be at issue in this case. These issues are irrelevant to an employment case.

Likewise, Plaintiff spent a good deal of attention on Defendant's prior plans to build a hotel at Pau Pau. This has no conceivable relevance except to prejudice the jury against World for failing to complete the project and having terminated a lease of public land.

### V. THE PICTURES LISTED AS BATE STAMPED DOCUMENTS 331-332 SHOULD BE EXCLUDED BECAUSE PLAINTIFF FAILED TO DISCLOSE THESE DOCUMENTS.

Defendant is unaware of the purpose the two pictures of individual moving items out of a shipping container. However, said documents were not provided to Defendant in discovery and must therefore, be barred.

### CONCLUSION

For the foregoing reasons, Defendant's motions in limine should be granted.

Dated this 17th day of October, 2005.

MATTHEW T. GREGORY, ESQ.
LUJAN UNPINGCO AGUIGUI & PEREZ LLP

By: _____
MATTHEW T. GREGORY, ESQ.
*Attorneys for World Corporation*