FILED
Clerk
District Court

OCT 21 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>Defendant. | Case No. CV-04-0001<br><br>NOTICE OF ORDER ON<br>DEFENDANT'S IN LIMINE MOTIONS |

THIS MATTER came before the court on Friday, October 21, 2005, for hearing of defendant's eleven motions in limine. Plaintiff appeared personally and by and through his attorneys, Colin Thompson and Robert T. Torres; defendant appeared personally and by and through its attorneys, Matthew Gregory, David J. Lujan (via telephone), and Ignacio C. Aguigui (via telephone).

THE COURT, having fully considered the written arguments of the defendant and the oral arguments of the defendant and plaintiff, ruled as follows.

### I. Reference to Evidence of Settlement or Offers of Settlement

The defendant moved the court to exclude any reference to any efforts or negotiations between plaintiff and defendant to settle this cause of action. According to Federal Rule of Evidence 408, neither party may refer to any evidence of settlements or offers of settlement. Thus, the court, without objection from the plaintiff, granted the defendant's motion to exclude reference to any evidence of settlement or offers of settlement.

//
//
//

## II. Reference to Mr. Rankin's Threatened Lawsuit Against World Corporation

Next, defendant moved the court to exclude any reference to an alleged threatened lawsuit by Mr. Rankin relating to a lost portfolio of art prints. The court, without objection from plaintiff, granted defendant's motion to exclude any reference to Mr. Rankin's threatened lawsuit against World Corporation.

## III. Reference to Alleged Employment of Two Contract Workers

The court considered defendant's motion to exclude evidence relating to an alleged employment of two contract workers named Rogelio Cada and "Journie." With objection by plaintiff and with insufficient information for the court to rule on this motion, the court reserved ruling on this issue.

## IV. Admissibility of Testimony of Plaintiff's Expert

Defendant also moved the court to exclude plaintiff's witness, Mr. Joon Hwan Park, from offering expert testimony regarding damages alleged by plaintiff for plaintiff's failure to provide an adequate report in violation of Federal Rule of Civil Procedure 26(a)(2) and for lack of qualifications based on Federal Rule of Evidence 702. With objection by plaintiff and with insufficient information for the court to rule on this motion, the court reserved ruling on this issue.

## V. Saipan Article of Incorporation check list Bates stamped 255-256

Defendant moved the court to exclude any reference to the Saipan Article of Incorporation check list Bates stamped 255 and 256 of plaintiffs trial exhibits. With objection by plaintiff and with insufficient information for the court to rule on this motion, the court reserved ruling on this issue.

//
//
//

### VI. Reference to Korean Foreign Investment Law

Defendant then moved the court to exclude any reference to the Korean Foreign Investment Law or violation thereof. Without objection by plaintiff, the court granted the motion with limitation that, should defendant open the door, plaintiffs may make a reference to said law.

### VII. Reference to Mr. Bu-Hyun Lee's Shares

Defendant moved the court to exclude any reference to shares owned by Mr. Bu-Hyun Lee. With objection by plaintiff and with insufficient information for the court to rule on this motion, the court reserved ruling on this issue.

### VIII. Reference to World Resort's Pau Pau Project

In addition, defendant moved the court to exclude any reference to World Resort's Pau Pau project. With objection by plaintiff and with insufficient information for the court to rule on this motion, the court reserved ruling on this issue.

### IX. Reference to Plaintiff's Attorney Fees

Defendant also moved the court to exclude any reference to the amount of plaintiff's attorney fees. In response, the court, without objection from the plaintiff, granted the defendant's motion to exclude reference to the amount of any party's attorney fees.

### X. Reference to Discovery Sanctions Imposed on World Corporation

Defendant moved the court to exclude any reference to the discovery sanction imposed on World Corporation. Under Federal Rule of Evidence 403, the probative value of World Corporation's discovery sanctions is substantially outweighed by the danger of unfair prejudice. Without objection by plaintiff, the court, under Federal Rule of Evidence 403, granted defendant's motion to exclude any reference to discovery sanctions imposed on World Corporation.

### XI. Use of Two Pictures Bates Stamped 331 and 332

Finally, defendant moved the court to exclude two pictures of individuals moving items out of a container. These pictures are Bates Stamped 331 and 332. With objection by plaintiff and with insufficient information for the court to rule on this motion, the court reserved ruling on this issue.

IT WAS SO ORDERED.

DATED this 21st day of October, 2005.

*/s/ Alex R. Munson*

ALEX R. MUNSON
Judge