COLIN M. THOMPSON, ESQ.
The Law Offices of Colin M. Thompson
PMB 917 Box 10001
2nd Floor JET Building
Middle Road, Saipan, MP  96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

FILED
Clerk
District Court

OCT 21 2005

For The Northern Mariana Islands
By_____
       (Deputy Clerk)

*Attorney for Plaintiff*

IN THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. 04-00001 |
| Plaintiff, | OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE |
| vs. | |
| WORLD CORPORATION, a CNMI Corporation. | Trial: October 31, 2005 Time: 9:00 a.m. |
| Defendant. | Judge: Hon. Alex R. Munson |

I.

INTRODUCTION

This matter came before the Court on October 21, 2005. After considering the written arguments of the defendant and the oral arguments of the parties, the Court entered an order dated October 21, 2005. The Court reserved ruling on six of the eleven issues raised by defendant in their

1

motions in limine. Plaintiff submits that the court should deny defendant's motions on the six issues reserved and decide on the admissibility of the evidence at trial.

## II

## ARGUMENT

With respect to issues 3, 5, 8 and 11 as set forth in the Court's order, Plaintiff submits that these issues are admissible pursuant to Federal Rules of Evidence, Rule 404(b). That rule provides:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.
> *USCS Fed Rules Evid R 404*

The following annotations to rule 404(b) support the conclusion that this Court should deny defendant's motions in limine on these four issues and reserve decision about the admissibility of the identified evidence until time of trial.

Rationale for "intent" exception under Rule 404(b) is that juries should be allowed to make logical inference that successive similar occurrences are not product of chance or abnormality, but of intentional design. <u>United States v Kirk (1976, CA5 Tex) 528 F2d 1057.</u>

Admission of other act evidence to prove knowledge is premised on hypothesis that it is unlikely that repetitive involvement in criminal conduct will leave defendant oblivious to character of acts in question. <u>United States v Estabrook (1985, CA8 SD) 774 F2d 284, 19 Fed Rules Evid Serv 965.</u>

Evidence of franchisor's misrepresentations toward five former landlords similar to those alleged in instant case was admissible for purpose of showing defendant's intent, in breach of contract and fraud arising out of franchisor's negotiation of lease with plaintiffs, as was evidence that 12 former and present landlords held unpaid judgments against franchisor's leasing companies. Jannotta v Subway Sandwich Shops, Inc. (1997, CA7 Ill) 125 F3d 503, 47 Fed Rules Evid Serv 1061.

Court properly allows expert testimony as to defendant corporation's acquisition of company under Rule 404, where testimony is offered to prove motive on part of corporation to acquire small companies and defeat interests of company's' former owners and managers, and where court instructs jury that testimony is relevant only to prove motive, intent, plan, or scheme of corporation to act as it did in present case and that jury was not to give testimony any weight unless it first determined that it was more probable than not that corporation had acted as expert testified. Detrick v Eaton Corp. (1983, ND Cal) 13 Fed Rules Evid Serv 503.

Under Rule 404(b), evidence of fraud defendant's practice of luring patients into unwarranted surgery several years earlier was relevant to prove intent and context of current fraud charges, which were based on same type of conduct. United States v Daniels (2000, DC Kan) 117 F Supp 2d 1040.

With respect to issue number four, the court properly ruled to reserve its decision on the admissibility of Plaintiff's expert. Under rule 702 of the Federal Rules of Evidence, expert opinion is admissible if determined by the court to be helpful to the jury. The court must make a preliminary determination under Rule 104 of the Federal Rules of Evidence about the admissibility of Plaintiff's expert testimony. There is no basis for excluding the testimony in limine.

With respect to issue eleven, the defendant failed to demonstrate that these photographs were required to be produced in discovery or that they were even requested. Furthermore, defendant can

show no surprise of prejudice in the admission of these photographs. Plaintiff will establish a foundation for the admissibility of these exhibits at the trial.

### III

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny denfendant's motions in limine.

Dated this 22ST day of October 2005.

**COLIN M. THOMPSON**
Attorney for Plaintiff