F I L E D
Clerk
District Court

OCT 24 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| YU SUK CHUNG,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>Defendant. | Case No. CV-04-0001<br><br>ORDER ON DEFENDANT'S<br>MOTIONS IN LIMINE |

THIS MATTER came before the court on Friday, October 21, 2005, for hearing of defendant's eleven motions *in limine*. Plaintiff appeared personally and by and through his attorneys, Colin Thompson and Robert T. Torres; defendant appeared personally and by and through its attorneys, Matthew Gregory, David J. Lujan (via telephone), and Ignacio C. Aguigui (via telephone). At the hearing, the court granted several of defendant's motions and reserved ruling on the remainder of defendant's motions, as summarized in the Notice of Order on Defendant's In Limine Motions dated October 21, 2005.

THE COURT, having fully considered the written and oral arguments of the parties, now grants defendant's motion to exclude plaintiff's expert witness, Mr. Joon Hwan Park.[1]

Federal Rule of Civil Procedure 26(a)(2) requires that the proponent of expert testimony make certain specific disclosures ("Rule 26(a)(2) disclosures" or "pretrial expert's report") at least 90 days before trial unless the court directs or the parties stipulate otherwise. The Local Rules of the United States District Court for the Northern Mariana Islands ("Local Rules") direct the parties to

---

[1] The court, lacking sufficient information, still reserves ruling on defendant's *in limine* motions 3, 5, 7, 8, and 11 until an objection is made during trial.

make Rule 26(a) disclosures "not less than fourteen (14) days prior to the date set for the Case Management Conference . . . ." LR 16.2CJ.d (2004). The pretrial expert's report must be in writing, signed by the witness, and include the following information:

1. "[A] complete statement of all opinions to be expressed and the basis and reasons therefor;"

2. "[T]he data or other information considered by the witness in forming the opinions;"

3. "[A]ny exhibits to be used as a summary of or support for the opinions;"

4. "[T]he qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;"

5. "[T]he compensation to be paid for the study and testimony; and"

6. "[A] listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

Defendant asserts that plaintiff has not complied with Rule 26(a)(2) disclosures. Plaintiff does not dispute that assertion. Accordingly, the court, considering the statement of defendant's attorney, Mr. Matthew T. Gregory, as an officer of the court, and Mr. Gregory's Federal Rule of Civil Procedure 11 certification, accepts that plaintiff has not complied with Rule 26(a)(2) disclosures. See Fed. R. Civ. P. 11 (Every written motion, signed by an attorney of record, is a certification "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support[.]").

Where plaintiff fails to comply with Rule 26(a)(2), it is plaintiff's burden to show that his failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff has not made any justification for failing to make Rule 26(a)(2) disclosures. Furthermore, plaintiff has not made any argument that such failure was harmless. Where a pretrial expert's report is not provided to the opposing party, such as happened here, the opposing party does not have a reasonable opportunity to depose the expert witness, to effectively cross examine the expert witness, or to

arrange for expert testimony from other witnesses. See Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993) (The disclosure requirements under Rule 26 recognize that the pretrial expert's report must be disclosed "sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony of other witnesses."). Thus, the failure to disclose under Rule 26(a) is not harmless, and the court must grant defendant's motion to exclude plaintiff's expert witness, Mr. Joon Hwan Park. See Fed. R. Civ. Pro. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.").

Even had plaintiff made a proper 26(a)(2) disclosure, the court would not find that Mr. Joon Hwan Park is qualified to testify in the matters of plaintiff's income loss. The court has broad discretion to determine whether the expert witness is qualified. Fed. R. Evid. 104(a) & 702; Salem v. United States Lines Co., 370 U.S. 31, 35 (1962). The proponent of expert testimony bears the burden of establishing by a preponderance of proof that the witness qualifies as an expert. Bourjaily v. United States, 483 U.S. 171, 172 (1987). "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." Carroll v. Otis Elevator Co., 896 F.2d 210, 212 (7th Cir. 1990).

Here, Mr. Joon Hwan Park has several years of experience in the hotel business, a post-graduate diploma in hotel management, and countless certifications in specific hotel and hospitality services, but the subject matter of his testimony would be on plaintiff's income loss. While he may be a hotel expert, Mr. Joon Hwan Park does not have the knowledge, skill, experience, or education

//
//
//
//

to testify on matters of income loss. Thus, Mr. Joon Hwan Park does not qualify as an expert on plaintiff's income loss.

IT IS SO ORDERED.

DATED this 24th day of October, 2005.

*[signature]*

ALEX R. MUNSON
Judge

4