Clerk
District Court

OCT 2 6 2005

For The Northern Mariana Islands
By_____
         (Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE

# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | ) Civil Action No. 04-00001 |
| | ) |
| Plaintiff, | ) JOINTLY PREPARED |
| vs. | ) FINAL PRE-TRIAL ORDER |
| | ) |
| WORLD CORPORATION, | ) Trial Date: October 31, 2005 |
| | ) Time: 9:00 a.m. |
| Defendant. | ) Judge: Hon. Alex R. Munson |
| | ) |

A.  The Trial Date

The parties agree that the trial shall begin on October 31, 2005 at 9:00 a.m.

B.  Stipulated and Uncontroverted Facts

The following are the stipulated and uncontroverted facts:

   1.   World Corporation is a CNMI Corporation.

   2.   In 1990 World Corporation was incorporated under the laws of the CNMI.

   3.   World Construction is a Korean Corporation.

   4.   World Construction is not a registered foreign corporation in the CNMI.

   5.   World Construction owns 100% of the stock in World Corporation.

   6.   Yu Suk Chung is a Korean Citizen.

C.  Issues for Trial

Plaintiff contends that the issues for trial are as follows:

1. Whether Mr. Chung and World Corporation entered into a contract.
2. What were the terms of the contract between Mr. Chung and World Corporation?
3. Did World Corporation breach the contract?
4. Was Mr. Chung damaged by World Corporation's breach of contract?
5. What were Mr. Chung's damages caused by World Corporation's breach of contract?
6. Did World Corporation fraudulently induce Mr. Chung to quit his job in Korea and accept a job with World Corporation?
7. Was Mr. Chung damaged by his reliance on World Corporation's false statements?
8. What were Mr. Chung's damages caused by his reliance on World Corporation's false statements?
9. If a contract was formed between World Corporation and Mr. Yu Suk Chung, did World Corporation breach its duty of good faith and fair dealing?
10. Was Mr. Chung damaged by World Corporation's breach of its duty of good faith and fair dealing and if so, what were his damages?
11. Is Mr. Chung entitled to an award of damages for the services he performed for World Corporation in an amount equal to the value of his service?
12. Should World Corporation be estopped from denying its obligations to Mr. Chung.
13. What are Mr. Chung's damages? If any, caused by his detrimental reliance on World Corporations promises relating to employment?
14. Whether Plaintiff fails to state a claim upon which relief may be granted.
15. Whether Mr. Chung waived his claim.

16. Whether Mr. Chung should be estopped from asserting his claim or recovery damages.

17. Whether the employment contract entered between World Corporation and Mr. Chung, if any, is void in violation of the CNMI laws.

18. Did World Corporation act with evil motive or reckless indifference to Mr. Chung's rights?

Defendant contends that the issues for trial are as follows:

1. Was an enforceable written contract formed? Was an offer made and was it accepted?

2. Was an enforceable oral contract formed? Was an offer made and was it accepted?

3. If there was a contract, what where the terms?

4. Assuming a contract was formed, what defenses exist, such as waiver, excuse or novation or is the alleged contract void for violation of public policy/illegality.

5. If there was a contract, was that contract breached?

6. If there was a breach, what damages are recoverable and what were these damages.

7. Assuming there was no oral or written contract, may the plaintiff maintain a claim for promissory estoppel or quantum meruit.

8. What is plaintiff entitled to recover under (a) promissory estoppel or (b) quantum meruit?

9. Was a statement made to plaintiff by defendant that was untrue by clear and convincing evidence?

10. If that statement was untrue, did defendant intend to induce the plaintiff to come to Saipan by clear and convincing evidence?

11. Did defendant not have confidence in the truth of this statement by clear and convincing evidence?

12. If plaintiff prevails on its claim for fraudulent misrepresentation, was defendant's conduct outrageous due either to evil nature or reckless indifference by clear and convincing evidence?

13. If there are damages, did plaintiff adequately mitigate his damages by seeking alternative employment or other such conduct?

14. Is it unconscionable to enforce a contract contrary to CNMI law?

D. Witnesses

Defendant reserves the right to call the following persons for testimony during trial:

1. Cho, Kyu-Sang - Chairman
2. Cho, Dae-Ho - President
3. Park, Chul-Hyun - VP, Accounting & General Administration
4. Won, Boo-Gap - Director, Planning Department
   (Actual) Chief Secretary for the Chairman
5. Lee, Dong-Sung - Director/(Actual) Advisor for the Chairman
6. Kim, Chang-Hoon - Secretariat/Special Assistant for the Chairman
7. Lee, Kyung-Chul - Manager, Legal Affairs Team
8. Lee, Sung-Won - Manager, Accounting Team
9. B.K. Park - (Registered) Director of World Resort Co. since early 90's
10. Jeon Mun Gap - Human Resources Manager
11. Won, Hyun-Min - Assistant Accounting Manager of World Resort
12. Ishikawa, Juko - Marketing & Sales Manager/Director
13. Lee, Kyong-Won - Special Project Manager

| | | | | |
|---|---|---|---|---|
| 1 | 14. | Pagapular, Jose Rocel | - | Accounting Supervisor |
| 2 | 15. | Pangelinan, Maria Cristina | - | Executive Secretary |
| 3 | 16. | Conception, Roberto | - | Maintenance Supervisor |
| 4 | 17. | Cada, Rogelio | - | Construction Superintendent |
| 5 | 18. | Sanchez, Ronald | - | Head Waiter |
| 6 | 19. | Limos, Edgar | - | Head Waiter |
| 7 | 20. | Collantes, Jr. Luisito | - | Stock Control Clerk |
| 8 | 21. | Yu Suk Chung | - | Plaintiff |
| 9 | 22. | Jae Young Suh-Chung | - | Plaintiff's wife |
| 10 | 23. | Secretary of Labor, CNMI | | |
| 11 | 24. | Director of Immigration, CNMI | | |
| 12 | 25. | Danilo Aguilar | - | Former Attorney for World Resort |
| 13 | 26. | Honorable Juan T. Lizama | - | Associate Judge, CNMI Superior Court |
| 14 | 27. | Mariko Lizama | | |
| 15 | 28. | Kikkawa, Shinji | - | Former General Manager, Saipan Diamond Hotel |

17  29.  All witnesses listed by Plaintiff.

18  30.  All persons whose testimony becomes necessary and relevant for impeachment

19  purposes, rebuttal purposes or for any other legal purposes during trial.

20  31.  Defendant reserves the right to amend his witness list prior to trial.

Plaintiff reserve the right to call the following people to testify at trial:

1. All 28 individuals listed by Defendant

    2.    Lee, Bu-Hyun – (Registered) Director of World Resort Corporation since early 90's

    3.    Jeong Min Baik aka Robert Baek – World Corporation F&B Manager

    4.    Joon Park – An Expert Witness

    5.    Custodian of Records for World Corporation

    6.    CNMI Registrar of Corporations

    7.    Gil San Nicholas  -  CNMI Department of Labor

    8.    Antonio Sablan  -  CNMI Department of Immigration

    9.    Andrew Salas  -  CNMI Department of Commerce

    10.    All persons whose testimony becomes necessary and relevant for impeachment purposes, rebuttal purposes or for any other legal purposes during trial.

    11.    Plaintiff reserves the right to amend his witness list prior to trial.

E.    Listing and exchange of copies of all exhibits

    1.    The Parties have exchanged Exhibits and Exhibits Lists.

    2.    Defendant intends to introduce 63 exhibits during trial.

    3.    Plaintiff intends to introduce 137 exhibits during trial.

    4.    The Parties may introduce the exhibits marked by the other.

    5.    The Parties may introduce all exhibits, which become necessary and relevant for impeachment purposes, rebuttal purposes or for any other legal purposes during trial.

    6.    The Parties reserve the right to amend this exhibit list prior to trial.

F.    Pretrial rulings on objections to evidence

    1.    The Court has ruled on several motions in limine. Others have been left pending.

2. Defendant has objected to the introduction of all deposition testimony submitted by Plaintiff pursuant to Local Rule 16.2 C.J. (e)(7)(a)(3). The parties will meet and confer about these objections and work to resolve them. To the extent that issues are unresolved, they will be heard by the Court on Friday, October 28, 2005 at 1:30 p.m.

G. Disposition of all outstanding motions

In addition to the pending motions in limine, Plaintiff may ask the Court to reconsider its October 25, 2005 order excluding Plaintiff's expert witness. Defendant opposes any motion to reconsider.

H. Elimination of unnecessary or redundant proof.

Defendant has stipulated to the authentication of certain exhibits.

I. Itemized statements of all damages by all parties.

Defendant's Statement of Damages:

Defendant contends there are no damages. If the plaintiff does prove the existence of an agreement, CNMI law limits such a contract to two years. Thus, plaintiff's damages would be limited to 19 months of pay for contract damages. Of course, any such damages would be subject to mitigation.

Plaintiff Statement of Damages:

| | | |
|---|---|---|
| General Contract Damages | : | Approximately $422,929. |
| Restitution Damages | : | Approximately $2,206.000.00 |
| Compensatory Damages | : | $100,000.00 to $1,500.000.00 |
| Emotional Distress Damages | : | $100,000.00 to $1,500,000.00 |

Punitive Damages : $500,000.00 to $5,000,000.00

J. Bifurcation of the trial;

Bifurcation has been denied by prior ruling of this Court.

K. Limits on the length of trial;

Defendant estimates that this trial should last 14-21 days.

Plaintiff estimates that trial will take between 6 and 12 days to complete.

L. Jury selection issues;

None anticipated.

M. Any issue that may facilitate and expedite the trial;

The production of World Corporations documents pursuant to subpoena duces tecum prior to trial. The parties will meet and confer about authentication issues. To the extent that issues are unresolved, the Court will hear those issues on Friday, October 28, 2005 at 1:30 p.m.

N. Submission of Jury Instructions;

The parties shall submit their proposed jury instructions on or before October 27, 2005.

| | |
|---|---|
| MATTHEW T. GREGORY, ESQ.<br>LUJAN UNPINGCO AGUIGUI & PEREZ LLP<br>Attorneys for World Corporation | COLIN M. THOMPSON, ESQ.<br>ROBERT T. TORRES, ESQ.<br>Attorneys for Plaintiff |
| By: _____<br>MATTHEW T. GREGORY, ESQ. | By: _____<br>COLIN M. THOMPSON, ESQ. |

**SO ORDERED** this 26TH day of October, 2005.

_____
ALEX R. MUNSON
Chief Judge

RECEIVED

OCT 2 6 2005

Clerk
District Court
For The Northern Mariana Islands

- 9 -