

1  **Robert Tenorio Torres**
   **Attorney at Law**
2  1st Floor, D'Torres Bldg.,
   P.O. Box 503758
3  Saipan, MP 96950
4
   Tel: (670) 233-7859
5  Fax. (670) 233-5749
6
   Attorney for: Yu Suk Chung
7

F I L E D
Clerk
District Court

OCT 2 7 2005

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

8
9
10           IN THE DISTRICT COURT FOR THE
          THE NORTHERN MARIANA ISLANDS
11
12  **YU SUK CHUNG,**                    Civil Action No. 04-0001
13              **Plaintiff,**           **PLAINTIFF'S PROPOSED**
                                          **JURY INSTRUCTIONS**
14          **vs.**
15  **WORLD CORPORATION, a**
16  **CNMI corporation**
                **Defendant.**
17
18
19  Plaintiff, by and through counsel Colin Thompson and Robert Torres,
20
21  hereby proposes the following jury instructions.  Plaintiff reserves the right
22  to amend this submission.
23

*(sidebar, left margin)* Robert Tenorio Torres  Attorney at Law  1st Floor ~ D'Torres Building ~ Garapan  P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**Robert Tenorio Torres**
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.1998) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue).

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## Comment

**It may be helpful to include an illustrative example in the instruction**:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## RULING ON OBJECTIONS

2

3

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Robert Tenorio Torres**
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1

## CONDUCT OF THE JURY

2

3

I will now say a few words about your conduct as jurors.

4

First, you are not to discuss this case with anyone, including your fellow
jurors, members of your family, people involved in the trial, or anyone else, nor
are you allowed to permit others to discuss the case with you. If anyone
approaches you and tries to talk to you about the case please let me know about
it immediately;

Second, do not read any news stories or articles or listen to any radio or
television reports about the case or about anyone who has anything to do with
it;

Third, do not do any research, such as consulting dictionaries, searching
the Internet or using other reference materials, and do not make any
investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note
to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until
after you have gone to the jury room to decide that case and you and your
fellow jurors have discussed the evidence. Keep an open mind until then.

Robert Tenorio Torres
Attorney at Law
1st Floor – D'Torres Building – Garapan
P.O. Box 503758 – Saipan MP 96950 – (670) 233-7859

**Comment**

An abbreviated instruction should be repeated before the first recess and as needed before other recesses.

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino–Noriega,* 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied,* 528 U.S. 989 (1999).

1

# NO TRANSCRIPT AVAILABLE TO JURY

2

3

At the end of the trial, you will have to make your decision based on

4

what you recall of the evidence. You will not have a transcript of the trial. I

5

urge you to pay close attention to the testimony as it is given.

6

7

8

# Comment

9

The previous version of this instruction has been modified to delete the

10

suggestion that readbacks are either unavailable or highly inconvenient. The

11

practice of discouraging readbacks has been criticized in *United States v.*

12

*Damsky,* 740 F.2d 134, 138 (2d Cir.), *cert. denied*, 469 U.S. 918 (1984). *See*

13

*also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL

14

PROCEDURES, § 5.1.F (1998).

15

The court may wish to repeat this instruction in the instructions at the

16

end of the trial.

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker,* 10 F.3d 1374, 1402 (9th Cir.1993)*, cert. denied*, 513 U.S. 934 (1994). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (1998).

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

# QUESTIONS TO WITNESSES BY JURORS

2

## Comment

3

4

The committee recommends against encouraging jurors to ask questions.

5

"Questions by jurors during trial should not be encouraged or solicited." JURY

6

COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES,

7

§ 3.5 (1998) (citing *DeBenedetto v. Goodyear Tire & Rubber Co.,* 754 F.2d

8

512, 517 (4th Cir.1985)). "Juror questioning is a course fraught with peril for

9

the trial court. No bright-line rule is adopted here, but the dangers in the

10

practice are very considerable." *DeBenedetto*, 754 F.2d at 517.

11

However, if the court decides to give such an instruction, the following

12

instruction may be used:

13

14

While it is not customary for a juror to ask a question of a witness, if you

15

wish to do so, put the question in writing and hand it to the clerk.

16

The court and counsel will review your question. Do not be concerned

17

if the question is not asked.

18

Do not discuss your question with anyone, including the clerk.

19

Remember that you are not to discuss the case with other jurors until it is

20

submitted for your decision.

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## JURY TO BE GUIDED BY
## OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

2

3

Korean may be used during this trial.

4

The evidence you are to consider is only that provided through the

5

6

official court translators. Although some of you may know Korean or Tagalog,

7

it is important that all jurors consider the same evidence. Therefore, you must

8

accept the English translation. You must disregard any different meaning.

9

### Comment

10

The committee recommends that this instruction be given in every case

11

where applicable. *See United States v. Franco,* 136 F.3d 622, 626 (9th

12

Cir.1998); *United States v. Fuentes–Montijo,* 68 F.3d 352, 355–56 (9th

13

Cir.1995).

14

15

16

17

18

19

20

21

22

23

**Robert Tenorio Torres**
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# STIPULATED TESTIMONY

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

## Comment

There is a difference between stipulating that a witness would give certain testimony and stipulating that the facts to which a witness might testify are true. *United States v. Lambert,* 604 F.2d 594, 595 (8th Cir.1979); *United States v. Hellman*, 560 F.2d 1235, 1236 (5th Cir.1977).

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## Comment

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed. *United States v. Mikaelian,* 168 F.3d 380, 389 (9th Cir.) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (9th Cir.1999)).

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial or when otherwise authorized by law, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## Comment

This instruction should be used only when testimony by deposition is offered as substantive evidence. The committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read. If the judge prefers to include the instruction as a part of his or her instructions before evidence, it should be modified appropriately.

1

## DEPOSITION OF CORPORATE REPRESENTATIVE

2

3

You were presented video testimony from the deposition of Dr. Dong

4

Sung Lee.  Dr. Lee testified on behalf of World Corporation his testimony is to

5

be considered binding on World Corporation.

6

7

8

9

10

11

12

13    Fed. R. Civ. Pro. Rule 30(b)(6)

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 5U3758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## FOREIGN LANGUAGE TESTIMONY

2

3

4    You are about to hear testimony of a witness who will be testifying in

5  Korean. This witness will testify through the official court interpreter. Although

6  some of you may know Korean, it is important that all jurors consider the same

7  evidence. Therefore, you must accept the English translation of the witness'

8  testimony. You must disregard any different meaning.

9
                                    **Comment**
10

11    *Cf. United States v. Franco*, 136 F.3d 622, 626 (9th Cir.1998) (jury

12  properly instructed that it must accept translation of foreign language

13  tape-recording where the accuracy of the translation is not in issue); *United*

14  *States v. Fuentes–Montijo*, 68 F.3d 352, 355–56 (9th Cir.1995).

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor – D'Torres Building – Garapan
P.O. Box 503758 – Saipan MP 96950 – (670) 233-7859

1

# LIMITED PURPOSE EVIDENCE

2

3

    The testimony you are about to hear may be considered only for the

4

limited purpose of [*describe purpose*] and for no other purpose.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# USE OF INTERROGATORIES OF A PARTY

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

## Comment

Use this oral instruction before interrogatories and answers are read to the jury. The attorney should warn the judge ahead of time and give the judge an opportunity to give this oral instruction. This oral instruction is not appropriate if answers to interrogatories are being used for impeachment only.

Do not use this instruction for requests for admission under Fed. R. Civ. P. 36. The effect of requests for admission under the rule is not the same as the introduction of evidence through interrogatories. If an instruction is needed, a special one will have to be drafted.

Page 23 of 74

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

## Comment

2

*See* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL

3

PROCEDURES, § 4.3.B and § 4.3.C (1998).

4

5

*See also* Fed. R. Civ. P. 51.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from [a] person who, because of education or experience, is permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## Comment

*See* Fed. R. Evid. 602, 701–05.

The committee recommends that this instruction be given only upon request. Since expert testimony is so common in modern jury trials, there is no good reason why it should be treated differently from other testimony.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Comment**

This instruction applies only where the charts and summaries are not received into evidence and are used for demonstrative purposes. *See United States v. Johnson*, 594 F.2d 1253, 1254–55 (9th Cir.), *cert. denied,* 444 U.S. 964 (1979). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (1998).

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

**CHARTS AND SUMMARIES IN EVIDENCE**

2

3

Certain charts and summaries have been received into evidence to

4

illustrate information brought out in the trial. Charts and summaries are only as

5

good as the underlying evidence that supports them. You should, therefore, give

6

them only such weight as you think the underlying evidence deserves.

7

8

**Comment**

9

*See* Fed. R. Evid. 1006. *See also* JURY COMMITTEE OF THE NINTH

10

CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (1998). This

11

instruction may be unnecessary if there is no dispute as to the accuracy of the

12

chart or summary.

13

14

15

16

17

18

19

20

21

22

23

1

# IMPEACHMENT EVIDENCE—WITNESS

2

3

4    You have heard evidence that [*witness*], a witness, [e.g. has been

5    convicted of a felony, lied under oath on a prior occasion, etc.]. You may

6    consider this evidence, along with other pertinent evidence, in deciding whether

7    or not to believe this witness and how much weight to give to the testimony of

8    that witness.

9

## Comment

10    Fed. R. Evid. 608 (Evidence of Character and Conduct of Witness) and

11    609 (Impeachment By Evidence of Conviction of Crime) place restrictions on

12    the use of instances of past conduct and convictions to impeach a witness, and

13    Fed. R. Evid. 105 (Limited Admissibility) gives a defendant the right to request

14

15    a limiting instruction explaining that the use of this evidence is limited to

16    credibility of the witness.

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## DUTY TO DELIBERATE

2

3

When you begin your deliberations, you should elect one member of the
jury as your presiding juror. That person will preside over the deliberations and
speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement
if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only
after you have considered all of the evidence, discussed it fully with the other
jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you
that you should. Do not come to a decision simply because other jurors think it
is right.

It is important that you attempt to reach a unanimous verdict but, of
course, only if each of you can do so after having made your own conscientious
decision. Do not change an honest belief about the weight and effect of the
evidence simply to reach a verdict.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

# RETURN OF VERDICT

2

3

4

     A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

5

6

7

8

## Comment

9

10

     The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

**Robert Tenorio Torres**
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

**ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

**Comment**

Use this oral instruction for giving a jury instruction to a jury while it is deliberating. If the jury has a copy of the instructions, send the additional instruction to the jury room. All attorneys must be given an opportunity to be present. Unless the additional instruction is by consent of both parties, both sides must be given an opportunity to take exception or object to it. If this instruction is used, it should be made a part of the record. The judge and attorneys should make a full record of the proceedings.

*See* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.1.E (1998 & Supp. 2000).

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

2

## DEADLOCKED JURY

3

4

5

6

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

7

8

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so

9

10

11

12

13

14

without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the

15

weight or effect of the evidence solely because of the opinions of your fellow

16

jurors or for the mere purpose of returning a verdict.

17

18

19

20

21

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

22

I remind you that in your deliberations you are to consider the instructions

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1  I have given you as a whole. You should not single out any part of any

2  instruction, including this one, and ignore others. They are all equally important.

3      You may now retire and continue your deliberations.

4                          **Comment**

5

6      The committee recommends that a supplemental instruction to encourage

7  a deadlocked jury to reach a verdict should be given with great caution.

8      An earlier form of instruction for a deadlocked jury was approved by the

9  Supreme Court in *Allen v. United States*, 164 U.S. 492, 501 (1896).

10     Before giving any supplemental jury instruction to a deadlocked jury, the

11  committee recommends the court review *United States v. Wills*, 88 F.3d 704 (9th

12  Cir.), *cert. denied*, 519 U.S. 1000 (1996*); United States v. Ajiboye*, 961 F.2d 892

13  (9th Cir.1992); *United States v. Nickell*, 883 F.2d 824 (9th Cir.1989); *United*

14

15  *States v. Seawell*, 550 F.2d 1159 (9th Cir.1977), *appeal after remand*, 583 F.2d

16  416 (9th Cir.), *cert. denied*, 439 U.S. 991 (1978); and the JURY COMMITTEE OF

17  THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.5 (1998 &

18  Supp. 2000).

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Mr. Chung, claims that defendant, World Corporation, breached an employment contract that plaintiff entered with the defendant and that the breach of the contract caused Mr. Chung damage.  Mr. Chung also claims that World Corporation made false promises to him which it did not intend to perform at the time of the making of those false promises.  Mr. Chung claims that he quit his job and moved to Saipan in reliance on World Corporation's false promises causing Mr. Chung damage.

The defendant denies Mr.Chung's claims.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

2

3

When a party has the burden of proof on any claim or affirmative defense

4

by a preponderance of the evidence, it means you must be persuaded by the

5

evidence that the claim or affirmative defense is more probably true than not

6

true.

7

You should base your decision on all of the evidence, regardless of which

8

party presented it.

9

### Comment

10

This instruction may not apply to cases based on state law.

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## CAUTIONARY INSTRUCTION—FIRST RECESS

2

3

4        We are about to take our first break during the trial, and I want to remind

5    you of the instruction I gave you earlier. Until the trial is over, you are not to

6    discuss this case with anyone, including your fellow jurors, members of your

7    family, people involved in the trial, or anyone else, nor are you allowed to permit

8    others to discuss the case with you. If anyone approaches you and tries to talk

9    to you about the case, please let me know about it immediately. Do not read or

10   listen to any news reports of the trial. Finally, you are reminded to keep an open

11   mind until all the evidence has been received and you have heard the arguments

12   of counsel, the instructions of the court, and the views of your fellow jurors.

13

14       If you need to speak with me about anything, simply give a signed note

15   to the clerk to give to me.

16       I will not repeat these admonitions each time we recess or adjourn, but you

17   will be reminded of them on such occasions.

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

## LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities lost to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities which with reasonable probability will be lost in the future;

The reasonable value of necessary moving expenses and shipping costs when moving from Saipan to Korea.

## Comment

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a (b)(3). Regarding the amount of damages available under Title VII, see *Gotthardt v. National Railroad Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard*

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859