1   *v. E.I. du Pont de Nemours & Company*, ___ U.S. ___, 121 S.Ct. 1946 (2001).

2   *See also Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000)

3   (includes the definition of front pay and back pay); Introductory Comment to

4   Chapter 12.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**Robert Tenorio Torres**
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities lost to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities which with reasonable probability

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1  will be lost in the future;

2        The plaintiff has the burden of proving damages by a preponderance of the

3  evidence, and it is for you to determine what damages, if any, have been proved.

4        Your award must be based upon evidence and not upon speculation,

5  guesswork or conjecture.

6

7                              **Comment**

8        If liability is not disputed, this instruction should be modified accordingly.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1  punitive damages to any actual harm inflicted on the plaintiff.

2

3                              **Comment**

4

5        Punitive damages are not available in every case.  For example, punitive

6  damages are not available against municipalities, counties, or other

7  governmental entities unless expressly authorized by statute.  *City of Newport,*

8  *et al. v. Fact Concerts, Inc., et al.*, 453 U.S. 247, 259-71 (1981).  Punitive

9  damages may, however, be available against governmental employees acting in

10 their individual capacities.  *Monell v. New York City Dept. of Social Services,*

11 436 U.S. 658 (1978); *City of Newport,* 453 U.S. at 254.  In diversity cases, look

12 to state law for an appropriate instruction.

13

14       Regarding when punitive damages may be awarded in Title VII actions,

15 *see Kolstad v.*

16 *American Dental Assn.*, 527 U.S. 526 (1999); *Caudle v. Bristol Optical Co.*, 224

17 F.3d 1014, 1026-27 (9th Cir.2000). *See also Passantino v. Johnson & Johnson*

18 *Consumer Products*, 212 F.3d 493, 514 (9th Cir. 2000).

19

20       Punitive and compensatory damages are subject to caps in Title VII cases.

21 *See* 42 U.S.C. 1981a (b)(3). Regarding the amount of damages available under

22 Title VII, *see Gotthardt v. National Railroad Passenger Corp.*, 191 F.3d 1148

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1  (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard*

2  *v. E.I. du Pont de Nemours & Company*, 532 U.S. 843 (2001). *See also Caudle*

3  *v. Bristol Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the

4  definition of front pay and back pay); Introductory Comment to Chapter 12.

5
6  If punitive damages are available, and evidence of defendant's financial

7  condition is offered in support of such damages, the judge may be requested to

8  instruct the jury during trial and/or at the end of the case about the limited

9  purpose of such evidence. See Instructions 1.5 (Evidence for Limited Purpose),

10  2.10 (Limited Purpose Evidence), and the bracketed material in 3.3 (What Is Not

11  Evidence).

12
13  Regarding degree of reprehensibility and punitive damages generally, *see*

14  *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mut. Life Ins.*

15  *Co. v. Haslip*, 499 U.S. 1 (1991).  *See State Farm Mut. Auto. Ins. Co. v*

16  *Campbell,* 538 U.S. 408 (2003), referring to *Gore and Haslip* and stating that

17  "[s]ingle-digit multipliers are more likely to comport with due process, while

18  still achieving the State's goals of deterrence and retribution, than awards with

19  ratios in range of 500 to 1, or, in this case, of 145 to 1. (citation omitted) . . ..

20  Nonetheless, because there are no rigid benchmarks that a punitive damages

21  award may not surpass, ratios greater than those we have previously upheld may

22
23

1   comport with due process where 'a particularly egregious act has resulted in only

2   a small amount of economic damages.'" (*citing Gore*, 517 U.S. at 582.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**Robert Tenorio Torres**
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

# AGENT AND PRINCIPAL—DEFINITION

2

3     An agent is a person who performs services for another person under an

4     express or implied agreement and who is subject to the other's control or right

5     to control the manner and means of performing the services. The other person

6     is called a principal. The agency agreement may be oral or written.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## ACT OF AGENT IS ACT OF PRINCIPAL—
## SCOPE OF AUTHORITY NOT IN ISSUE

2

3

4    Any act or omission of an agent within the scope of authority is the act or

5    omission of the principal.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# LEGITIMACY OF CONTRACTS

When a non-resident worker is hired in the Northern Mariana Islands without a CNMI Department of Labor approved contract, the employment contract is still enforceable. An employment contract, whether approved by the Chief of Labor or not, is enforceable as long as the plaintiff is less at fault in the failure to obtain the Chief of Labor's approval than the Defendant.

## Comment

*See Loren v. E'Saipan Motors, Inc.*,   3 CR 564 (D.N.M.I. 1988) (non-resident worker found to have illegal contract, but the Appellate Division of the US District Court for the Mariana Islands found that illegal contracts may be enforceable if moving party's actions not in pari delicto).

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

# FRAUD AND DECEIT - INTRODUCTORY INSTRUCTION

2

3        The plaintiff Yu Suk Chung also seeks to recover damages based upon a

claim of fraud.     Conduct may be fraudulent because of an intentional
4
misrepresentation or a false promise.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## FRAUD AND DECEIT - INTENTIONAL MISREPRESENTATION

2

3
        The essential elements of a claim of fraud by an intentional
misrepresentation are:

4

5  1.    World Corporation must have made a false promise about a material fact;

6  2.    The defendant must have known that the representation was false when

7        made;

8

9  4.    The defendant must have made the representation with an intent to

10       defraud the plaintiff, that is, he must have made the representation for the

11       purpose of inducing he plaintiff to rely upon it and to act or to refrain

12       from acting in reliance thereon;

13

   5.    The plaintiff must have been unaware of the falsity of the representation,
14
        must have acted in reliance upon the truth of the representation, and must
15
        have been justified in relying upon the representation;
16

17 6.    And, finally, as a result of the reliance upon the truth of the

18       representation, the plaintiff must have sustained damage.

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## FRAUD AND DECEIT - PROMISE WITHOUT INTENT TO PERFORM

2

3    The essential elements of a claim of fraud by a false promise are:

4
1.    The defendant must have made a promise as to a material matter and, at
5
the time it was made, he must have intended not to perform it;
6

7    2.    The defendant must have made the promise with an intent to defraud the

8    plaintiff, that is, he must have made the promise for the purpose of

9    inducing plaintiff to rely upon it and to act or refrain from acting in

10    reliance upon it;

11
3.    The plaintiff must have been unaware of the defendant's intention not to
12
perform the promise, he must have acted in reliance upon the promise, and
13
must have been justified in relying upon the promise made by the
14
defendant;
15

16
4.    And, finally, as a result of the reliance upon defendant's promise, the
17
plaintiff must have sustained damage.
18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**FRAUD AND DECEIT - PROOF OF INTENT NOT TO PERFORM**

You may consider the conduct of a party making a promise, either before

or after the promise was made, in determining whether there was an intention not

to perform the promise when made.

**1902. False Promise**

Mr. Chung claims he was harmed because World Corporation made a false promise. To establish this claim, Mr. Chung must prove all of the following:

1. That World Corporation made a promise to Mr. Chung;

2. That this promise was important to the transaction;

3. That World Corporation did not intend to perform this promise when they made it;

4. That World Corporation intended that Mr. Chung rely on this promise;

5. That Mr. Chung reasonably relied on World Corporation's promise;

6. That World Corporation did not perform the promised act;

7. That Mr. Chung was harmed; and

8. That Mr. Chung's reliance on World Corporation's promise was a substantial factor in causing his harm

1

2

3

**1905. Definition of Important Fact/Promise**

4 A promise is important if it would influence a reasonable person's judgment or

5 conduct. A promise is also important if the person who makes it knows that the

6

person to whom the promise is made is likely to be influenced by it even if a

7

reasonable person would not.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## 1907. Reliance

2

3  Mr. Chung relied on World Corporation's misrepresentation if it caused him to

4  quit his job with Kangwon Land in Korea and Move to Saipan with his family,

5  and if he would probably not have done so without such misrepresentation. It

6  is not necessary for a misrepresentation to be the only reason for Mr. Chung's

7  conduct. It is enough if a misrepresentation substantially influenced Mr. Chung's

8  choice, even if it was not the only reason for his conduct.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1  **FRAUD AND DECEIT - DAMAGES - BENEFIT OF THE BARGAIN**
2                                  **RULE**

3    If you find that plaintiff is entitled to a verdict against the defendant, you

4  must then award plaintiff damages in an amount that will reasonably compensate

5  for all the loss suffered by plaintiff and caused by the fraud upon which you base

6  your finding of liability.

7

Robert Tenorio Torres
Attorney at Law
1st Floor – D'Torres Building – Garapan
P.O. Box 503758 – Saipan MP 96950 – (670) 233-7859

1    PROMISSORY ESTOPPEL

2    The essential elements of the claim of Promissory Estoppel are:

3    (1) the party to be estopped must be apprised of the facts;

4    (2) he must intend that his conduct shall be acted upon, or must so act that the

5    party asserting the estoppel had a right to believe it was so intended;

6

7    (3) the other party must be ignorant of the true state of facts; and

8    (4) he must rely upon the conduct to his injury.

9    O'Connor v. Div. of Pub. Lands, 1999 MP 5, P9 (N. Mar. I., 1999)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## DEFINITION OF CONTRACT:

2

A contract is a promise or a set of promises for the breach of which the law gives

3

a remedy, or the performance of which the law in some way recognizes as a duty.

4

5

Restat 2d of Contracts, § 1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

# BREACH OF CONTRACT

300. Essential Factual Elements

Mr. Chung claims that he and World Corporation entered into a contract for employment. Mr. Chung claims that World Corporation breached this contract by failing to perform its obligations. Mr. Chung also claims that World Corporation's breach of this contract caused harm to Mr. Chung  for which World Corporation should pay.


World Corporation denies that it entered an employment contract with Mr. Chung. World Corporation also claims [*insert affirmative defense*].

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1 **302. Contract Formation—Essential Factual Elements**

2 Mr. Chung claims that the parties entered into a contract.

3 To prove that a contract was created, Mr. Chung must prove all of the

4 following

5 1. That the contract terms were clear enough that the parties could

6

7 understand what each was required to do;

8 2. That the parties agreed to give each other something of value; and

9 3. That the parties agreed to the terms of the contract. When you examine

10 whether the parties agreed to the terms of the contract, ask yourself if, under

11 the circumstances, a reasonable person would conclude, from the words and

12 conduct of each party, that there was an agreement. You may not consider

13 the parties' hidden intentions.  If Mr. Chung did not prove all of the above,

14

15 then a contract was not created.

16

17

18

19

20

21

22

23

1

## 303. Breach of Contract—Essential Factual Elements

2

To recover damages from World Corporation for breach of

3

contract, Mr. Chung must prove all of the following:

4

1. That Mr. Chung and World Corporation entered into a contract;

5

2. That Mr. Chung did all, or substantially all of the significant things that the

6

contract required him to do or that he was excused from having to do those

7

8  things;

9

3. That all conditions required for World Corporation's performance had

10

occurred;

11

4. That World Corporation failed to do something that the contract required

12

13  them to do; and

14  5. That Mr. Chung was harmed by that failure.

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

2

### 304. Oral or Written Contract Terms

3

Contracts may be written or oral.

4

Contracts may be partly written and partly oral.

5

Oral contracts are just as valid as written contracts.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

2

### 305. Implied-in-Fact Contract

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words. Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

### 325. Breach of Covenant of Good Faith and Fair Dealing—Essential Factual Elements

In every contract or agreement there is an implied promise of goof faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms the contract. Mr. Chung claims that World Corporation violated the duty to act fairly and in good faith. To establish this claim, Mr. Chung must prove all of the following:

1. That Mr. Chung and World Corporation entered into a contract;

2. That Mr. Chung did all, or substantially all of the significant things that the contract required him to do or that he was excused from having to do those things;

3. That all conditions required for World Corporation's performance had occurred;

4. That World Corporation unfairly interfered with Mr. Chung's right to receive the benefits of the contract; and

5. That Mr. Chung was harmed by World Corporation's conduct.

**350. Introduction to Contract Damages**

If you decide that Mr. Chung has proved his claim against World Corporation for breach of contract, you also must decide how much money will reasonably compensate Mr. Chung for the harm caused by the breach. This compensation is called "damages." The purpose of such is to put Mr. Chung in as good a position as he would have been if World Corporation had performed as promised. To recover damages for any harm, Mr. Chung must prove:

1. That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2. That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

Mr. Chung also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Mr. Chung claims damages for [*identify general damages claimed*]

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

2

## 361. Plaintiff May Not Recover Duplicate Contract and Tort Damages

3

4    Mr. Chung has made claims against World Corporation for breach of contract

5    and Fraud. If you decide that Mr. Chung has proved both claims, the same

6    damages that resulted from both claims can be awarded only once.  You may

7    consider awarding punitive damages only if Mr. Chung proves his claim for

8    fraud.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**Robert Tenorio Torres**
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

**VERDICT FORM**

**Breach of Contract**

We answer the following questions submitted as follows:

Did Mr. Chung prove by a preponderance of the evidence all of the elements of his breach a contract claim against World Corporation?

Yes: _____          No: _____

If your answer to the above question is yes, then what is the amount of Mr. Chung's damages? $_____

**Promissory Estoppel**

We answer the following questions submitted as follows:

Did Mr. Chung prove by a preponderance of the evidence all of the elements

of his promissory estopple claim against World Corporation?

Yes: _____                    No: _____

If your answer to the above question is yes, then what is the amount of Mr.

Chung's damages? $_____

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

## **Fraud**

2

3  We answer the following questions submitted as follows:

4  Did Mr. Chung prove by clear and convincing evidence all of the elements of

5  his fraud claim against World Corporation?

6

7  Yes: _____                    No: _____

8

9

10  If your answer to the above question is yes, then what is the amount of Mr.

11  Chung's damages? $_____

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

1

2

### Breach of the Covenant of Good Faith and Fair Dealing

3

4

We answer the following questions submitted as follows:

5

Did Mr. Chung prove by a preponderance of the evidence all of the elements

6

of his breach of the covenant of good faith and fair dealing claim against

7

World Corporation?

8

9

10

11

Yes: _____          No: _____

12

13

14

If your answer to the above question is yes, then what is the amount of Mr.

15

Chung's damages? $_____

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859

Respectfully submitted this 27th day of October 2005.

COLIN M. THOMPSON, ESQ.
ROBERT T. TORRES, ESQ.
Attorneys for Plaintiff

Robert Tenorio Torres
Attorney at Law
1st Floor ~ D'Torres Building ~ Garapan
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 233-7859