1   **MATTHEW T. GREGORY, ESQ.**
    Attorney at Law
2   Second Floor, V.S. Sablan Building
    Chalan Piao
3   PMB 419, Box 10000
    Saipan, MP  96950
4   Telephone:     (670) 234-3972
    Facsimile:     (670) 234-3973
5

6   **DAVID J. LUJAN, ESQ.**
    **IGNACIO C. AGUIGUI, ESQ.**
7   **LUJAN, UNPINGCO, AGUIGUI & PEREZ** LLP
    Attorneys at Law
8   Pacific News Building, Suite 300
    238 Archbishop Flores Street
9   Hagåtña, Guam 96910
    Telephone:     (671) 477-8064/5
10  Facsimile:     (671) 477-5297

11  *Attorneys for Defendant World Corporation*

12

13              **IN THE UNITED STATES DISTRICT COURT**

14                           **FOR THE**

15                  **NORTHERN MARIANA ISLANDS**

16

17
    YU SUK CHUNG,                         CIVIL CASE NO. **04-00001**
18
                        Plaintiff,
19                                        **PROPOSED JURY INSTRUCTIONS**
                 vs.
20
    WORLD CORPORATION,
21
                        Defendant.
22

23

24

25

26

27

28

FILED
Clerk
District Court

OCT 2 7 2005

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

1

2

### a.    JURY INSTRUCTION NO. 1.00

### (i)    RESPECTIVE DUTIES OF JUDGE AND JURY

3

Ladies and Gentlemen of the Jury:

4

It is now my duty to instruct you on the law that applies to this case. It is your duty to follow the

5

law.

6

As jurors it is your duty to determine the effect and value of the evidence and to decide all
questions of fact.

7

You must not be influenced by sympathy, prejudice or passion.

8

### b.    JURY INSTRUCTION NO. 1.00.5

9

### (i)    JUROR FORBIDDEN TO MAKE ANY
### INDEPENDENT INVESTIGATION

10

11

You must decide all questions of fact in this case from the evidence received in this trial and not
from any other source. You must not make any independent investigation of the facts or the law

12

or consider or discuss facts as to which there is no evidence. This means, for example, that you
must not on your own visit the scene, conduct experiments, or consult reference works for

13

additional information.

14

### c.    Jury INSTRUCTION NO. 1.01

15

### (i)    INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

16

If any matter is repeated or stated in different ways in my instructions, no emphasis is intended.

17

Do not draw any inference because of a repetition.

18

Do not single out any individual rule or instruction and ignore the others. Consider all the
instructions as a whole and each in the light of the others.

19

The order in which the instructions are given has no significance as to their relative

20

importance.

21

### d.    Jury INSTRUCTION NO. 1.02

22

### (i)    STATEMENTS OF COUNSEL; STIPULATION TO A
### FACT;

23

Statements of counsel are not evidence.    Do not speculate as to the answers to questions to

24

which objections were sustained or the reasons for the objections.

25

Do not consider any evidence that was stricken;stricken evidence must be treated as though
you had never known of it.

26

A suggestion in a question is not evidence unless it is adopted by the answer. A question by

27

itself is not evidence. Consider it only to the extent it is adopted by the answer.

28

e.   **Jury INSTRUCTION NO. 1.03**

(i)   **ENTITY NOT TO BE PREJUDICED AS SUCH**

The fact that a corporation is a party must not prejudice you in your deliberations or in your verdict.

Do not discriminate between a corporation and natural individuals. Each is a person in the eyes of the law and entitled to the same fair and impartial consideration and to justice by the same legal standards.

f.   **Jury INSTRUCTION NO. 1.23**

(i)   **IDENTIFICATION OF PARTIES AND CLAIMS**

In this trial, the plaintiff is Yu Suk Chung, and the defendant is World Corporation.

Plaintiff is seeking to recover compensatory damages against defendant based upon claims of breach of contract, and against defendant based upon claims of wrongful discharge, and against defendant based upon claims of promissory estoppel, quantum meruit and fraudulent misrepresentation.

g.   **Jury INSTRUCTION NO. 2.00**

(i)   **DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES**

Evidence means testimony, writings, material objects or other things presented to the senses and offered to prove the existence or non-existence of a fact.

Evidence is either direct or circumstantial. Direct evidence proves a fact without an inference and, if true, conclusively establishes that fact. Circumstantial evidence proves a fact from which an inference of the existence of another fact may be drawn.

An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence.

The law makes no distinction between direct and circumstantial evidence as to the degree of proof required; each is a reasonable method of proof. Each is respected for such convincing force as it may carry.

h.   **Jury INSTRUCTION NO. 2.01**

(i)   **WEIGHING CONFLICTING TESTIMONY**

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the

opposing sides. The test is not the number of witnesses, but the convincing force of the evidence.

### i.     Jury INSTRUCTION NO. 2.20

#### (i)     BELIEVABILITY OF WITNESS

You are the sole and exclusive judges of the believability of the witnesses and the weight to be given the testimony of each witness.

In determining the believability of a witness you may consider any matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness, including but not limited to the following:

The demeanor and manner of the witness while testifying;

The character and quality of that testimony;

The extent of the capacity of the witness to perceive, to recollect, or to communicate any matter about which the witness testified;

The opportunity of the witness to perceive any matter about which the witness has testified;

The existence or nonexistence of a bias, interest, or other motive;

A statement previously made by the witness that is [consistent] [or] [inconsistent] with the testimony of the witness;

The existence or nonexistence of any fact testified to by the witness;

The attitude of the witness toward this action or toward the giving of testimony;

### j.     Jury INSTRUCTION NO. 2.21

#### (i)     DISCREPANCIES IN TESTIMONY

Discrepancies in a witness's testimony or between such witness's testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you. |

### k.     Jury INSTRUCTION NO. 2.60

#### (i)     BURDEN OF PROOF AND PREPONDERANCE OF EVIDENCE

Plaintiff is seeking damages based upon claim[s] of breach of contract, promissory estoppel, quantum meruit, wrongful discharge from employment.  Plaintiffs burden for its claim for fraudulent misrepresentation is clear and convincing evidence, which will be discussed elsewhere in these instructions.

Plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish:

[The essential elements of each separate claim. The essential elements of [the] [each separate] claim [is] [are] set forth elsewhere in these instructions. In addition to these essential elements, plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish the nature and extent of the damages claimed to have been suffered, the elements of plaintiff's damage and the amount thereof

"Preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it.

You should consider all of the evidence bearing upon every issue regardless of who produced it.

### l.    Jury INSTRUCTION NO. 2.62

#### (i)    BURDEN OF PROOF AND CLEAR AND CONVINCING EVIDENCE

The plaintiff has the burden of proving by clear and convincing evidence all of the facts necessary to establish: its claim for fraudulent misrepresentation as well as clear and convincing evidence to show the elements for punitive damages .

"Clear and convincing" evidence means evidence of such convincing force that it demonstrates, in contrast to the opposing evidence, a high probability of the truth of the fact[s] for which it is offered as proof. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should consider all of the evidence bearing upon every issue regardless of who produced it

### m.    JURY INSTRUCTION 10.04

#### (i)    BREACH OF CONTRACT OF EMPLOYMENT FOR A SPECIFIED TERM - INTRODUCTORY - ESSENTIAL ELEMENTS - DEFINED

The plaintiff  seeks to recover damages based upon a claim of breach of a contract of employment for a specified term.

The essential elements of such a claim are:

1. There was a contract of employment between the plaintiff and defendant having a specified term for the duration of the employment;

2. Plaintiff's performance;

3. Defendant breached the employment agreement by terminating plaintiff's employment before the completion of the term without good cause; and

1    4. The termination caused plaintiff to suffer injury, damage, loss or harm.

**n.    JURY INSTRUCTION 10.10**

**(i)    EMPLOYMENT CONTRACT-TERM NOT SPECIFIED- TERMINATION-DURATION**

An employment contract having no specified term may be terminated at will by the employer by giving notice to the employee, unless the employer and the employee have agreed that the employee will not be discharged except for good cause.

**o.    JURY INSTRUCTION 10.16**

**(i)    BREACH OF EMPLOYMENT CONTRACT-EMPLOYEE'S DUTY TO MITIGATE DAMAGES**

An employee who was damaged as a result of a breach of an employment contract by the employer, has a duty to take steps to minimize the loss by making a reasonable effort to find comparable employment.

If the employee through reasonable efforts could have found comparable employment, any amount that the employee could reasonably have earned by obtaining comparable employment through reasonable efforts shall be deducted from the amount of damages awarded to employee.

**p.    JURY INSTRUCTION 10.32**

**(i)    GOOD CAUSE -- SPECIFIED TERM -- DEFINITION**

Good cause for termination of an employment contract for a specified term exists when there is a willful breach of duty by the employee in the course of employment, or habitual neglect of duty by the employee in the course of employment, or continued incapacity of the employee to perform the duties of the employment.

**q.    JURY INSTRUCTION 10.33**

**(i)    BREACH OF EMPLOYMENT CONTRACT-SPECIFIED TERM**

An employer, who without good cause, under an employment contract for a specified term, terminates an employee before the end of the term, is in breach of the contract.

**r.    JURY INSTRUCTION 10.34**

**(i)    BREACH OF EMPLOYMENT CONTRACT-SPECIFIED TERM-DAMAGES**

If defendant breached the employment contract with plaintiff, plaintiff is entitled to recover monetary damages caused by the breach.

Damages for breach of the employment contract are the amount of compensation agreed upon from the date of breach to the date on which the contract was to have terminated.

1

2

**s.    JURY INSTRUCTION 10.37**

3

**(i)    TERMINATION OF EMPLOYEE - GOOD FAITH MISTAKEN BELIEF**

4

5    An employer who acts in good faith on an honest but mistaken belief that discharge of an employee is required by a legitimate business reason has not breached the implied covenant of good faith and fair dealing. If you find that defendant honestly believed that the termination of plaintiff was for a legitimate business reason, you must find for defendant even if defendant was mistaken in that belief.

6

7

8

9

**t.    JURY INSTRUCTION 10.38**

10

**(i)    IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING - DAMAGES FOR BREACH**

11

12    If defendant breached the implied covenant of good faith and fair dealing, you will award to plaintiff such damages as were caused to plaintiff by such breach. Such damages must include: the value of the loss of compensation and benefits.

13

14

15

**u.    JURY INSTRUCTION 10.55**

16

**(i)    CONTRACT DEFINED/ELEMENTS**

17    A contract is an agreement between two or more persons to do or not to do a certain thing or things.

18    A valid contract requires:

19    1. Parties having legal capacity to contract;

20    2. Mutual consent;

21    3. A lawful objective; and

22    4. A sufficient consideration.

23

24

**v.    JURY INSTRUCTION 10.58**

25

**(i)    ORAL AGREEMENT TO BE REDUCED TO WRITING**

26

27    When the parties orally or in writing agree that the terms of a proposed contract are to be reduced to writing and signed by them before it is to be effective, there is no binding agreement until a written contract is signed.

28

This rule does not mean that a contract already reduced to writing, and signed, is of no binding force merely because it contemplates a subsequent and more formal instrument. If the parties have orally agreed on all the terms and conditions of a contract with the mutual intention that it shall thereupon become binding, but also agree that a formal written agreement to the same effect shall be prepared and signed, the oral agreement is binding regardless of whether it is subsequently reduced to writing.

Whether it is the intention of the parties that the agreement should be binding at once, or when later reduced to writing, or to a more formal writing, is an issue of fact, and is to be determined by reference to the words the parties used, as well as upon all of the surrounding facts and circumstances.

### w.    JURY INSTRUCTION 10.60

#### (i)    MUTUAL CONSENT

One of the essential elements to the existence of a contract is the consent of the parties. This consent must be freely given, mutual, and communicated by each party to the other.

Consent is not mutual, unless the parties all agree upon the same thing in the same sense. Ordinarily, it is the outward expression of consent that is controlling. Mutual consent arises out of the reasonable meaning of the words and acts of the parties, and not from any secret or unexpressed intention or understanding. In determining if there was mutual consent, you should consider not only the words and conduct of the parties, but also the circumstances under which the words are used and the conduct occurs.

Conduct alone is not effective as an expression of consent, unless that person intends to engage in the conduct and knows or has reason to know that the other party may infer consent from such conduct.

### x.    JURY INSTRUCTION 10.61

#### (i)    CONSIDERATION

A promise without sufficient consideration cannot be enforced.

Consideration may be either a benefit conferred or agreed to be conferred upon the person making the promise or some other person, or a detriment suffered or agreed to be suffered by the person to whom the promise is made or some other person. Consideration must be bargained for and given in exchange for the promise. In determining whether there was a bargained-for exchange, you must consider only the outward expression of the intention of the parties.

To be sufficient, the consideration must have some value. Something that is completely worthless cannot constitute sufficient consideration.

y.     **JURY INSTRUCTION 10.65**

**(i)**     **OFFER**

An offer is an expression of willingness to enter into an agreement so made as to justify another person in understanding that his or her consent to that agreement is invited and will conclude it.

Mutual consent is accomplished except as you will be otherwise instructed by the offeror, communicating an offer to another, known as the offeree, who responds by communicating an acceptance of the offer to the offeror.

An expression of willingness to enter into an agreement is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to be bound until he has made a further expression of consent.

An offer must be sufficiently definite, or must call for such definite terms in the acceptance, that the performance promised is reasonably certain of definition.

Parties may engage in preliminary negotiations, oral or written, before reaching an agreement. These negotiations only result in a binding contract when all of the essential terms are definitely understood and agreed upon even though the parties intend that a formal writing including all of these terms shall be signed later, unless the law requires that the contract be in writing, or unless the apparent agreement is void or voidable.

z.     **Jury INSTRUCTION 10.66**

**(i)**     **UNCERTAINTY**

Where any of the essential terms of an apparent agreement are left for future determination and it is understood by the parties that the agreement is not complete until they are settled, or where it is understood that the agreement is incomplete until reduced to writing and signed by the parties, no contract results until this is done.

aa.     **JURY INSTRUCTION 10.68**

**(i)**     **ACCEPTANCE**

An acceptance of an offer must be absolute and unconditional. All of the terms of the offer must be accepted without change or condition.

A change in the terms set forth in the offer, or a conditional acceptance, is a rejection of the offer. Once an offer has been rejected, it cannot be accepted, unless the person who made the offer, remakes the offer following the rejection.

A change in terms, or a conditional or qualified acceptance communicated to the person who made the original offer, is a counter offer. A counter offer may be accepted, rejected totally, or rejected by a further counter offer. A contract results only when an offer or a counter offer is absolutely and unconditionally accepted.

To be effective, an acceptance must be communicated to the person who made the offer. If the offer prescribes any conditions concerning the communication of its acceptance, the conditions

must be conformed to; but in the absence of such conditions, any reasonable and usual mode of communication may be adopted.

**bb.    JURY INSTRUCTION 10.69**

**(i)    MODIFICATION**

A modification of a contract is a change in an obligation by a modifying agreement. To be effective the modifying agreement requires mutual consent. In addition, the modifying agreement must be supported by additional consideration, except that,

1. A contract not in writing may be modified in any respect by consent of the parties, in writing, without a new consideration;

**cc.    JURY INSTRUCTION 10.71**

**(i)    REASONABLE VALUE OF SERVICES (QUANTUM MERUIT)**

The plaintiff seeks to recover damages by way of compensation for the reasonable value of services performed.

When one person renders services to another the law imposes an obligation to pay for the reasonable value of the services except as you will be otherwise instructed if both parties had the expectation that during the time the services were performed that compensation should be made.

**dd.    JURY INSTRUCTION 10.80**

**(i)    CONDITIONS PRECEDENT AND SUBSEQUENT**

A condition is an event which creates or extinguishes a duty on the part of a promisor. A condition which creates a duty is a condition precedent. A condition which extinguishes a duty is a condition subsequent.

A person who makes an absolute or unconditional promise, supported by a sufficient consideration, is bound to perform when the time for performance arrives. A person who makes a conditional promise, supported by a sufficient consideration, is bound to perform only if the condition precedent occurs or is relieved from the duty to perform if the condition subsequent occurs.

A promise may be dependent upon the happening or performance of more than one condition, in which event, the person to whom the promise is made must perform all conditions precedent before any duty to perform arises.

1             **ee.**     **JURY INSTRUCTION 10.85**

2             **(i)**     **BREACH - ESSENTIAL ELEMENTS**

3  The plaintiff seeks to recover damages based upon a claim of breach of contract.

4  An unjustified or unexcused failure to perform a contract is a breach.

5  The essential elements of such a claim are:

6  1. The existence of a valid contract between the parties;

7  2. Plaintiff's performance, unless excused;

8  3. Defendant's unjustified or unexcused failure to perform; and

9  4. Plaintiff had the ability to perform; and

10  5. Damages to plaintiff caused by the breach.

11             **ff.**     **JURY INSTRUCTION 10.86**

12             **(i)**     **TOTAL/PARTIAL BREACH**

13  A breach of contract may be total or partial. If the breach is total, the injured party has the right to terminate the contract. If the breach is partial, there is no such right.

14  A total breach occurs if the breach is material.

15  Materiality depends upon the importance or seriousness of the breach, and the probability of

16  the injured party obtaining substantial performance.

17             **gg.**     **JURY INSTRUCTION 10.90**

18             **(i)**     **GENERAL DAMAGES/BREACH OF CONTRACT**

19  The measure of general damages for the breach of a contract is that amount which will

20  compensate the injured party for all the detriment caused by the breach, or which in the ordinary course of things, would be likely to result therefrom. The injured party should receive those

21  damages naturally arising from the breach, or those damages which might have been reasonably contemplated or foreseen by both parties, at the time they made the contract, as the probable

22  result of the breach. As nearly as possible, the injured party should receive the equivalent of the benefits of performance.

23  Damages must be reasonable. Plaintiff cannot recover a greater amount as damages than he

24  could have gained by the full performance of the contract.

25             **hh.**     **JURY INSTRUCTION 10.92**

26             **(i)**     **SPECIAL DAMAGES/BREACH OF CONTRACT**

27  The plaintiff is also seeking to recover special damages for the claimed breach of contract. Special damages are recoverable when special circumstances exist which cause some unusual

28  injury to plaintiff. The plaintiff can only recover special damages if defendant knew or should

have known of the special circumstances at the time defendant entered into the contract. Any award for special damages must be reasonable.

### ii. JURY INSTRUCTION 10.93

#### (i) OBLIGATION TO PAY MONEY ONLY

The measure of damages for a breach of contract to pay money only, is:

1. The amount due by the terms of the contract

### jj. JURY INSTRUCTION 12.30

#### (i) FRAUD AND DECEIT-INTRODUCTORY INSTRUCTION

The plaintiff seeks to recover damages based upon a claim of fraud.

Conduct may be fraudulent because of an intentional misrepresentation

### JURY INSTRUCTION 12.31

#### (ii) FRAUD AND DECEIT--INTENTIONAL MISREPRESENTATION

The essential elements of a claim of fraud by an intentional misrepresentation are:

1. The defendant must have made a representation as to a past or existing material fact;

2. The representation must have been false;

3. The defendant must have known that the representation was false when made;

4. The defendant must have made the representation with an intent to defraud the plaintiff, that is, he must have made the representation for the purpose of inducing the plaintiff to rely upon it and to act or to refrain from acting in reliance thereon;

5. The plaintiff must have been unaware of the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation;

6. And, finally, as a result of the reliance upon the truth of the representation, the plaintiff must have sustained damage.

### kk. JURY INSTRUCTION 12.32

#### (i) FRAUD AND DECEIT -- EXPRESSION OF OPINION

Ordinarily, expressions of opinion are not treated as representations of fact upon which to base actionable fraud.

However, when one party possesses superior knowledge or special information regarding the subject of a representation, and the other party is so situated that he may reasonably rely upon such supposed superior knowledge or special information, a representation made by the party possessing such knowledge or information will be treated as a representation of fact although if made by any other person it might be regarded as an expression of opinion.

When a party states an opinion as a fact, in such a manner that it is reasonable to rely and act upon it as a fact, it may be treated as a representation of fact.

## ll.    JURY INSTRUCTION 12.40

### (i)    FRAUD AND DECEIT -- PROMISE WITHOUT INTENT TO PERFORM

The essential elements of a claim of fraud by a false promise are:

1. The defendant must have made a promise as to a material matter and, at the time it was made, he must have intended not to perform it;

2. The defendant must have made the promise with an intent to defraud the plaintiff, that is, he must have made the promise for the purpose of inducing plaintiff to rely upon it and to act or refrain from acting in reliance upon it;

3. The plaintiff must have been unaware of the defendant's intention not to perform the promise; he must have acted in reliance upon the promise and must have been justified in relying upon the promise made by the defendant;

4. And, finally, as a result of reliance upon defendant's promise, the plaintiff must have sustained damage.

## mm.    JURY INSTRUCTION 12.51

### (i)    FRAUD AND DECEIT--RELIANCE

A party claiming to have been defrauded by a false [representation] [or] [promise] must have relied upon the [representation] [or] [promise]; that is, the [representation] [or] [promise] must have been a cause of plaintiff's conduct in entering into the transaction and without such [representation] [or] [promise] plaintiff would not have entered into such transaction.

The fraud, if any, need not be the sole cause if it appears that reliance upon the [representation] [or] [promise] substantially influenced such party's action, even though other influences operated as well.

## nn.    JURY INSTRUCTION 12.52

### (i)    FRAUD AND DECEIT--RIGHT TO RELY

A party claiming to have been defrauded by a false [representation] [or] [promise] must not only have acted in reliance on it but must have been justified in such reliance, that is, the situation must have been such as to make it reasonable in the light of the circumstances and plaintiff's intelligence, experience and knowledge, to accept the [representation] [or] [promise] without making an independent inquiry or investigation.

1

**oo.    JURY INSTRUCTION 12.53**

2

    **(i)    FRAUD AND DECEIT--EFFECT OF INDEPENDENT INVESTIGATION**

3

4

5

If a party claiming to have been defrauded makes an independent investigation of the subject matter of the alleged false [representation] [or] [promise] and the decision to engage in the transaction is the result of [his] [or] [her] independent investigation and not [his] [or] [her] reliance upon the [representation] [or] [promise], [he] [or] [she] is not entitled to recover.

6

7

**pp.    JURY INSTRUCTION 12.57**

8

    **(i)    FRAUD AND DECEIT--DAMAGES--BENEFIT OF THE BARGAIN RULE**

9

10

11

If you find that plaintiff is entitled to a verdict against the defendant, you must then award plaintiff damages in an amount that will reasonably compensate for all the loss suffered by plaintiff and caused by the fraud upon which you base your finding of liability.

12

13

The amount of such award shall be the difference between the actual value of that which the plaintiff received and the value which it would have had if the fraudulent representation had been true. This is sometimes referred to as the "benefit of the bargain."

14

**qq.    JURY INSTRUCTION 13.00**

15

    **(i)    AGENT--DEFINITION OF**

16

17

An agent is a person who at a given time is authorized to act for or in place of another person, called a principal. [One may be an agent although no payment for services is received.] For the purposes of this trial, the term "agent" includes employees and the term "principal" includes employers.

18

19

**rr.    JURY INSTRUCTION 13.01**

20

    **(i)    SCOPE OF AUTHORITY-MEANING**

21

22

23

It is not necessary that the conduct of the agent be expressly authorized by the principal or be undertaken for the benefit of the principal for such conduct to be within the scope of the agent's [authority] [or] [employment]. Conduct which is incidental to, customarily connected with or reasonably necessary for the performance of an authorized act is within the scope of the agent's [authority] [or] [employment].

24

**ss.    JURY INSTRUCTION 14.60**

25

    **(i)    SPECULATIVE DAMAGES NOT PERMITTED**

26

27

You are not permitted to [award a party] [include] speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.

28

However, [if you determine that a party is entitled to recover,] you should compensate a party for loss or harm caused by the injury in question which is reasonably certain to be suffered in the future

### tt.    JURY INSTRUCTION 14.71

#### (i)    PUNITIVE DAMAGES -- RECOVERY OF AND MEASURE -- TRIAL NOT BIFURCATED

If you find that plaintiff suffered actual injury, harm, or damage caused by fraudulent misrepresentation you may then consider whether you should award punitive damages against defendant, for the sake of example and by way of punishment. You may in your discretion award such damages, if, but only if, you find by clear and convincing evidence that said defendant was guilty of oppression] [fraud] [or] [malice] in the conduct on which you base your finding of liability.

["Malice" means conduct which is [intended by the defendant to cause injury to the plaintiff] [or] [despicable conduct which is carried on by the defendant with a willful and conscious disregard for the] [rights] [or] [safety] of others.] [A person acts with conscious disregard of the rights or safety of others when [he] [she] is aware of the probable dangerous consequences of [his] [her] conduct and willfully and deliberately fails to avoid those consequences.]

["Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.]

["Despicable conduct" is conduct which is so [vile,] [base,] [contemptible,] [miserable,] [wretched,] [or] [loathsome] that it would be looked down upon and despised by ordinary decent people.]

["Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.]

The law provides no fixed standards as to the amount of such punitive damages, but leaves the amount to the jury's sound discretion, exercised without passion or prejudice.

In arriving at any award of punitive damages, you are to consider the following:

(1) The reprehensibility of the conduct of the defendant.

(2) The amount of punitive damages which will have a deterrent effect on the defendant in the light of defendant's financial condition.

(3) That the punitive damages must bear a reasonable relation to the injury, harm, or damage actually suffered by the plaintiff.

If you find that plaintiff is entitled to an award of punitive damages against defendant, you shall state the amount of punitive damages separately in your verdict.

1

**uu.   JURY INSTRUCTION 14.73.1**

2

**(i)   PUNITIVE DAMAGES AGAINST PRINCIPAL FOR**

3

**ACTS OF AGENT-WHEN PERMITTED (BIFURCATED TRIAL-FIRST PHASE)**

4

You may find a employer guilty of [oppression] [malice] [or] [fraud] based upon acts of an agent if, but only if, you find by clear and convincing evidence that:

5

6

[The employer) had advance knowledge of the unfitness of the agent and with a conscious disregard of the rights and safety of others employed that person .,or

7

[The (employer) [authorized] [or] [ratified] the conduct which is found to be [oppression] [malice] [or] [fraud].]

8

9

[If the (employer) is a corporation, the [act of oppression, fraud or malice,] [advance knowledge and conscious disregard,] [authorization,] [or] [ratification] must be on the part of an officer, director, or managing agent of the corporation.]

10

11

**(ii)   JURY NOT TO TAKE CUE FROM JUDGE**

12

I have not intended by anything I have said or done, or by any questions that I have asked, to suggest how you should decide any questions of fact, or that I believe or disbelieve any witness.

13

14

If anything I have done or said has seemed so to indicate, you must disregard it and form your own opinion.

15

**vv.   JURY INSTRUCTION 15.21**

16

**(i)   JUDGE'S COMMENT ON EVIDENCE**

17

I have not intended by anything I have said or done, or by any questions that I have asked, to suggest how you should decide any questions of fact submitted to you.

18

19

If anything I have done or said has seemed to so indicate, you must disregard it and form your own opinion.

20

21

At this time, however, and for the purpose of assisting you in properly deciding this case, I am permitted by the Constitution of California to comment on the evidence and the testimony and believability of any witness.

22

23

My comments are intended to be advisory only and are not binding on you as you must be the exclusive judges of the questions of fact submitted to you and of the believability of the witnesses.

24

25

You may disregard any or all of my comments if they do not coincide with your views of the evidence and the believability of the witnesses.

26

27

28

ww.    **JURY INSTRUCTION 15.22**

(i)    **ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE**

The purpose of the court's instructions is to instruct you as to the applicable law so that you may arrive at a just and lawful verdict. Whether some instructions apply will depend upon what you find to be the facts. Even though I have instructed you on various subjects [including damages] you must not treat the instructions as indicating the court's opinion on how you should decide any issue in this case [or as to which party is entitled to your verdict].

xx.    **JURY INSTRUCTION 15.30**

(i)    **JURORS TO DELIBERATE**

In the jury room it is your duty to discuss the case in order to reach an agreement if you can.

Each of you must decide the case for yourself, but should do so only after considering the views of each juror.

You should not hesitate to change an opinion if you are convinced it is wrong. However, you should not be influenced to decide any question in a particular way simply because a majority of the jurors, or any of them, favor such a decision.

yy.    **JURY INSTRUCTION 15.31**

(i)    **HOW JURORS SHOULD APPROACH THEIR TASK**

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely helpful for a juror, on entering the jury room, to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown that it is wrong. Remember that you are not partisans or advocates in this matter. You must be impartial judges of the facts.

zz.    **JURY INSTRUCTION 15.33**

(i)    **CHANCE OR QUOTIENT VERDICT PROHIBITED**

You must not determine any issue in this case by chance such as the flip of a coin, the drawing of lots or by any other chance determination. For example, if you determine that a party is entitled to recover, you must not arrive at the amount of damages to be awarded [or any percentage of negligence] by agreeing in advance to determine an average and to make that your verdict, without further exercise of your independent consideration, judgment and decision.

Respectfully submitted,

DATED this _____ day of October, 2005.

MATTHEW T. GREGORY, ESQ.
LUJAN UNPINGCO AGUIGUI & PEREZ LLP

By: _____
MATTHEW T. GREGORY, ESQ.
Attorneys for World Corporation