F I L E D
Clerk
District Court

OCT 3 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**COLIN M. THOMPSON, ESQ.**
The Law Offices of Colin M. Thompson
PMB 917 Box 10001
2nd Floor JET Building
Middle Road, Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiff*

# IN THE DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. 04-00001 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION IN LIMINE RE MITIGATION** |
| WORLD CORPORATION, a CNMI Corporation. | Trial: October 31, 2005 |
| Defendant. | Time: 9:00 a.m. |
| | Judge: Hon. Alex R. Munson |

## I.

## INTRODUCTION

On October 26, 2005, the parties filed a Jointly Prepared Pre-trial order. On October 27, 2005 the Parties filed their respective Proposed Jury Instructions.   In these filings, Defendant raised **for the first time** the affirmative defense of failure to mitigate damages.   It is impermissible under the rules governing these procedures to assert the mitigation defense when it was not plead.

The Federal Rules of Civil Procedure Rule 8 requires a party to plead the affirmative defense of failure to mitigate damages. If a party fails to plead it, the defense of mitigation it is waived. Accordingly, Plaintiff moves the court to exclude all evidence related to the failure to mitigate dameages and to prohibit any reference to mitigation.

## II

## AUTHORITY

Federal Rule of Civil Procedure Rule 8 (c) provides:

> Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel,.... and any other matter constituting an avoidance or affirmative defense.

The cases listed in the annotation to Rule 8 uniformly show that the defense of failure to mitigate damages is waived if it is not plead.

Failure to mitigate damages is usually regarded as affirmative defense, and defendant waived right to mitigation instruction by neglecting to plead failure to mitigate damages as affirmative defense. Sayre v Musicland Group, Inc., Subsidiary of American Can Co. (1988, CA8 Minn) 850 F2d 350, 12 FR Serv 3d 352 (criticized in Minn. Supply Co. v Raymond Corp. (2003, DC Minn) 2003 US Dist LEXIS 9515).

Failure to mitigate damages, although not among affirmative defenses enumerated in rule, is considered to be Rule 8 affirmative defense, and thus where defendant did not raise mitigation defense in its pleading, it is precluded from benefiting from plaintiff's failure to mitigate damages. Modern Leasing, Inc. v Falcon Mfg. of California, Inc. (1989, CA8 Iowa) 888 F2d 59.

Failure to mitigate damages is affirmative defense and therefore must be pleaded. Jones & Jones v Pineda & Pineda (1994, CA1 Puerto Rico) 22 F3d 391, 28 FR Serv 3d 1423.

Where defendant did not raise its affirmative defense of plaintiff's failure to mitigate damages in its answer or counterclaim, but waited to raise argument in its proposed findings which were submitted after damage trial had begun, defendant may fairly be said to have waived this defense. Travellers Int'l, A.G. v Trans World Airlines (1994, CA2 NY) 41 F3d 1570.

Failure to mitigate damages is affirmative defense under Rule 8(c), even though it is not specifically listed. Frederick v Kirby Tankships, Inc. (2000, CA11 Fla) 205 F3d 1277, 2000 AMC 1839, 54 Fed Rules Evid Serv 157, 46 FR Serv 3d 139, 13 FLW Fed C 453, cert den (2000) 531 US 813, 148 L Ed 2d 16, 121 S Ct 46, 2001 AMC 2998 and (criticized in Durfor v K-Sea Transp. Corp. (2001, SD NY) 2001 AMC 2390).

Mitigation of damages is other matter constituting avoidance or affirmative defense, and as such is to be affirmatively pleaded. Camalier & Buckley-Madison, Inc. v Madison Hotel, Inc. (1975, App DC) 168 US App DC 149, 513 F2d 407, 20 FR Serv 2d 510.

1    Mitigation is affirmative defense and must be set forth affirmatively in responsive pleading.

2    Consolidated Mortg. & Finance Corp. v Landrieu (1980, DC Dist Col) 493 F Supp 1284.

3    The Fifth Circuit examined the rule in this way.

4              Federal Rule of Civil Procedure 8(c) ("Rule 8(c)") does not include
               the failure to mitigate damages among the 19 enumerated
5              affirmative defenses. Most federal courts, however, regard the
               failure to mitigate as an affirmative defense under Rule 8(c)'s
6              catchall clause which provides for "any other matter constituting an
               avoidance or affirmative defense." See Conjugal Partnership v.
7              Conjugal Partnership, 22 F.3d 391, 400 (1st Cir.1994)("Failure to
               mitigate is an affirmative defense as a matter of federal procedural
8              law...."); Lennon v. United States Theatre Corp., 287 U.S. App. D.C.
               202, 920 F.2d 996, 1000 (D.C.Cir.1990) ("Failure to mitigate
9              damages is an affirmative defense under Rule 8(c)."); Sayre v.
               Musicland Group, Inc., 850 F.2d 350, 354 (8th Cir.1988)(same).
10             This circuit has held that the "failure to mitigate damages ... is an
               affirmative defense." NLRB v. Pilot Freight Carriers, Inc., 604 F.2d
11             375, 376 (5th Cir.1979).

12        The case law uniformly interprets Rule 8 to require a party to plead the affirmative

13   defense of failure to mitigate damages.  Where a party does not raise mitigation of damages in

14   their responsive pleading, the defense is waived.  World Corporation did not plead mitigation of

15   damages.  It now seeks to introduce the issue at trial.  To allow Defendant to introduce evidence

16   of failure to mitigate damages when it did not plead it as an affirmative defense violates rule 8

17   of the Federal Rules of Civil Procedure and constitutes unfair surprise.  Accordingly, all evidence

18   of failure to mitigate damages should be excluded.

19                                           III

20                                      CONCLUSION

21        For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant

22   motion in limine and exclude evidence on the issue of mitigation of damages.

23

24

25   Dated this 30th day of October 2005.

26

27                                          COLIN M. THOMPSON
                                            Attorney for Plaintiff
28

                                            3