F I L E D
Clerk
District Court

DEC — 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | CIVIL CASE NO. **04-00001** |
| Plaintiff, | |
| vs. | **JURY INSTRUCTIONS** |
| WORLD CORPORATION, | |
| Defendant. | |

Dated: _December 1, 2005_

_[signature]_

**United States District Judge**

## INSTRUCTION NO. ___1___

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which were received into evidence; and

    (3) any facts to which the lawyers stipulated.

**INSTRUCTION NO.** __**3**__

The parties have agreed to certain facts that will be stated to you. You should therefore treat these facts as having been proved.

1.    World Corporation is a CNMI Corporation.

2.    In 1990 World Corporation was incorporated under the laws of the CNMI.

3.    World Construction is a Korean Corporation.

4.    World Construction is not a registered foreign corporation in the CNMI.

5.    World Construction owns 100% of the stock in World Corporation.

6.    Yu Suk Chung is a Korean Citizen.

# INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. _5_

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 6

You are the sole and exclusive judges of the believability of the witnesses and the weight to be given to the testimony of each witness.

In determining the believability of a witness you may consider any matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness, including but not limited to the following:

The demeanor and manner of the witness while testifying;

The character and quality of that testimony;

The extent of the capacity of the witness to perceive, to recollect, or to communicate any matter about which the witness testified;

The opportunity of the witness to perceive any matter about which the witness has testified;

The existence or nonexistence of a bias, interest, or other motive;

A statement previously made by the witness that is consistent or inconsistent with the testimony of the witness;

The existence or nonexistence of any fact testified to by the witness; and

The attitude of the witness toward this action or toward the giving of testimony.

# INSTRUCTION NO. 7

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses, but the convincing force of the evidence.

# INSTRUCTION NO. _8_

Discrepancies in a witness's testimony or between such witness's testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently.  Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

# INSTRUCTION NO. 9

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## INSTRUCTION NO. _10_

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**INSTRUCTION NO.** _11_

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

## INSTRUCTION NO. _12_

You must decide all questions of fact in this case from the evidence received in this trial and not from any other source. You must not make any independent investigation of the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not on your own visit the scene, conduct experiments, or consult reference works for additional information.

## INSTRUCTION NO. _13_

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

# INSTRUCTION NO. _14_

In this trial, the plaintiff is Yu Suk Chung and the defendant is World Corporation. Plaintiff is seeking to recover damages against defendant based upon claims of breach of contract and fraudulent misrepresentation.

Mr. Chung has the burden of proving all of the elements of his claims for breach of contract by a preponderance of the evidence.

As to his claim for fraudulent misrepresentation, Mr. Chung has the burden of proving all of the elements of his claim by clear and convincing evidence. If Mr. Chung proves all of the elements of his claim for fraudulent misrepresentation by clear and convincing evidence, Mr. Chung also seeks punitive damages against World Corporation. Mr. Chung has the burden of proving punitive damages by clear and convincing evidence.

**INSTRUCTION NO.  *15***

      When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

      You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO.  _16_**


When a party has the burden of proof on any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that the claim or affirmative defense is true.  The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.


You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. _17_

Mr. Chung claims that he and World Corporation entered into a contract for employment. Mr. Chung claims that World Corporation breached this contract by failing to perform its obligations. Mr. Chung also claims that World Corporation's breach of this contract caused harm to Mr. Chung for which World Corporation should pay damages.

World Corporation denies that it entered an employment contract with Mr. Chung. World Corporation also claims that if any contract was entered into with Mr. Chung, it was not breached, that it is unenforceable as in violation of CNMI law and public policy, and that Mr. Chung did not adequately mitigate his damages, if any.

# INSTRUCTION NO. _18_

A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty.

## INSTRUCTION NO. _19_

Mr. Chung claims that the parties entered into a contract.

To prove that a contract was created, Mr. Chung must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value; and

3. That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions. If Mr. Chung did not prove all of the above, then a contract was not created. If Mr. Chung did prove all of the above, then a contract was created.

INSTRUCTION NO. __20__

Mr. Chung claims that World Corporation breached an employment contract for a specified term.  To recover damages from World Corporation for breach of contract, Mr. Chung must prove all of the following by a preponderance of the evidence:

1.    That Mr. Chung and World Corporation entered into a contract that specified a length of employment of three (3) years;

2.    That Mr. Chung did all, or substantially all of the significant things that the contract required him to do or that he was excused from having to do those things;

3.    That all conditions required for World Corporation's performance had occurred;

4.    That World Corporation breached the contract of employment by terminating Mr. Chung before the completion of the three-(3)-year term, without good cause; and

5.    That Mr. Chung was harmed by the termination.

# INSTRUCTION NO. _2/_

Both an offer and an acceptance are required to create a contract. World Corporation contends that a contract was not created because there was never any offer. To overcome this contention, Mr. Chung must prove all of the following:

1. That World Corporation communicated to Mr. Chung that it was willing to enter into a contract with Mr. Chung;

2. That the communication contained specific terms; and

3. That, based on the communication, Mr. Chung could have reasonably concluded that a contract with those terms would result if he accepted the offer.

If Mr. Chung did not prove all of the above, then a contract was not created.

Parties may engage in preliminary negotiations, oral or written, before reaching an agreement. These negotiations only result in a binding contract when all of the essential terms are definitely understood and agreed upon even though the parties intend that a formal writing including all of these terms shall be signed later, unless the law requires that the contract be in writing, or unless the apparent agreement is void or voidable.

## INSTRUCTION NO. _22_

An acceptance of an offer must be absolute and unconditional. All of the terms of the offer must be accepted without change or condition.

A change in the terms set forth in the offer, or a conditional acceptance, is a rejection of the offer. Once an offer has been rejected, it cannot be accepted, unless the person who made the offer, remakes the offer following the rejection.

A change in terms, or a conditional or qualified acceptance communicated to the person who made the original offer, is a counter offer. A counter offer may be accepted, rejected totally, or rejected by a further counter offer. A contract results only when an offer or a counter offer is absolutely and unconditionally accepted.

To be effective, an acceptance must be communicated to the person who made the offer. If the offer prescribes any conditions concerning the communication of its acceptance, the conditions must be conformed to; but in the absence of such conditions, any reasonable and usual mode of communication may be adopted.

**INSTRUCTION NO.** _23_

A promise without sufficient consideration cannot be enforced.

Consideration may be either a benefit conferred or agreed to be conferred upon the person making the promise or some other person, or a detriment suffered or agreed to be suffered by the person to whom the promise is made or some other person. Consideration must be bargained for and given in exchange for the promise. In determining whether there was a bargained-for exchange, you must consider only the outward expression of the intention of the parties.

To be sufficient, the consideration must have some value. Something that is completely worthless cannot constitute sufficient consideration.

# INSTRUCTION NO. _24_

One of the essential elements to the existence of a contract is the consent of the parties. This consent must be freely given, mutual, and communicated by each party to the other.

Consent is not mutual, unless the parties all agree upon the same thing in the same sense. Ordinarily, it is the outward expression of consent that is controlling. Mutual consent arises out of the reasonable meaning of the words and acts of the parties, and not from any secret or unexpressed intention or understanding. In determining if there was mutual consent, you should consider not only the words and conduct of the parties, but also the circumstances under which the words are used and the conduct occurs.

Conduct alone is not effective as an expression of consent, unless that person intends to engage in the conduct and knows or has reason to know that the other party may infer consent from such conduct.

**INSTRUCTION NO. _25_**

Where any of the essential terms of an apparent agreement are left for future determination and it is understood by the parties that the agreement is not complete until they are settled, or where it is understood that the agreement is incomplete until reduced to writing and signed by the parties, no contract results until this is done.

## INSTRUCTION NO. _26_

When the parties orally or in writing agree that the terms of a proposed contract are to be reduced to writing and signed by them before it is to be effective, there is no binding agreement until a written contract is signed.

This rule does not mean that a contract already reduced to writing, and signed, is of no binding force merely because it contemplates a subsequent and more formal instrument. If the parties have orally agreed on all the terms and conditions of a contract with the mutual intention that it shall thereupon become binding, but also agree that a formal written agreement to the same effect shall be prepared and signed, the oral agreement is binding regardless of whether it is subsequently reduced to writing.

Whether it is the intention of the parties that the agreement should be binding at once, or when later reduced to writing, or to a more formal writing, is an issue of fact, and is to be determined by reference to the words the parties used, as well as upon all of the surrounding facts and circumstances.

# INSTRUCTION NO. _27_

1.  The terms of a contract may be reasonably certain even though it empowers one or both parties to make a selection of terms in the course of performance.

2.  Part performance under an agreement may remove uncertainty and establish that a contract enforceable as a bargain has been formed.

3.  Action in reliance on an agreement may make a contractual remedy appropriate even though uncertainty is not removed.

# INSTRUCTION NO. _28_

World Corporation claims that if there was a contract with Mr. Chung on terms as alleged by Mr. Chung, the contract was modified, or changed. World Corporation must prove that the parties agreed to the modification. Mr. Chung denies that the contract was modified or changed.

The parties to a contract may agree to modify its terms. You must decide whether a reasonable person would conclude from the words and conduct of Mr. Chung and World Corporation that they agreed to modify the contract. You cannot consider the parties' hidden intentions.

**INSTRUCTION NO.** *29*

An employer, who without good cause, under an employment contract for a specified term, terminates an employee before the end of the term, is in breach of the contract.

## INSTRUCTION NO. _30_

Good cause exists when an employer's decision to discharge an employee is made in good faith and based on a fair and honest reason. Good cause does not exist if the employer's reasons for the discharge are trivial, arbitrary, inconsistent with usual practices, or unrelated to business needs or goals.

# INSTRUCTION NO. 31

If you decide that Mr. Chung has proved his claim against World Corporation for breach of contract, you also must decide how much money will reasonably compensate Mr. Chung for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Mr. Chung in as good a position as he would have been if World Corporation had performed as promised.

To recover damages for any harm, Mr. Chung must prove:

1.    That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.    That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.


Mr. Chung must also prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages. Mr. Chung claims damages for breach of a three (3) year employment contract.

**INSTRUCTION NO.** _32_

If the defendant breached an employment contract for a specified term with plaintiff, plaintiff is entitled to recover monetary damages caused by the breach.

Damages for breach of the employment contract are the amount of compensation agreed upon from the date of breach to the date on which the contract was to have terminated.

## INSTRUCTION NO. 33

Present or future damages, as an element of general damages, may be recovered for a breach of contract if,

1.    The loss is the direct and natural consequence of the breach;

2.    It is reasonably probable that wages would have been earned except for the breach; and

3.    The amount of loss can be shown with reasonable certainty.

If future loss of wages is reasonably certain, any reasonable basis for determining the amount of the probable wages lost is acceptable.

## INSTRUCTION NO. *34*

You are not permitted to award a party speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.

However, if you determine that a party is entitled to recover, you should compensate a party for loss or harm caused by the injury in question which is reasonably certain to be suffered in the future.

# INSTRUCTION NO. _35_

In this case, the plaintiff claims that certain individuals were acting as World Corporation's agents.  World Corporation denies that those individuals were acting as World Corporation's agents or, if they were agents, World Corporation denies that those individuals were acting within their scope of authority.

If you find that those individuals were agents of World Corporation and that they were acting within the scope of authority, then any act or omission was the act or omission of World Corporation.

If you find that those individuals were not agents of World Corporation or not acting within the scope of authority as World Corporation's agents, then any act or omission was not the act or omission of World Corporation.