# INSTRUCTION NO. 36

In this trial, you have heard the plaintiff testify as to certain statements made by other individuals. The plaintiff claims that (1) those statements were made by individuals who were authorized by World Corporation to make the statements, or (2) those statements were made by individuals who were World Corporation's agents or servants and that the statements concerned a matter within the scope of the individuals' agency or employment and were made during the existence of the agency or employment.

As to such statements, you may consider the contents of those statements, but the statements alone are not sufficient to establish the following:

(1)     Whether those individuals had the authority to make the statements on behalf of World Corporation; and

(2)     Whether those individuals had an agency or employment relationship with World Corporation, and if so, what was the scope of such agency or employment.

It is up to you to decide the two issues I have just described.

**INSTRUCTION NO.** *3 7*

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## INSTRUCTION NO. *38*

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. The agency agreement may be oral or written.

# INSTRUCTION NO. _39_

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

# INSTRUCTION NO. _40_

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

# INSTRUCTION NO. 4/

The plaintiff Yu Suk Chung also seeks to recover damages based upon a claim of fraud. Conduct may be fraudulent because of an intentional misrepresentation or an intentional false promise.

# INSTRUCTION NO.  *42*

The essential elements of a claim of fraud by a false promise are:

1. The defendant must have made a promise as to a material matter and, at the time it was made, it must have intended not to perform it;

2. The defendant must have made the promise with an intent to defraud the plaintiff, that is, it must have made the promise for the purpose of inducing plaintiff to rely upon it and to act or refrain from acting in reliance upon it;

3. The plaintiff must have been unaware of the defendant's intention not to perform the promise; he must have acted in reliance upon the promise and must have been justified in relying upon the promise made by the defendant;

4. And, finally, as a result of reliance upon defendant's promise, the plaintiff must have sustained damage.

## INSTRUCTION NO. 43

You may consider the conduct of a party making a promise, either before or after the promise was made, in determining whether there was an intention not to perform the promise when made.

## INSTRUCTION NO. _44_

A promise is important if it would influence a reasonable person's judgment or conduct.  A promise is also important if the person who makes it knows that the person to whom the promise is made is likely to be influenced by it even if a reasonable person would not.

**INSTRUCTION NO.** *45*

A party claiming to have been defrauded by a false promise must have relied upon the promise; that is, the promise must have been a cause of plaintiff's conduct in entering into the transaction and without such promise plaintiff would not have entered into such transaction.

The fraud, if any, need not be the sole cause if it appears that reliance upon the promise substantially influenced such party's action, even though other influences operated as well.

**INSTRUCTION NO.** *46*

Mr. Chung relied on World Corporation's misrepresentation if it caused him to quit his job with Kangwon Land in Korea and move to Saipan with his family, and if he would probably not have done so without such misrepresentation.  It is not necessary for a misrepresentation to be the only reason for Mr. Chung's conduct. It is enough if a misrepresentation substantially influenced Mr. Chung's choice, even if it was not the only reason for his conduct.

# INSTRUCTION NO. 47

A party claiming to have been defrauded by a false promise must not only have acted in reliance on it but must have been justified in such reliance, that is, the situation must have been such as to make it reasonable in the light of the circumstances and plaintiff's intelligence, experience and knowledge, to accept the promise without making an independent inquiry or investigation.

# INSTRUCTION NO. _48_

Ordinarily, expressions of opinion are not treated as representations of fact upon which to base actionable fraud.

However, when one party possesses superior knowledge or special information regarding the subject of a representation, and the other party is so situated that he may reasonably rely upon such supposed superior knowledge or special information, a representation made by the party possessing such knowledge or information will be treated as a representation of fact although if made by any other person it might be regarded as an expression of opinion.

When a party states an opinion as a fact, in such a manner that it is reasonable to rely and act upon it as a fact, it may be treated as a representation of fact.

## INSTRUCTION NO. _49_

In the absence of information such as would cause a reasonable person to inquire further, plaintiff would be entitled to rely on defendant's factual representations.

## INSTRUCTION NO. 50

If you find that plaintiff is entitled to a verdict against the defendant, you must then award plaintiff damages in an amount that will reasonably compensate for all the loss suffered by plaintiff and caused by the fraud upon which you base your finding of liability.

The amount of such award shall include the difference between the actual value of that which the plaintiff received and the value which he would have received if the fraudulent representation had been true. This is sometimes referred to as the "benefit of the bargain."

# INSTRUCTION NO. 51

If you find for the plaintiff on his claim for fraudulent misrepresentation, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded and the amount, by clear and convincing evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a) How reprehensible was World's conduct?

(b) Is there a reasonable relationship between the amount of punitive damages and Mr. Chung's harm, that is, Mr. Chung's compensatory damages?

(c) In view of World's financial condition, what amount is necessary to punish World and discourage future wrongful conduct? You may not increase the punitive damage award above an amount that is otherwise appropriate merely because World has substantial financial resources. By contrast, any award of punitive damages you impose may not exceed World's ability to pay. The amount of punitive damages you award, if any, cannot destroy or cripple World, in light of its financial condition.

# INSTRUCTION NO. 52

The defendant in this case, in addition to denying the claims made by the plaintiff, has affirmatively asserted certain special defenses to the plaintiff's claims. I will review these affirmative defenses with you in a moment. The defendant has the burden of proof as to the allegations of any affirmative defenses upon which the defendant relies. The plaintiff does not have the burden to disprove the allegations of the defendant's affirmative defenses. Rather, each party has the burden of proving that party's own claims and no burden to disprove the claims of that party's adversary.

In a moment, I will explain the affirmative defenses asserted by the defendant.

## INSTRUCTION NO. ⟍⟋ 3

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      That the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      The amount by which damages would have been mitigated.

The amount by which the plaintiff could have mitigated his damages shall be deducted from the amount of damages awarded to the plaintiff, if any.

# INSTRUCTION NO. _54_

An employee, who was damaged as a result of a breach of an employment contract by the employer, has a duty to take steps to minimize the loss by making a reasonable effort to find comparable employment.

If the employee through reasonable efforts could have found comparable employment, any amount that the employee could reasonably have earned by obtaining comparable employment through reasonable efforts shall be deducted from the amount of damages awarded to the employee.

**INSTRUCTION NO.** _55_

If a contract breaks the law or violates public policy, then the plaintiff often cannot enforce it.

# INSTRUCTION NO. *56*

(1)    A promise or other term of an agreement is unenforceable on grounds of

public policy if legislation provides that it is unenforceable or the interest in

its enforcement is clearly outweighed in the circumstances by a public policy

against the enforcement of such terms.

(2)    In weighing the interest in the enforcement of a term, account is taken of

a.   The parties' justified expectations,

b.   Any forfeiture that would result if enforcement were denied, and

c.   Any special public interest in the enforcement of the particular term.

(3)    In weighing a public policy against enforcement of a term, account is taken of

a.   The strength of that policy as manifested by legislation or judicial

decisions,

b.   The likelihood that a refusal to enforce the term will further that policy,

c.   The seriousness of any misconduct involved and the extent to which it was

deliberate, and

d.   The directness of the connection between the misconduct and the term.

# INSTRUCTION NO. *57*

It shall be unlawful for an employer to hire or employ a person who is not lawfully in the Commonwealth or if such person is a nonresident worker if such nonresident worker's contract has not been approved by the chief.

It shall be unlawful for a nonresident worker to work in the Commonwealth if such nonresident worker's contract has not been approved by the chief.

# INSTRUCTION NO. 58

4437(d)  No employer or nonresident worker shall execute any contract, make any other agreement, or change any existing contract, in writing or otherwise, regarding the employment of such worker, without the approval of the chief, and no nonresident worker shall perform labor or services within the Commonwealth except pursuant to an approved contract or an approved change to this contract.  Any nonresident employment contract or change thereto which has not been approved by the chief or which violates any provisions of this chapter shall, in the discretion of the chief:

    (1)       Be voidable;

    (2)       Be grounds for certificate revocation;

    (3)       Be grounds to disqualify an employer from further use of any nonresident labor.

INSTRUCTION NO. *59*

§ 4412.        Nonresident Workers: Definitions.

As used in this chapter, the term:

(a) "Agreement" means a nonresident employment agreement between the Chief of Labor and an employer pursuant to 3 CMC § 4433;

(b) "Available" means offering to perform any type of services or labor for an employer at the time and place, and under the terms and conditions, designated by such employer;

(c) "Certificate" means a certificate of labor and immigration issuable by the director pursuant to 3 CMC § 4435(b);

(d) "Chief" means the Chief of Labor;

(e) "Contract" means a contract between a nonresident worker and an employer, pursuant to 3 CMC § 4434;

(f) "Director" means the Director of Commerce and Labor;

…..

(h) "Employer" means any individual, partnership, association, or corporation hiring, employing, or otherwise engaging for compensation any resident worker or nonresident worker to perform services or labor within the Commonwealth, including any branch, agency, or instrumentality of the Commonwealth, but does not include the … United States government;

(i) "Nonresident worker" means any available individual who is at least 18 years old and who is capable of performing services or labor desired by an employer and who

is not a resident worker.  Nonresident worker shall not include any immediate relative,

spouse or children including legally adopted children of a U.S. citizen or any foreign

investor; and

       ....

       ....

       ....

       ....

       (n)  "Resident worker" means any available individual who is capable of

performing services or labor desired by an employer, and who is a citizen or national of

the United States as defined in the Constitution of the Northern Mariana Islands or who

has been granted national or citizenship status pursuant to Commonwealth law or who is

legally residing without restrictions as to employment in the Commonwealth.

INSTRUCTION NO. 60

§ 4434.         Procedure and Requirements: Approval of Contract by Director.

After entering into a nonresident employment agreement pursuant to 3 CMC §

4433, an employer may use a nonresident worker to fill the job vacancy covered by this

agreement, subject to the following procedures and conditions:

(a)  Prior to entry of the nonresident worker into the Commonwealth for

employment under this chapter or, if the worker is already within the Commonwealth,

before commencing employment, the employer shall present to the chief the affidavit

described in subsection (b) of this section, a fully executed employment contract between

the employer and the nonresident worker which shall conform to the requirements of

subsection (c) of this section and shall be contingent on: (1)  approval by the chief, (2)

the payment of the required fee, and (3)  the disclosure of any other information or

document required pursuant to the employment agreement or departmental regulations.

Approval by the chief, as required by this section, is a review of the contract for

compliance with the provisions of this chapter.  Such review shall not subject the chief or

the Commonwealth government to liability on the employment contract, even if the chief

approves a contract which does not comply with all the provision of this chapter.

(b)  The affidavit of the nonresident worker shall be sworn to by the worker and

shall indicate:

(1)  That the worker has a minimum of two years experience in the occupational

field for which he or she is to be hired, except that two years total experience in any field

shall suffice if the position is an unskilled position as designated by the chief;

(2)  That the worker meets any occupational qualification for the position as published in the vacancy announcement required by subsection (b) of this section;

(3)  The marital status of the worker, and the name, address, age, and relationship of any dependent;

(4)  That the worker has not been convicted of a felony or other crime involving moral turpitude, except that the director may waive this requirement if the director finds that the presence of the worker in the Commonwealth would not be detrimental to the public interest; and

(5)  If the affidavit of the nonresident worker is not executed in the Commonwealth, it shall be attested to under penalty of perjury as true by the employee's employment recruitment agency that shall be licensed to do business in the Commonwealth.

(c)  The contract between the employer and the nonresident worker shall include specific itemization of any deductions from the employee's salary.  No deductions may be levied against a nonresident worker unless:

(1)  The expenses are specifically included in the employment contract entered between the employer and the nonresident worker and executed at the time of and place of recruitment of the nonresident worker;

(2)  Expenses incurred by the employer for room and board are no more than the expenses actually incurred by the employer in providing such benefits; and

(3)  Deductions of such expenses from employees compensation is not in violation of any applicable federal or Commonwealth law or regulation promulgated by the director.

(d)  After reviewing the information and documents submitted pursuant to subsection (a) of this section and within 30 calendar days of its receipt the chief shall determine if the nonresident worker and the employment contract meet all the requirements of this chapter.  If the nonresident worker does not qualify, the chief shall notify the employer and the nonresident worker if the worker is within the Commonwealth, giving reasons for this determination in writing.  If the employment contract is not in compliance, the chief shall prepare a corrective addendum to be executed by the employer and the nonresident worker.  When the chief is satisfied that all requirements have been met, he shall signify his approval on the employment contract and any addendum and notify the employer.

## INSTRUCTION NO. _61_

Korean has been used during this trial.

The evidence you are to consider is only that provided through the official court translators. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

# INSTRUCTION NO. 62

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# INSTRUCTION NO. _63_

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 64

Verdict forms have been prepared for you. [*Any explanation of the verdict forms may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**INSTRUCTION NO.** *65*

Mr. Chung has made claims against World Corporation for breach of contract and fraud. If you decide that Mr. Chung has proved more than one claim, the same damages that resulted from those claims can be awarded only once. You may consider awarding punitive damages only if Mr. Chung proves his claim for fraud.

## INSTRUCTION NO. _66_

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. _67_**

I have not intended by anything I have said or done, or by any questions that I have asked, to suggest how you should decide any questions of fact submitted to you.

If anything I have done or said has seemed to so indicate, you must disregard it and form your own opinion.

## INSTRUCTION NO. _6 8_

The purpose of the court's instructions is to instruct you as to the applicable law so that you may arrive at a just and lawful verdict. Even though I have instructed you on damages, you must not treat the instructions as indicating the court's opinion on how you should decide any issue in this case or as to which party is entitled to your verdict.

**INSTRUCTION NO.** 69

You must not determine any issue in this case by chance such as the flip of a coin, the drawing of lots or by any other chance determination. For example, if you determine that a party is entitled to recover, you must not arrive at the amount of damages to be awarded by agreeing in advance to determine an average and to make that your verdict, without further exercise of your independent consideration, judgment and decision.