**MATTHEW T. GREGORY, ESQ.**
Attorney at Law
Second Floor, V.S. Sablan Building
Chalan Piao
PMB 419, Box 10000
Saipan, MP 96950
Telephone:    (670) 234-3972
Facsimile:    (670) 234-3973

**DAVID J. LUJAN, ESQ.**
**IGNACIO C. AGUIGUI, ESQ.**
**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone:    (671) 477-8064
Facsimile:    (671) 477-5297

*Attorneys for Defendant World Corporation*

FILED
Clerk
District Court

DEC - 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>             Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>             Defendant. | CIVIL CASE NO. **04-00001**<br><br>MOTION FOR AN ORDER DECLARING A MISTRIAL<br><br>Date: _____<br><br>Time: _____ |

Defendant World Corporation, by its attorneys, moves the Court for an order declaring a mistrial in this case as the jury cannot reach a unanimous verdict and discharging the jury, on grounds of manifest necessity.

The Court may declare a mistrial and discharge the jury if there is "manifest necessity" or if the "ends of public justice" would otherwise be defeated if a mistrial was not declared. *United*

*States v. Salvador,* 740 F.2d 752, 754 (9th Cir. 1984).  A "deadlocked jury" is a classic example of "manifest necessity." *Id.* at 755.  In such circumstances, the decision of the trial judge to declare a mistrial will be given great deference because he is in the best position to assess the relevant factors.  *United States v. Rogers,* 609 F.2d 1315, 1317 (9th Cir. 1979).

Under the law of this circuit, "the factors to be considered by the judge include the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has made a timely objection to the mistrial, and the effects of exhaustion or coercion on the jury." *Id.*  The "crucial factor" is the jury's statement that it cannot agree.  *Id.*  Therefore, the "judge should question the jury in such circumstances either individually or through its foreman, on the possibility that its current deadlock could be overcome by further deliberations." *Id.* (*quoting United States v. See,* 505 F.2d 845, 850 (9th Cir. 1974)).  However, a "judge can appropriately determine that there is a manifest necessity for a mistrial by questioning only the jury foreman."[1]  *United States v. Cawley,* 630 F.2d 1345, 1349 (9th Cir. 1980).  *See Hysell v. Pliler,* 2001 WL 940914, *4 (N.D. Cal. 2001).

This is the fourth day of jury deliberations.  On Friday afternoon, December 2, 2005, the second day of deliberations, the jury indicated that it had come to an impasse on the second claim (fraudulent misrepresentation).[2]  On Monday morning, December 5, 2005, the Court gave the jury an *Allen*-type instruction (over Defendant's objection).[3]  It is now one day later, December 6, and

---

[1] Indeed, Defendant submits that there is a danger in questioning individual jurors. Inquiry into or the revelation of the numerical split of a deadlocked jury could pose problems in the proceedings.  *See United States v. See,* 505 F.2d at 852 n.10; *United States v. Seawell,* 550 F.2d 1159, 1163 n.7 (9th Cir. 1977).  "There is no requirement that each individual juror be polled before declaring a mistrial." *Hysell v. Pliler,* 2001 WL 940914, *5.

[2] There are essentially only three claims at issue in this case – breach of contract, fraudulent misrepresentation, and punitive damages.  The jury can decide the claim for punitive damages only after it has reached a verdict in favor of Plaintiff on the fraudulent misrepresentation claim.

[3] No further *Allen* or *Allen*-type instructions may be given in this case.  A second instruction would constitute reversible error.  *See Kaluna v. Iranon,* 952 F.Supp. 1426, 1430-31 (D. Haw. 1996).  Indeed, the Ninth Circuit has observed that a "single Allen charge, without more, stands at the brink of impermissible coercion." *United States v. Seawell,* 550 F.2d at 1163.

the jury has still not arrived at a verdict as to the claim for fraudulent misrepresentation. It is unknown if the jury has reach a verdict as to the 1st verdict form (breach of contract).

Defendant respectfully submits that the time has come to declare a mistrial because of the jury deadlock on the claim for fraudulent misrepresentation and its inability to come to a verdict on any of the claims. The time that has elapsed since the jury's first indication of a deadlock, and the time that has elapsed since the Court gave the jury an *Allen*-type instruction suggests that further deliberations would not be beneficial. The Court must "be careful not to attempt to extract a verdict from the jury by unacceptably coercive means." *Salvador,* 740 F.2d at 755. *See United States v. Cawley,* 630 F.2d at 1349 ("A mistrial is declared when the jury is deadlocked as much to protect the defendant from being convicted by a coerced jury as to allow the prosecution a fair chance to present its case to an impartial jury."). As more time passes, the risk that an unfair verdict might result from exhaustion or coercion of the jury also increases.

At the very least, the Court should immediately inquire of the jury foreperson to confirm whether there is a reasonable possibility that the current deadlock could be overcome by further deliberations. If the inquiry reveals no reasonable possibility that the deadlock can be overcome, then the Court should declare a mistrial immediately and discharge the jury.

**Dated: December 6, 2005**          **MATTHEW T. GREGORY, ESQ.**
                                     **LUJAN AGUIGUI & PEREZ LLP**


By: _____
    MATTHEW T. GREGORY, ESQ.
    *Attorneys for World Corporation*