FILED
Clerk
District Court

DEC - 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>Defendant. | Case No. CV-04-0001<br><br>**NOTICE OF ORDER FOR MISTRIAL AS TO PLAINTIFF'S FRAUDULENT MISREPRESENTATION CLAIM** |

THIS MATTER came before the court for a trial by jury on October 31, 2005. Plaintiff Yu Suk Chung appeared personally and by and through his attorneys, Colin Thompson and Robert T. Torres; Defendant World Corporation appeared personally and by and through its attorney, Matthew Gregory.

On Friday, December 1, 2005, at approximately 10:00 a.m., the court charged the jury and the jury commenced deliberations. On December 2, 2005, at approximately 1:15 p.m., the jurors sent a note signed by the foreperson to the court that was shared with the parties. The note stated that the jurors were deadlocked on Verdict Form 2. Verdict Form 2 asks the jurors whether Plaintiff proved by clear and convincing evidence all of the elements of his fraudulent misrepresentation claim against Defendant.

In response, the court suggested to the parties that the court give the jurors an additional instruction in the form of a modified Allen charge as set forth in the Ninth Circuit's model jury instruction ("model jury instruction") and allow the jurors more time to deliberate. The court solicited alternative suggestions from counsel of both parties. Plaintiff concurred with the reading of the model jury instruction and allowing the jurors more time to deliberate; Defendant objected, asked for a mistrial, and submitted a variant of the model jury instruction. The court accepted some

but not all of Defendant's proposed instruction. Defendant renewed his objection to providing any additional instruction to the jury.

To prevent the coercive effect of giving the modified Allen charge fifteen minutes before the jurors were expected to retire for the day and weekend, the court, with the consent of the parties, excused the jurors at approximately 3:15 p.m. The jurors were given the additional instruction in the form of a modified Allen charge on Monday, December 5, 2005, at approximately 9:30 a.m. At Defendant's request, the instruction specifically identified Verdict Form 2.

On December 6, 2005, at approximately 9:25 a.m., the jurors sent a note signed by the foreperson indicating that some jurors wanted to notify the court that the jurors were deadlocked and other jurors desired to continue deliberations. The note went further to ask whether a simple majority ruled the decision and asked for further guidance. After conferring with the parties, the court sent a note back to the jurors at approximately 11:25 a.m. guiding them to instruction number 63, the instruction on the requirement for a unanimous verdict.

That same day, at approximately 1:20 p.m., the jurors sent a note signed by the foreperson indicating that the jurors were ready to render a verdict. In response, at approximately 2:10 p.m. the court sent a note back to the jury notifying them that, in response to their note, the court would convene at four o'clock.

At approximately 4:05 p.m., the court convened. Verdict Form No. 2, corresponding to fraudulent misrepresentation, was returned to the court unanswered. In response, the court asked the foreperson whether the jury was deadlocked, to which the foreperson responded in the affirmative. The court asked the foreperson whether there was a probability that the jury could render a unanimous verdict upon additional deliberation, to which the foreperson responded in the negative. The court then asked counsel of both parties whether they would like the court to poll the jurors, to which both parties answered in the negative.

//

//

1  Accordingly, after giving careful consideration to the alternatives and in light of the
2  communication between the jurors and the court, it was the finding of the court that the jurors could
3  not reach a unanimous decision for Verdict Form 2, Plaintiff's fraudulent misrepresentation claim.
4  THE COURT HEREBY ORDERS a mistrial as to Plaintiff's claim of fraudulent
5  misrepresentation, as it is manifestly necessary to insure justice under the circumstances.
6  DATED this 8th day of December, 2005.

_____
David A. Wiseman
Designated Judge