FILED
Clerk
District Court

DEC 1 6 2005

for The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WORLD CORPORATION,<br><br>　　　　Defendant. | Case No. CV-04-0001<br><br>**NOTICE OF ORDER DENYING DEFENDANT'S MOTIONS FOR MISTRIAL AS TO THE BREACH OF CONTRACT CLAIM** |

THIS MATTER came before the court on Wednesday, December 14, 2005, for hearing of defendant's motion for mistrial as to Count I, the breach of contract claim. Plaintiff appeared by and through his attorney, Colin M. Thompson; defendant appeared by and through its attorneys, David J. Lujan (via telephone) and Ignacio C. Aguigui (via telephone).

THE COURT, having fully considered the written arguments of defendant and the oral arguments of the parties, denied defendant's motion for mistrial as to Count I, the breach of contract claim.

### I. Background

The following took place during the trial. On Thursday, December 1, 2005, at approximately 10:00 a.m., the court charged the jury and the jury commenced deliberations. On December 2, 2005, at approximately 1:15 p.m., the jurors sent a note signed by the foreperson to the court that was shared with the parties. The note stated that the jurors were deadlocked on Verdict Form 2. Verdict Form 2 asks the jurors whether Plaintiff proved by clear and convincing evidence all of the elements of his fraudulent misrepresentation claim against Defendant.

//

In response, the court suggested to the parties that the court give the jurors an additional instruction in the form of a modified *Allen* charge as set forth in the Ninth Circuit's model jury instruction ("model jury instruction") and allow the jurors more time to deliberate. The court solicited alternative suggestions from counsel of both parties. Plaintiff concurred with the reading of the model jury instruction and allowing the jurors more time to deliberate; Defendant objected, asked for a mistrial, and submitted a variant of the model jury instruction. The court accepted some but not all of Defendant's proposed instruction. Defendant renewed its objection to providing any additional instruction to the jury.

To prevent the coercive effect of giving the modified Allen charge fifteen minutes before the jurors were expected to retire for the day and weekend, the court, with the consent of the parties, excused the jurors at approximately 3:15 p.m. The jurors were given the additional instruction in the form of a modified Allen charge on Monday, December 5, 2005, at approximately 9:30 a.m. At Defendant's request, the instruction specifically identified Verdict Form No. 2. The following is the modified Allen charge that the court gave the jury (emphasis not in original):

> Members of the jury, you have advised that you have been unable to agree upon a verdict as to **Verdict Form No. 2**. I have decided to suggest a few thoughts to you.
>
> As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.
>
> All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position. If you still cannot arrive at a verdict and you believe that continued deliberations would not be beneficial, then please advise me.
>
> I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including

this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

This modified Allen charge was read to the jury and submitted in the jury room as Instruction No. 70.

On December 6, 2005, at approximately 9:25 a.m., the jurors sent a note signed by the foreperson indicating that some jurors wanted to notify the court that the jurors were deadlocked and other jurors desired to continue deliberations. The note went further to ask whether a simple majority ruled the decision and asked for further guidance. After conferring with the parties, the court sent a note back to the jurors at approximately 11:25 a.m., right before the jurors' lunch break, referring them to instruction number 63, the instruction on the requirement for a unanimous verdict. The court's note stated: "Your note to me asked if a simple majority rules the decision. Please refer to instruction number 63. If you have other questions let me know."

That same day, at approximately 1:20 p.m., about twenty minutes after they returned from their lunch break, the jurors sent a note signed by the foreperson indicating that the jurors were ready to render a verdict. In response, at approximately 2:10 p.m. the court sent a note back to the jury notifying them that, in response to their note, the court would convene at four o'clock.

At approximately 4:05 p.m., the court convened. Verdict Form No. 1, corresponding to the breach of contract claim, was returned answered and in favor of plaintiff. Verdict Form No. 2, corresponding to fraudulent misrepresentation, was returned to the court unanswered. In response, the court asked the foreperson whether the jury was deadlocked, to which the foreperson responded in the affirmative. The court asked the foreperson whether there was a probability that the jury could render a unanimous verdict upon additional deliberation, to which the foreperson responded in the negative. The court then asked counsel of both parties whether they would like the court to poll the jurors, to which both parties answered in the negative.

//

//

## II. Analysis

Defendant claims that the verdict as to Count 1 (Verdict Form No. 1) was coerced by the court's additional instruction in the form of a modified *Allen* charge and by the note the court sent to the jurors in response to the jurors question regarding a simple majority. Defendant claims that this coercion necessitates a mistrial as to Count 1.

"The district court's deliverance of an '*Allen* charge' must be upheld unless it is clear from the record that the charge had an impermissibly coercive effect on the jury." *United States v. Lorenzo*, 43 F.3d 1303, 1307 (9th Cir. 1995); *see Allen v. United States*, 164 U.S. 492, 501-02 (1896). There are four factors that the court examines to determine the coerciveness of the modified *Allen* charge: "(1) the form of the instruction; (2) the period of deliberation following the *Allen* charge; (3) the total time of jury deliberation; and (4) the indicia of coerciveness or pressure upon the jury." *United States v. Wills*, 88 F.3d 704, 717 (9th Cir. 1996) (quotations omitted) (quoting *United States v. Foster*, 711 F.2d 871, 874 (9th Cir. 1983)).

First, the form of the instruction does not raise a suspicion of coercion. Here, the modified *Allen* charge specifically identifies Verdict Form No. 2, the fraudulent misrepresentation claim, and not Verdict Form No. 1, the breach of contract claim. With Verdict Form No. 2 specified in the instruction, any coercion that may have occurred as to the breach of contract claim is speculative.

Defendant also claims that the note responding to the jurors' question regarding a simple majority is a "de facto Allen charge." An *Allen* charge is a statement instructing the jury of their duty as jurors to deliberate. However, the note simply refers to Instruction No. 63 which informs the jury of the requirement that the jury return a unanimous verdict. Accordingly, it is not a de facto Allen charge.

Furthermore, the length of deliberation following the *Allen* charge does not raise a suspicion of coercion. A jury verdict reached immediately after an *Allen* charge may suggest coercion. *United States v. Bonam*, 772 F.2d 1449, 1451 (9th Cir. 1985). Here, however, there was about eight and one-half hours of non-consecutive deliberation over the course of two days and two lunch breaks.

Defendant claims that this amount of time was excessive and caused coercion. However, the length of time, in and of its self, does not give rise to coercion. Furthermore, Defendant misstates how the court should consider the length of deliberation after the jury was given further instructions of the modified *Allen* charge. Defendant claims that the more time the jurors spend deliberating after being given the modified *Allen* charge, the more likely that coercion occurred. However, it is the brevity of the deliberation after the instruction that indicates coercion. *Id.* Accordingly, Defendant's argument disfavors it's position that the modified *Allen* charge was coercive.

The last two factors also do not favor a mistrial. The period of total deliberation lasted less than three days as compared to the length of trial, which lasted approximately twenty days. In addition, there were no indicia of coerciveness. The facts suggest that the jurors were not hesitant to ask the court questions. Furthermore, the jurors, even after given instructions on their duty to deliberate, returned Verdict Form No. 2, the fraudulent misrepresentation claim, signed but otherwise blank. Accordingly, defendant has failed to demonstrate that the modified *Allen* charge had a coercive impact on deliberations.

IT WAS SO ORDERED.

DATED this 16th day of December, 2005.

                                                ALEX R. MUNSON
                                                    Judge