Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
PMB 917 Box 10001
J.E.Tenorio Building
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiff*

IN THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. 04-00001 |
| Plaintiff, | MOTION TO AMEND JUDGMENT PURSUANT TO RULE 59 |
| vs. | |
| WOLRD CORPORATION and A CNMI Corporation. | Date: ~~January 19, 2005~~ FEB 1 6 2006<br>Time: ~~9:00 a.m.~~ 8:30 A.M.<br>Judge: Hon. Alex R. Munson |
| Defendant. | |

**COMES NOW**, Plaintiff, Yu Suk Chung through his counsel of record, Colin M. Thompson, hereby submits this Motion to Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

**INTRODUCTION**

On December 8, 2005, this Court entered Judgment in favor of Plaintiff on his Breach of Contract claim in the amount of $136,665.00. Of the total judgment, $126, 665.00 constitutes Mr. Chung's back wages based on an $80,000 per year salary less the earnings he was paid by the Defendant ($33,335.00). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Plaintiff

1

now moves the Court to amend the judgment to include statutory damages equal to the amount of wages awarded to Mr. Chung.

## AUTHORITY

Federal Rules of Civil Procedure Rule 59(e) Provides:

> Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment USCS Fed Rules Civ Proc R 59

> Under Fed. R. Civ. P. 59(e), employee was entitled to amendment of judgment rendered by jury in her favor on her claim of retaliation under 29 P.R. Laws Ann. § 194; damage award was increased because 29 P.R. Laws Ann. § 194a(b) contained express mandate for doubling of compensatory damages. *Acevedo Martinez v Coatings Inc.* (2003, DC Puerto Rico) 286 F Supp 2d 107. Annotation to USCS Fed Rules Civ Proc R 59

The Court judgment entered on December 8, 2005 entitles the plaintiff to an award of liquidated damages pursuant to the Commonwealth of the Northern Mariana Islands Non-resident Worker Act. Specifically, 3 CMC 4447 (d) provides:

> "In any action taken directly by or on behalf of a nonresident worker, notwithstanding any other remedies that may apply, the worker that prevails in such action shall recover unpaid wages and overtime compensation, an additional equal amount as liquidated damages, and court costs. In all cases the court shall, as part of the judgment render a finding as to the merits of the action..." 3 CMC § 4447 (d)

In this matter, the jury returned a verdict in favor of the plaintiff for breach of contract. The court entered judgment based on the jury's verdict and "...ORDERED AND ADJUDGED that Plaintiff Yu Suk Chung recover from Defendant World Corporation in the amount of $136,665.00 for breach of contract." Judgment as to Breach of Contract entered in the United States District Court for the Northern Mariana Islands on December 8, 2005. However, the court did not add to the verdict

"an additional equal amount as liquidated damages" as mandated by the relevant Commonwealth statute.

The Commonwealth Supreme Court has held that an award of liquidated damages is mandatory and requires only that the worker be the prevailing party. "This language requires only that the worker be the prevailing party. It does not require a showing of willfulness. Based on the clear mandate of this statute, the trial court correctly held that Mr. Limon is entitled to liquidated damages and attorney's fees. *Limon v. Camacho*, 1996 MP 18, P28 (N. Mar. I. 1996). Accordingly, pursuant to 3 CMC § 4447 (d) this Court must award liquidated damages in an amount equal to the award of unpaid wages. The Judgment provided that Mr. Chung recover $136,665.00 in damages. The jury reached this figure by awarding Mr. Chung two years salary ($80,000.00 x 2 = $160,000.00) less his actual earnings from the defendant during that two year period ($33,335.00).[1] That means that the total award of unpaid wages was $126,665.00.[2] Pursuant to Commonwealth statute, this Court must award an equal amount ($126,665.00) in liquidated damages.

## CONCLUSION

Based on the forgoing, the plaintiff respectfully requests the Court to amend the December 8, 2005 Judgment to included an additional $126,665.00 in liquidated damages awarded to the plaintiff pursuant to 3CMC § 4447 (d).

Dated this 22nd day of December 2005.

COLIN M. THOMPSON
Attorney for Plaintiff

---

[1] Please see declaration of Maria H. Aguon attached as Exhibit "A" to the declaration of Colin M. Thompson filed concurrently with this motion.

[2] An additional $10,000 was awarded Mr. Chung as a "relocation bonus." Please see declaration of Maria H. Aguon attached as Exhibit "A" to the declaration of Colin M. Thompson filed concurrently with this motion.

3