Clerk
District Court

DEC 22 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiff*

## IN THE DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. 04-00001 |
| Plaintiffs, | |
| vs. | |
| WOLRD CORPORATION A CNMI Corporation. | MOTION FOR ATTORNEY'S FEES and COSTS |
| | Date : FEB 1 6 2006 |
| | Time : 8:30 A.M. |
| Defendants. | Judge: Hon. Alex R. Munson |

### INTRODUCTION

On December 8, 2005 this Court entered Judgment in favor of Plaintiff on his Breach of Contract claim in the amount of $136,665.00. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Plaintiff now moves for an award of attorney's fees and costs. Plaintiff also moves for recovery of nontaxable costs as allowed under this rule.

### AUTHORITY

Rule 54 (d) (2) of Federal Rules of Civil Procedure provides:

> "(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

1

     (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." USCS Fed Rules Civ Proc R 54

The Court's judgment entered on December 8, 2005 entitles the plaintiff to an award of attorney's fees pursuant to the Commonwealth of the Northern Mariana Islands Non-resident Worker Act. Specifically, 3 CMC 4447 (d) provides:

> "In any action taken directly by or on behalf of a nonresident worker, notwithstanding any other remedies that may apply, the worker that prevails in such action shall recover unpaid wages and overtime compensation, an additional equal amount as liquidated damages, and court costs. In all cases the court shall, as part of the judgment render a finding as to the merits of the action. The filing of an action which is determined by the court to be unfounded or without merit shall be considered a material breach of contract and shall prevent reentry into the Commonwealth by the nonresident worker in the event the nonresident attempts reentry into the Commonwealth within five years from the date of the court's decision. **Any employer** who violates the provisions of this chapter or **breaches an employment contract with a nonresident worker, in addition to any other damages which may be awarded the nonresident worker by the court,** shall be awarded reasonable attorney fees. However, attorney fees shall not be recoverable against the Commonwealth." 3 CMC 4447 (d)

Plaintiff's counsel fairly estimates that the attorney's fees sought amount to approximately two hundred thousand dollars ($200,000.00). Plaintiffs will provide the Court with a precise figure and supporting documentation arrived at through the loadstar method as directed by the Court. Similarly, the plaintiff will provide the Court with a precise calculation of nontaxable costs as directed.

## CONCLUSION

The Plaintiff established at trial that defendant World Corporation breached the contract between them and that Mr. Chung was damaged in an amount of $136, 665.00. Under the controlling law of the Commonwealth of the Northern Mariana Islands, Mr. Chung is entitled by statute to recover attorney fees. "Any employer who …breaches an employment contract with a nonresident worker…**shall be** awarded reasonable attorney fees. 3 CMC 4447 (d). For the reasons stated, plaintiff respectfully requests the Court to award him attorney's fees and costs.

Dated this 21st day of December, 2005.

_____
COLIN M. THOMPSON, ESQ
Attorney for Plaintiff