Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
PMB 917 Box 10001
J.E.Tenorio Building
Middle Road
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiff*

IN THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. 04-00001 |
| Plaintiff, | MOTION FOR SANCTIONS |
| vs. | FEB 1 6 2006 |
| WOLRD CORPORATION and A CNMI Corporation. | Date: ~~January 19, 2005~~<br>Time: ~~9:00 a.m.~~ 8:30 A.M.<br>Judge: Hon. Alex R. Munson |
| Defendant. | |

**COMES NOW**, Plaintiff, Yu Suk Chung through his counsel of record, Colin M. Thompson, hereby submits this motion for sanctions.

## INTRODUCTION

On December 6, 2005, after twenty days of trial, the jury in this case returned a verdict in favor of Mr. Chung for breach of contract. During the discovery phase of this litigation, plaintiff asked, inter alia, World Corporation to admit (1) that they hired Mr. Chung; (2) that Mr. Chung was employed by World Corporation; (3) that they entered an employment contract with Mr. Chung; (4) that World Corporation paid Mr. Chung for services; and (5) that they terminated Mr. Chung's

1

employment with World Corporation. World Corporation denied each of these requests for admission. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Mr. Chung is entitled to the costs he incurred in proving these facts denied by the defendant. Accordingly, plaintiff moves the Court for an award of attorney's fees and costs as a sanction for defendant's refusal to admit facts which were ultimately proved by Mr. Chung.

## **AUTHORITY**

Federal Rule of Civil Procedure Rule 37(c)(2) provides that

> (2) If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.
> USCS Fed Rules Civ Proc R 37

If a party fails to admit a matter that another party subsequently proves at trial, the other party can move after trial for its reasonable expenses, including a reasonable attorney fee, incurred in proving the matter. *Bradshaw v. Thompson*, 454 F.2d 75 (6th Cir.1972), *cert denied*, 409 U.S. 878, 93 S. Ct. 130, 34 L.Ed.2d 131 (1972); *National Semiconductor Corp. v. Ramtron International Corp.*, 265 F.Supp.2d 71 (D.D.C. 2003). The court must then award expenses unless one of the following four conditions exists: (1)   The request was objectionable;   (2) The admission sought was of no substantial importance;   (3) The party refusing to admit had reasonable grounds to believe that it would be successfully on the matter; or (4) Other good reasons exist for the failure to admit, such as a genuine inability to determine the truth of the matter.

The declaration of Colin M. Thompson filed in support of this motion identifies those requests for admission which were denied and then subsequently proven at trial. Although the proof of these facts is either directly or circumstantially inferred from the jury's verdict and the judgment entered on December 8, 2005, plaintiff requests that the Court take judicial notice of the evidence produced at trial. Counsel for the plaintiff are prepared to provide the Court with an itemization of costs and expenses incurred by the plaintiff to prove those facts that were denied as the Court so directs.

## CONCLUSION

Based on the foregoing motion and authority, the supporting declaration as well as the evidence adduced at trial, the plaintiff respectfully requests the Court to enter an order granting plaintiff's motion for sanctions.

Dated this 22nd day of December 2005.

_____
COLIN M. THOMPSON
Attorney for Plaintiff