MATTHEW T. GREGORY
Attorney at Law
Second Floor, V.S. Sablan Building
Chalan Piao
PMB 419, Box 10000
Saipan MP 96950
Telephone:  (670) 234-3972
Facsimile:  (670) 234-3973

*Attorney for World Corporation*

DAVID J. LUJAN
IGNACIO C. AGUIGUI
LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP
Attorneys At Law
Suite 300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-8064/5
Facsimile: (671) 477-5297

*Attorneys for World Corporation*

FILED
Clerk
District Court

DEC 22 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | ) Civil Action No. **04-00001** |
| Plaintiff, | ) |
| | ) **MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | ) **FOR CERTIFICATION PURSUANT TO** |
| | ) **RULE 54(b) OR IN THE ALTERNATIVE TO** |
| | ) **AMEND THE JUDGMENT** |
| WORLD CORPORATION, | ) Date: FEB 1 6 2006 |
| Defendant. | ) Time: 8:30 A.M. |

- 1 -

Defendant World Corporation respectfully submits this Memorandum of Law in Support of its motion for Certification pursuant to Rule 54(b) or in the alternative, to Amend the Judgment pursuant to rule 59(e) of the Federal Rules of Civil Procedure. As explained below, this case falls squarely within the framework of Rule 54(b), and World's motion for Rule 54(b) certification should be granted.

## INTRODUCTION

Defendant moves for an order pursuant to Rule 54(b) allowing Defendant to appeal the judgment in favor of the plaintiff as to the breach of contract claim. When a judgment is entered as to less than all the claims in a lawsuit, the District Court may direct the entry of a final judgment upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed. R. Civ. P. Rule 54(b). See also Curtiss-Wright, 446 U.S. at 6 (noting district court's grant of stay pending appeal following rule 54(b) certification); Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 741 (Fed. Cir. 1997) (noting that District Court stayed further proceedings on counterclaims pending appeal of summary judgment of non-infringement certified pursuant to Rule 54(b)); Digital Privacy, Inc. v. RSA Sec., Inc., 199 F. Supp.2d 457, 460-61 (E.D. Va. 2002) (granting Rule 54(b) motion and staying remainder of case pending appeal).

By staying the trial of the fraudulent misrepresentation claim pending appeal of this Court's ruling on breach of contract, judicial economies also would be improved, because, if the appeal is successful based on Defendant's jurisdictional argument, this court would be spared needless further proceedings on this case.

**I. THIS COURT SHOULD CERTIFY PARTIAL FINAL JUDGMENT UNDER RULE 54(b).**

A. Rule 54(b) Is A Well-Recognized Tool To Enhance Judicial Efficiency and To Avoid the Injustice of Delays.

On December 8, 2005, this court entered a judgment as to plaintiff's breach of contract claim but a mistrial was granted as to plaintiff's claim for fraudulent misrepresentation. A new trial on the fraudulent misrepresentation claim was scheduled for April 17, 2006. Rule 54(b) states, in pertinent part:"... when multiple parties are involved [in an action], the court may direct the entry of a final judgment as to one or more but fewer than all of the... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment...." By its terms, Rule 54(b) may be invoked when more than one but fewer than all claims have been adjudicated or, alternatively, when the rights and liabilities of at least one party to a multiple party action have been finally adjudicated. Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F,2d 1519, 1524 (9th Cir. 1987).

The fundamental purpose of Rule 54(b) is "to avoid the possible injustice of a delay in entering judgment... as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2654, at 33 (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432 (1956)). "In the interests of sound judicial administration, Congress enacted Rule 54(b) to 'relax[] the restrictions upon what should be treated as a judicial unit for the purposes of appellate jurisdiction.'" W.L. Gore&Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 861 (Fed. Cir. 1992) (quoting Sears, Roebuck, 351 U.S. at 432). Rather than contradict the well-recognized policy against piecemeal appeals, Rule 54(b) is consistent with that policy. Sears, Roebuck, 351 U.S. at 438 (Rule 54(b) "preserves the historic federal policy against piecemeal appeals").
Courts have repeatedly recognized that certification of judgment pursuant to Rule 54(b) is

appropriate. See, e.g., Curtiss-Wright, 446 U.S. at 12-13 (concluding district court did not abuse its discretion in granting Rule 54(b) motion); Sears, Roebuck, 351 U.S. at 436 (same); Cold Metal Process Co. v. United Eng'g & Foundry Co., 351 U.S. 445, 452-53 (1956) (same); Gore, 975 F.2d at 862-65 (asserting jurisdiction over appeal following Rule 54(b) certification on motion after finding of no infringement); Monsanto v. McFarling, - F.3d - , Nos. 03-1177, 03-1228, 2004 WL 757945, at *1 (Fed. Cir. Apr. 9, 2004) (asserting jurisdiction over appeal following Rule 54(b) certification); Northrop Grumman Corp. v. Intel Corp., 325 F.3d 1346, 1348 (Fed. Cir. 2003) (asserting jurisdiction over appeal following Rule 54(b) certification on motion after finding of no infringement); Rheox, 276 F.3d at 1324 (asserting jurisdiction over appeal following Rule 54(b) certification on motion after summary judgment of no infringement); Trilogy Communications, 109 F.3d at 745 (asserting jurisdiction following district court's Rule 54(b) certification after summary judgment of no infringement); Continental Airlines, 819 F.2d at 1525 ("given the size and complexity of this case... the district court['s Rule 54(b) certification] effectively narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions."); Nautilus Group, Inc. v. Icon Health and Fitness Inc., - F. Supp.2d - , No. C02-2420P, 2003 WL 23330869, at *4-*5 (W.D.Wash. Oct. 27 2003) (granting Rule 54(b) motion and reasoning that appeal would enhance judicial efficiency and economy). In this case, certification is appropriate to prevent further proceedings when jurisdiction is in doubt.

B. The Standards Governing A Rule 54(b) Motion.

In deciding a Rule 54(b) motion, the "district court must first determine that it is dealing with a 'final judgment.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). "Once having found finality, [the] district court must go on to determine whether there is any just reason for delay." Id. at 8. In its role as a "dispatcher," the district court exercises its "sound judicial discretion... to determine

the 'appropriate time' when each final decision... is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration." Id.

C. In Its Discretion, This Court Should Expressly Determine That There is No Just Reason For Delaying An Appeal.

A determination of whether there exists any just reason for delaying an appeal is within the sound discretion of the District Court. Curtiss-Wright, 446 U.S. at 8; Continental Airlines, 819 F.2d at 1524. Guiding the District Court in the exercise of its discretion, the Supreme Court has stated that

in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Curtiss-Wright, 446 U.S. at 8 (citation and internal quotations omitted). However, even assuming that there is some relevant factual overlap (which there is not), "other factors may justify the district court's exercise of discretion to certify an appeal in a given case." Gore, 975 F.2d at 864; see also Curtiss-Wright, 446 U.S. at 8 n.2 (noting that any single factor is not dispositive of whether Rule 54(b) certification is appropriate); Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991) (affirming certification under Rule 54(b) even though the remaining claims would require proof of the same facts involved in the dismissed claims, appeal of legal issues will streamline ensuing

litigation); Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1524-25 (9th Cir. 1987) (affirming certification under Rule 54(b) even though the remaining claims would require proof of the same facts involved in the dismissed claims). Here, these "other factors" all weigh heavily in favor of the entry of partial final judgment under Rule 54(b).

**II. IF PARTIAL FINAL JUDGMENT IS ENTERED UNDER RULE 54(b), THE BALANCE OF THIS CASE SHOULD BE STAYED PENDING APPEAL.**

If this Court grants World's motion for Rule 54(b) certification, then this Court should also stay the balance of this. To promote "economy of time and effort for itself, for counsel, and for litigants," a district court may in its discretion stay all or part of an action. Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 (9th Cir. 2000). This power rests on the court's "inherent authority to control its own docket and calendar." Id. (citing Landis v. North American Company, 299 U.S. 248, 254-55 (1936)). This inherent authority is very broad: [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. Yong, 208 F.3d at 1119-20 (quoting Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)). Following the grant of Rule 54(b) certification, courts commonly stay the balance of the case pending appeal. See, e.g., Curtiss-Wright, 446 U.S. at 6 (noting district court's grant of stay pending appeal following rule 54(b) certification); Trilogy Communications, 109 F. 2d at 741 (noting that district court stayed further proceedings on counterclaims pending appeal of summary judgment of non-

infringement certified pursuant to Rule 54(b)); Digital Privacy, 199 F. Supp.2d at 460-61 (granting Rule 54(b) motion and staying remainder of case pending appeal).

Here, a stay pending appeal of this Court's claim construction rulings would increase judicial economies and administrative efficiencies, and would mitigate any potential wasted effort of the parties by providing the parties with an authoritative decision regarding jurisdiction. Thus, a stay pending appeal is warranted and appropriate.

### III. IN THE ALTERNATIVE, THIS COURT SHOULD TREAT THIS AS A MOTION TO AMEND THE JUDGMENT.

If this Court determines that said motion should not proceed under Rule 54(b), the defendant requests this court to amend its December 22, 2005 judgment to clearly state that it is a final order.

### IV. CONCLUSION

Based on the foregoing, Defendant World Corporation respectfully requests that this Court issue an order dismissing this case for lack of subject matter jurisdiction and/or for non-joinder of an indispensable party.

Dated this 22nd day of December, 2005.

                                        **MATTHEW T. GREGORY, ESQ.**
                                  **LUJAN UNPINGCO AGUIGUI & PEREZ LP**

                                        MATTHEW T. GREGORY
                                        Attorney for Defendant

# CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION CERTIFYING THE JUDGMENT PURSUANT TO RULE 54(B) OR IN THE ALTERNATIVE, TO AMEND THE JUDGMENT was by me or at my direction served on 12/22/05 via hand delivery to:

**Colin M. Thompson**
Attorney at Law
Lower Base
P.O. Box 501280
Saipan, MP 96950

**Robert T. Torres**
Attorney at Law
1st Floor, D'Torres Building
Middle Road Garapan
P.O. Box 503758
Saipan, MP 96950

MATTHEW T. GREGORY