1    **MATTHEW T. GREGORY**
     **Attorney at Law**
2    Second Floor, V.S. Sablan Building
     Chalan Piao
3    PMB 419, Box 10000
     Saipan MP 96950
4    Telephone:    (670) 234-3972
     Facsimile:    (670) 234-3973
5
     *Attorney for World Corporation*
6

7    **DAVID J. LUJAN**
     **IGNACIO C. AGUIGUI**
8    **LUJAN, UNPINGCO, AGUIGUI & PEREZ** LLP
     **Attorneys At Law**
9    Suite 300 Pacific News Building
     238 Archbishop Flores Street
10   Hagåtña, Guam 96910
     Telephone: (671) 477-8064/5
11   Facsimile:  (671) 477-5297

12   *Attorneys for World Corporation*

13              **IN THE UNITED STATES DISTRICT COURT**

14                            **FOR THE**

15                **NORTHERN MARIANA ISLANDS**

16

17   YU SUK CHUNG,                    )    Civil Action No. **04-00001**
                                      )
18              Plaintiff,            )
                                      )    **MEMORANDUM IN SUPPORT OF MOTION**
19                                    )    **FOR  COSTS PURSUANT TO RULE 68 OR**
           vs.                        )    **IN THE ALTERNATIVE TO AMEND THE**
20                                    )    **JUDGMENT TO INCLUDE COSTS**
                                      )
21   WORLD CORPORATION,               )    FEB 1 6 2006
                                      )    Date:
22              Defendant.            )    Time:   8:30am.
     ─────────────────────────────── )

23

24

                                    - 1 -

1     Defendant World Corporation respectfully submits this Memorandum of Law in Support of its

2     MOTION FOR COSTS PURSUANT TO RULE 68 OR IN THE ALTERNATIVE TO AMEND THE

3     JUDGMENT TO INCLUDE COSTS.   Said motion is brought pursuant to Rule 68 and 59 of the

4     Federal Rules of Civil Procedure and the Declaration of Matthew T. Gregory in support of said motion.

5

6                                         **INTRODUCTION**

7         On December 8, 2005 this court issued a judgment on the plaintiff's claim for breach of contract

8     and a mistrial on the plaintiff's claim for fraudulent misrepresentation.  The judgment of December 8,

9     2005 awarded the plaintiff $136,665.00 for the breach of contract claim.  The judgment did not discuss

10    which party would bear the costs of this action.   However, defendant made a rule 68 offer of judgment

11    on October, 1, 2005 in the amount of $175,000.  *Declaration of Matthew T. Gregory.*   Plaintiff did not

12    accept said offer of judgment and thus is liable to pay for costs incurred pursuant to rule 68 of the

13    Federal rules of civil procedure.

14

15                                          **ARGUMENT**

16    **I. A RULE 68 OFFER OF JUDGMENT IS DESIGNED TO ENCOURAGE EFFICIENT
      SETTLEMENTS PRIOR TO TRIAL.**

17

18         Rule 68 of the Federal Rules of Civil Procedure provides in pertinent part:

19    At any time more than 10 days before the trial begins, a party defending against a claim may serve
      upon the adverse party an offer to allow judgment to be taken against the defending party for the money

20    or property or to the effect specified in the defending party's offer, with costs then accrued....  An offer
      not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding

21    to determine costs.  If the judgment finally obtained by the offeree is not more favorable than the offer,
      the offeree must pay the costs incurred after the making of the offer.

22

23

24

                                             - 2 -

1    Rule 68 is intended to encourage settlements and avoid protracted litigation." *In the Delta*

2    *Airlines Inc. v. August,*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L. Ed. 2d. 287 (1981). The

3    Supreme Court in this case stated that: "In all litigation, the adverse consequences of potential defeat

4    provide both parties with an incentive to settle in advance of trial. Rule 68 provides an additional

5    inducement to settle in those cases in which there is a strong possibility that the plaintiff will obtain a

6    judgment but the amount of recovery is uncertain". See also *Marek v. Chesney,* 473 U.S., 1, 5, 105 S.

7    Ct. 3012, 3014, 87 L. Ed. 2d. (1985). ("the rule prompts both parties to a suit to evaluate the risks

8    and costs of litigation, and to balance them against the likelihood of success upon the trial on the

9    merits.") In this case, the offer judgment is significantly larger then the amount a verdict. This is just

10   the type of case that Rule 68 was meant to be used for. If this offer of judgment had been accepted,

11   both parties would have been spared the needless expense of a one-month trial. This court should not

12   rewarded plaintiff for such conduct.

13

14   **II. ALL THE REQUIREMENTS FOR A RULE 68 MOTION OFFER OF JUDGMENT HAVE**
     **BEEN MET.**

15

16   All the requirements for awarding costs to the defendant pursuant to Rule 68 have been met.

17   Plaintiff was timely served with the offer of judgment. Plaintiff failed to timely accept said offer

18   judgment. The judgment of $136,665.00 for the breach of contract claim is far less than the $175,000

19   offer of judgment. Costs will certainly not be sufficient to alter the application of the offer of judgment

20   to this trial. Therefore, this court should issue an order granting costs to the defendant pursuant to Rule

21   68 of the Federal Rules of Civil Procedure, pending calculation of said costs.

22

23

24

1

2

**CONCLUSION**

3

Based on the foregoing, Defendant World Corporation respectfully requests that this Court issue an

4

order granting defendant their costs pursuant to Rule 68 of the Federal rules of civil procedure, or in the

5

alternative that the judgment be amended to reflect the taxing of these costs against the plaintiff.

6

7

Dated this 22nd day of December, 2005.

8

**MATTHEW T. GREGORY, ESQ.**

9

**LUJAN UNPINGCO AGUIGUI & PEREZ LLP**

10

11

12

MATTHEW T. GREGORY

13

Attorney for Defendant

14

15

16

17

18

19

20

21

22

23

24

- 4

1

## CERTIFICATE OF SERVICE

2

3        I certify that a true and correct copy of the foregoing DEFENDANT'S NOTICE OF
MOTION & MOTION, DECLARATION IN SUPPORT AND MEMORANDUM FOR  COSTS
PURSUANT TO RULE 68 OR IN THE ALTERNATIVE TO AMEND THE JUDGMENT TO
4        INCLUDE COSTS was by me or at my direction served on 12/23/05 via hand delivery to:

5

6               **Colin M. Thompson**
                Attorney at Law
7               Lower Base
                P.O. Box 501280
8               Saipan, MP 96950

9

10              **Robert T. Torres**
                Attorney at Law
                1st Floor, D'Torres Building
11              Middle Road Garapan
                P.O. Box 503758
12              Saipan, MP 96950

13

14

15

16                                          MATTHEW T. GREGORY

17

18

19

20

21

22

23

24

- 5