F I L E D
Clerk
District Court

JAN 1 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1

**MATTHEW T. GREGORY, ESQ.**
Attorney at Law

2   Second Floor, V.S. Sablan Building
Chalan Piao

3   PMB 419, Box 10000
Saipan, MP 96950

4   Telephone: (670) 234-3972
Facsimile: (670) 234-3973

5

**DAVID J. LUJAN, ESQ.**
**IGNACIO C. AGUIGUI, ESQ.**

6   **LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP**
Attorneys at Law

7   Pacific News Building, Suite 300
238 Archbishop Flores Street

8   Hagåtña, Guam 96910
Telephone: (671) 477-8064/5

9   Facsimile: (671) 477-5297

10  *Attorneys for Defendant World Corporation*

11              UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN MARIANA ISLANDS

13  YU SUK CHUNG,                    )   Civil Action No. **04-00001**
                                     )
14              Plaintiff,           )
                                     )
15                                   )
        vs.                          )   **OPPOSITION TO PLAINTIFF'S MOTIONS**
16                                   )   **TO AMEND JUDGMENT, MOTION FOR**
                                     )   **ATTORNEY'S FEES AND COSTS AND**
17  WORLD CORPORATION,               )   **MOTION FOR SANCTIONS**
                                     )
18              Defendant.           )
    _____ )

19

20          COMES NOW Defendant, through the undersigned counsel, hereby enters its Opposition to

21  Plaintiff's Motion to Amend Judgment, Plaintiff's Motion for Attorney's Fees and Costs and

22  Plaintiff's Motion for Sanctions.

23

24

25

                                    - 1 -

1

2

3

**INTRODUCTION**

Plaintiff's Motions to Amend Judgment, Motion for Attorney's Fees and Costs and Motion for Sanctions seeks Attorney's fees, costs, liquidated damages and sanctions. Plaintiff pled claims for attorney fees, but not for liquidated damages. However, plaintiff never cited the Nonresident Worker's Act in his complaint or in his pretrial brief. Furthermore, plaintiff chose to maintain a common-law contract right of action which offers greater potential damages, but no liquidated damages and attorneys fees as opposed to an action under the nonresident worker's act, which includes only lost wages plus attorneys fees and liquidated damages. Having obtained a smaller award than expected under the common-law contract action, plaintiff seeks to have this cake and eat it too by tacking on liquidated damages and attorneys fees. Plaintiff cannot pick and choose these remedies. Having pursued a common-law breach of contract claim, plaintiff is bound to cause of action which does not include attorney's fees and liquidated damages. If Plaintiff wanted liquidated damages and attorneys fees, he should have brought an action before the Department of Labor under the Nonresident Worker's Act. Plaintiff is not entitled to any of the relief requested.

**FACTS**

Plaintiff brought suit against defendant based eight causes of action. At the time the case was submitted to the jury, only 2 claims remained, one for breach of contract and one for fraudulent misrepresentation. The jury returned a verdict for breach of contract but a mistrial was declared for the claim for fraudulent misrepresentation. The breach of contract verdict did not apportion the damages, but merely awarded a lump sum of $136,665.00. The verdict

1  form contained no indication what portion of the damages were attributable to pain and

2  suffering, lost wages, etc. in the verdict form.

3

4  **ARGUMENT**

5

6  **I.    PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES OR LIQUIDATED DAMAGES.**

7          **A.    Attorney's fees are granted only in cases of breach of an employment contract approved by the Department of Labor or where a worker brings an action based on the Act.**

8

9

10  Plaintiff claims entitlement to attorney's fees based upon the Nonresident Worker's Act.

11  The relevant section is contained at 3 CMC § 4447 which details the remedies and penalties for

12  violation of the act.  It is important to analyze the entire section in order to determine whether

13  attorneys fees and liquidated damages are recoverable by the plaintiff.  3 CMC § 4447 provides as

    follows:

14      (a)  At the request of the director, or of the chief through and with the approval of the
15  director, the **Attorney General may institute a civil action** in any court of record having
    jurisdiction for a temporary restraining order, injunction, or other appropriate remedy to enforce
16  any provision of this chapter, or any rule, regulation, or order issued under this chapter.

17      (b)  **Any nonresident worker** who is aggrieved by the failure or refusal of his employer to
    comply with the employment contract **may make a complaint to the chief**...

18      (c)  If any person fails to comply with any provision of this chapter, or any rule, regulation,
19  or order issued under this chapter, or any nonresident worker employment agreement, after notice
    of such failure and expiration of any reasonable period allowed by the chief for corrective action,
20  the person shall be liable for a civil penalty of not more than $500 for each day of the continuance
    of such failure.   Subject to the approval of the director, the chief may assess, collect, and
21  compromise any such penalty.   No penalty shall be assessed until the person charged with a
    violation has been given an opportunity for a hearing pursuant to 3 CMC § 4444.

22      (d)  In any action taken **directly by** or **on behalf of a nonresident worker**, notwithstanding
23  any other remedies that may apply, the worker that prevails in such action shall recover unpaid
    wages and overtime compensation, **an additional equal amount as liquidated damages, and**
24  **court costs.   In all cases the court shall, as part of the judgment render a finding as to the**

25

- 3 -

1  **merits of the action**.  The filing of an action which is determined by the court to be unfounded or
2  without merit shall be considered a material breach of contract and shall prevent reentry into the
   Commonwealth by the nonresident worker in the event the nonresident attempts reentry into the
3  Commonwealth within five years from the date of the court's decision.  Any employer who
   violates the provisions of this chapter or breaches an employment contract with a nonresident
4  worker, in addition to any other damages which may be awarded the nonresident worker by the
   court, shall be awarded **reasonable attorney fees**.  However, attorney fees shall not be
5  recoverable against the Commonwealth.

6      It is clear that 3 CMC § 4447 does not apply to this case.  Subsection (a) refers to cases

7  brought by the government in a civil action before the CNMI Superior Courts, presumably on

8  appeal.      Subsection (b) refers to action brought directly by the worker in an administration

9  proceeding.   Subsection (c) discusses penalties issued administratively by the Department of

10  Labor.  Finally, subsection (d) deals with attorney fees and liquidated damage for the prevailing

11  party.  However, it shows that it refers to the prevailing party in either an administrative action

12  brought by the worker or a civil action brought by the Attorney General.  We have neither case

13  here.  Instead, we have a direct suit by the worker in district court.  Thus, plaintiff has brought a

14  simple breach of contract claim instead of a claim under the Non-Resident Workers Act.

15     What is most telling is the fact that the relief requested by the plaintiff did not include

16  liquidated damages, and the calculations of damages requested by plaintiff made it clear that he

17  was seeking more than just lost wages. Plaintiff made a case for lost opportunity costs, pain and

18  suffering and many other elements aside from straight lost wages. The only compensatory

19  damages allowed in a claim under the Nonresident Workers Act are lost wages. Clearly, the

20  nonresident workers act was irrelevant to plaintiff's claims and thus liquidated damages and

21  attorney's fees may not be granted.  Otherwise, plaintiff would have clearly pled such an action

22  by citing the statute.  If the defendant had known that plaintiff was making a claim under the

23  Nonresident Workers Act, then it would have objected to all damages outside of lost wages in this

24  breach of contract action.  However, plaintiff wanted to have it both ways, the best elements of

25

- 4 -

1   damages for both types of action.  This court should not permit plaintiff to succeed in such an

2   argument.

3

4   **B.    The E'*Saipan Motors, Inc.* decision does not apply to this case.**

5

6   Plaintiff has cited the *Loren* case for the proposition that plaintiff's claim fits under the

7   Nonresident Workers Act.  *Loren v. E'Saipan Motors, Inc.*, 1 CR 566 (1990).  However, the

8   *Loren* decision is radically different from the case before us.  In *Loren*, the plaintiff had executed

9   a nonresident worker's contract.  The issue was merely whether or not a modification of that

10  contract without Department of labor approval was legal.  In our case, there was no approved

11  contract.  Furthermore, the *Loren* plaintiff brought his action under the Nonresident Workers Act

12  before the Department of Labor.  In this case, no labor case was filed, nor was the nonresident

    workers act alluded to in the complaint.

13      Furthermore, the *Loren* court relied on the doctrine of *in pari delicto* in ruling for the

14  plaintiff.  However, given the unclean hands of the plaintiff with regard to the contract alleged in

15  the complaint, this doctrine would justify this court's refusal to impose liquidated damages and

16  attorney's fees.  In its classic formulation, the in pari delicto defense was narrowly limited to

17  situations where the plaintiff truly bore at least substantially equal responsibility for his injury,

18  because "in cases where both parties are in delicto, concurring in an illegal act, it does not follow

19  that they stand in pari delicto; for their may be, and often are, very different degrees in their

20  guilt." Bateman, *Eichler , Hill Richards; Inc. v. Berner*, 472 US 299, 306-307, 105 S. Ct. 2622,

21  2626-27 (1985).  In our case, the record shows that plaintiff was a willing participant in the

22  illegality of the contract and thus equal to defendant.  Therefore, enforcement of the contract as a

23  nonresident worker's contract, meriting liquidated damages and attorney's fees, would be

24  inappropriate.

25

                                            - 5 -

## II.    SANCTIONS UNDER RULE 37(c)(2) ARE IMPROPER.

### A.    This Court has Substantial Discretion in Deciding to Grant or Deny a Motion for Sanctions.

It is well settled in this Circuit that sanctions under rule 37 are discretionary even if a party is a "prevailing" party. *Anderson, v. Melwani,* 179 F.3d 763, 1999 Daily Journal D.A.R. 5461, 99 Cal. Daily Op. Serv. (9th Cir 1999). In *DeBlasio Constr. Inc. v. Mountain States Constr. Co.,* 588 F.2d 259, 263 (9th Cir.1978), the 9th Circuit stated that the court could refuse to refuse to grant of fees when an award of fees would be "inequitable and unreasonable." The 9th Circuit found that the trial court did not err in denying fees where both parties were to blame for the dispute. *See id.* Other circuits have adopted the *Mountain States* formulation. *See, e.g., McDonald's Corp. v. Watson,* 69 F.3d 36, 45-46 (5th Cir.1995); *Loman Dev. Co.,* 817 F.2d at 1537 n. 7; *C.J.C., Inc. v. Western States Mechanical Contractors, Inc.,* 834 F.2d 1533, 1548 (10th Cir.1987). In this case it would be inequitable to impose a sanction on World Corporation when the evidence overwhelmingly shows that Mr. Chung was not blameless. The court can take judicial notice that the witness acknowledged repeated lies in his and his family's immigration documents. See plaintiff's exhibits number 90-93.

### B.    Plaintiff did not prove the Admissions in Question.

Plaintiff contends that the jury's verdict granting plaintiff's breach of contract claim somehow shows that plaintiff proved that "that defendant terminated plaintiff's employment", proved that "defendant hired plaintiff", "that World Corporation made payments to plaintiff in

1    exchange for services" and "that plaintiff entered into an employment contract." The last

2    statement is the only one that is necessarily true in a breach of contract verdict.

3        A finding of termination of employment contract is not a preconditioned to a breach. There

4    are many ways in which a contract may be breached aside from termination. A contract can be

5    breached by failure to pay all the compensation that was required under the contract. It could be

6    that the jury made this determination. In addition, it is not necessary for somebody to be "hired"

7    in order for a contract to be breached. The jury could have found that plaintiff was never hired

8    and hence the contract was breached because it required that the individual be hired.

9    Furthermore, proving a breach of contract does not show that payments were made to the plaintiff

10   in return for services. If there is a valid contract, it is not necessary that plaintiff be paid for his

11   services for there to be a breach. In fact, the opposite is often the case in a breach of contract

12   action, that the plaintiff is not paid for services. The only thing that is certain is that plaintiff

13   entered into an employment contract, if one is breached.

14       Therefore, plaintiff's allegations only have merit as to request for admission number 13 of

15   the first set of requests for admission. However, sanctions should not be granted for denial of the

16   ultimate issue at trial. World Corporation had a reasonable belief that it would prevail on this

17   issue.

18

19       **C.    Sanctions are not Warranted because World had Reasonable Grounds to
20   Believe that the Party would Prevail on the Matter.**

21       Even if we assume that plaintiff proved at trial "that defendant terminated

22   plaintiff's employment", proved that "defendant hired plaintiff", "that world Corporation made

23   payments to plaintiff in exchange for services" and "that plaintiff entered into an employment

24   contract, sanctions are not warranted because world Corporation had reasonable grounds to

25

- 7 -

1  believe that it would prevail on these matters.   Rule 37(c)(2) of the Federal Rules of Civil

2  Procedure, which provides that:

> (2) If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

Thus, under Rule 37(c)(2)(C) the World Corporation should not be sanctioned if its denial

was based on a "reasonable" belief that it "might prevail on the matter." *C.f. Pioneer National*

*Title Ins. Co. v. Andrews,* 652 F.2d 439, 443 (5th Cir. Unit B 1981) (affirming sanction against

party that refused to admit genuineness of document "without any reasonable expectation of

prevailing"). One commentator has stated that the "reasonable grounds" exception is "the most

important" consideration that justifies the "refusal to make an award under Rule 37(c)." 8A

Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* §

2290, at 711-12 (1994).

In this case, World Corporation was justified in litigating the ultimate issue in this case,

whether there was a contract between the parties.   The jury could reasonably believe that the

contract was illegal and thus void, or that there was no meeting of minds between the parties.

Their was significant testimony that the terms of the alleged contract changing over time, and thus

disapproving that there really was an agreement as to all material terms.   The jury could also have

found the alleged agreement illegal, and thus void.   In addition, it would be reasonable to believe

that the jury would not determine that plaintiff was not terminated when there was evidence that

he had agreed to transfer to Korea.   Therefore, even if these issues are necessarily proven by the

- 8 -

verdict, World had reasonable grounds for all the positions it took in responding to requests for admission.

## III.   THERE IS NO EVIDENCE BY WHICH THIS COURT COULD CALCULATE LIQUIDATED DAMAGES

### A.   The Declaration of Maria Aguon must be Stricken

In support of his motion for sanctions, attorney's fees and liquidated damages, plaintiff submits the affidavits of one of the jurors Maria Hofschneider Aguon. World moves to strike these declarations pursuant to Federal Rule of Evidence 606(b).That rule states:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, *except* that a juror may testify in the question of whether extraneous prejudicial information was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by a juror concerning the matter about which the juror would be precluded from testifying be received for these purposes. (emphasis added)

This prohibition is intended to keep jury deliberations private so as to preserve freedom of discussion, ensure peace and privacy for jurors, and finalize verdicts. *See Donald v. Pless, 238 U.S. 264, 267-68, 35 S.Ct. 783, 784-85, 59 L.Ed. 1300 (1915): Masson v. New Yorker Magazine, Inc.*, 832 F.Supp. 1350 (N.D.Cal. 1993). The juror's declaration submitted by the plaintiff setting forth the alleged basis for the computation does not raise the exception to rule 606(b). The declaration does not set forth any "extraneous prejudicial information" which was "improperly brought to bear upon any juror." Therefore, the declaration must be stricken. If plaintiff wanted the court to consider liquidated damages, it should have pled such damages and drafted a verdict form of that would provide clear evidence of any lost wage element to the verdict.

- 9

**B. Without the Declaration of the Juror, this Court Cannot Calculate Liquidated Damages.**

Since there is no admissible evidence of the basis upon which this court to determine the amount, if any, of plaintiff's lost wage damages, it is impossible to issue an award for liquidated damages. Assuming that plaintiff is entitled to such liquidated damages and that such damages have been pled, (which did not happen), any award that this court could craft would be arbitrary and capricious. Because the verdict form does not distinguish between the types of damages that went into the verdict, this Court cannot determine what damage are lost wages under the contract and which are pain and suffering or other damages. Thus, this Court cannot even begin to determine how to calculate liquidated damages. The jury instruction on the measure of types of damages for contract and plaintiff's closing argument, emphasized damages in addition to lost wages. In particular, the jury instructions and closing argument emphasized the lost employment opportunities of Mr. Chung, emotional pain and suffering and the reasonable value of moving expenses and shipping costs. Only lost wages are relevant in the determination of liquidated damages. 3 CMC § 4447(d).

Again, all these problems stemmed from plaintiff's failure to properly plead a claim for liquidated damages. Because the claim for liquid damages was an afterthought, and not mentioned in the complaint and pretrial brief, neither party even discussed modifying the verdict form to make clear showing of lost wages. The jury was discharged without making such a determination and plaintiff cannot now raise the issue through juror declarations. Plaintiff, thus, cannot maintain a cause of action for liquidated damages.

**IV. ATTORNEY FEES ARE BARRED BY THE OFFER OF JUDGMENT**

Rule 68 provides that if a timely pretrial offer of settlement is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay *the costs incurred after the making of the offer.*" (Emphasis added.) The plain purpose of Rule 68 is to encourage settlement and avoid litigation. Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483 n. 1 (1946), 28 U.S.C.App., p. 637; *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981). "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. This case requires us to decide whether the offer in this case was a proper one under Rule 68, and whether the term "costs" as used in Rule 68 includes attorney's fees…" Id.

Above all, it would eviscerate the importance of rule 68 in prompting settlement if plaintiff could ignore an offer of judgment with impunity, knowing that an award of attorney's fees and liquidated damages would make up for the imposition of any costs under the rule. The plaintiff should have accepted the $175,000 offer of judgment or otherwise subjecting the parties to the needless expense of in excess of one month at trial. What makes matters worse as the fact that a retrial will have to take place. If this court does not adopt such a rule, it will be impossible to prevent plaintiffs from ignoring an offer of judgment because they believe that they will recover attorney's fees and liquidated damages. Such a rule will essentially leave defendants without the ability to pressure a settlement when a plaintiff is virtually guaranteed of obtaining his attorney's fees and liquidated damages.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.


Dated this 13th day of January, 2006.

**MATTHEW T. GREGORY, ESQ.**
**LUJAN UNPINGCO AGUIGUI & PEREZ LLP**


By: _____
        MATTHEW T. GREGORY, ESQ.
        *Attorneys for World*

1

## CERTIFICATE OF SERVICE

2

3

4    I certify that a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF'S**

5   **MOTIONS TO AMEND JUDGMENT, MOTION FOR ATTORNEY'S FEES AND COSTS**

6   **AND MOTION FOR SANCTIONS** was by me or at my direction served on January 17, 2006,

7    via hand delivery to:

8

9           COLIN M. THOMPSON
           Attorney at Law
10          J.E. Tenorio Building
           Middle Road, Gualo Rai
11          PMB 917, Box 10001
           Saipan, MP 96950
12

13

14

15                          MATTHEW T. GREGORY

16

17

18

19

20

21

22

23

24

25