FILED
Clerk
District Court

JAN 13 2006

For The Northern Mariana Islands
By_____
         (Deputy Clerk)

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. 04-00001 |
| **Plaintiffs,** | |
| vs. | **PLAINTIFF'S OPPOSITION TO MOTION FOR CERTIFICATION OR TO AMEND JUDGMENT** |
| WOLRD CORPORATION A CNMI Corporation. | |
| | Date : February 16, 2006 |
| | Time : 8:30 a.m. |
| **Defendants.** | Judge : Hon. Alex R. Munson |

Defendant's Motion to Certify the Judgment pursuant to Rule 54(b) includes a request for this Court to stay "the trial of the fraudulent misrepresentation claim pending appeal". (Defendant's memorandum of page 2 Lines 17-18). The Defendant provides no support or reason for this Court to stay the trial now set for April 17, 2006. Regardless of whether or not this Court decides to exercise discretion to enter a final judgment on the breach of contract action, there is no good reason to stay the pending trial. In terms of judicial economy, it would seem more efficient to delay the entry of the Judgment until after the entire case has been fully litigated in order to prevent piecemeal appeals.

In the Ninth Circuit, the standard for determining whether multiple claims are presented in an action was set forth in *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695 (9th Cir. 1961). "The word "claim" in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based on those facts." *Id* at 697. The Plaintiff's breach of contract and fraud causes of action require different elements of proof. However, both causes of action arise out of

1

the same transaction or occurrence. In terms of the Ninth Circuit's analysis in *CMAX*, Mr. Chung's claims for fraud and breach of contract may be viewed as a single claim.

The Second prong of the analysis requires the court to determine whether there is just reason for delay in the entry of Judgment. The decision is left to the sound discretion of the Court. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 100 L. Ed. 1297, 76 S. Ct. 895 (1956). However, the trial court cannot in "its discretion" treat as "final" that which is not "final." Id at 437. To properly reach the conclusion that there is no just reason for delay, "there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968). The Defendant provided no record of such hardship or injustice.

Accordingly, under the Ninth Circuit analysis, Mr. Chung's lawsuit constitutes a single claim that is as yet not final. Defendant failed to demonstrate the necessity of an immediate entry of judgment. Therefore, the defendant's motion should be denied. However, should the Court decide to enter final judgment on the breach of contract claim, the Court should not stay the pending trial. Because in order to certify the Judgment as final the Court must first determine that the breach of contract and fraud causes of action constitute multiple claims pursuant to Rule 54, it follows that staying the pending trial would do little to further judicial economy.

Although a court's stay order is reviewed for abuse of discretion *Nakash v. Marciano*, 882 F.2d 1411, 1413 (9th Cir. 1989), appellate courts emphasize the strict nature of this abuse of discretion standard. "When a stay for reasons of "wise judicial administration" is contemplated, "discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved. . . . There is little or no discretion to abstain in a case which does not meet traditional abstention requirements." *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 540 (9th Cir. 1985) (quoting *C-Y Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983). *Intel Corp. v. Advanced Micro Devices*, 12 F.3d 908, 912 (9th Cir. 1993). Again the defendants do not meet their burden to show that a stay of the April 17, 2006 trial is warranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Amend Judgment.

Dated this 16th day of January, 2006

_____
COLIN M. THOMPSON, ESQ
Attorney for Plaintiff