F I L E D
Clerk
District Court

JAN 13 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
PMB 917 Box 10001
2nd Floor, JET Building
Gualo Rai, Middle Road
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | Civil Action No. 04-00001 |
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION FOR COSTS PURSUANT TO RULE 68 |
| vs. | |
| WOLRD CORPORATION and A CNMI Corporation. | Date : February 16, 2006<br>Time : 8:30 a.m. |
| Defendant. | Judge: Hon. Alex R. Munson |

Defendants Motion for costs under FRCP Rule 68 must be denied. First, Mr. Chung moved to amend the Judgment to include statutory penalties. The judgment entered on December 8, 2005 entitles the plaintiff to an award of liquidated damages pursuant to the Commonwealth of the Northern Mariana Islands Non-resident Worker Act. Specifically, 3 CMC 4447 (d) provides:

> "In any action taken directly by or on behalf of a nonresident worker, notwithstanding any other remedies that may apply, the worker that prevails in such action shall recover unpaid wages and overtime compensation, an additional equal amount as liquidated damages, and court costs. In all cases the court shall, as part of the judgment render a finding as to the merits of the action..." 3 CMC § 4447 (d).

Secondly, the Judgment must be amended to conform with statutory requirements. The Judgment entered on December 8, 2005 entitles the plaintiff to an award of attorney's fees pursuant to the Commonwealth of the Northern Mariana Islands Non-resident Worker Act. 3 CMC 4447 (d) provide in relevant part:

> …….. Any employer who violates the provisions of this chapter or breaches an employment contract with a nonresident worker, in addition to any other damages which may be awarded the nonresident worker by the court, **shall be awarded reasonable attorney fees**. However, attorney fees shall not be recoverable against the Commonwealth." 3 CMC 4447 (d)

With the addition of Statutory Liquidated damages and/or attorney's fees, the amount of judgment will exceed the Rule 68 offer.

Finally, even if the Judgment is not amended to include statutory damages and attorney's fees, the Judgment is incomplete for purposes of Rule 68 because the Fraud Causes of action is still unresolved. Federal Rules of Civil Procedure Rule 68 provides in relevant part "if the judgment **finally obtained** by the offeree must is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer". The Court record shows that the jury was unable to reach a unanimous verdict and mistrial was declared on the Fraud cause of action. Because the Rule 68 offer was not by its terms limited to the Breach of Contract cause of action, it is premature to grant Defendants' motion. Further, because the judgment in this lawsuit has not been "finally obtained", Rule 68 offer is not in play. The motion should be denied.

//
//
//

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Costs pursuant to Rule 68.

Dated this 16th day of January 2006

_____
COLIN M. THOMPSON
Attorney for Plaintiff