F I L E D
Clerk
District Court

JAN 19 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>Defendant. | Case No. CV-04-0001<br><br>**ORDER GRANTING<br>MOTION TO WITHDRAW AS COUNSEL** |

Attorneys Matthew T. Gregory, David J. Lujan, and Ignacio C. Aguigui, as counsel for defendant, filed their motion to withdraw as counsel of record on January 17, 2006.

**THE COURT**, having fully considered the written arguments of defendant's attorneys, **HEREBY GRANTS** their motion to withdraw as counsel of record.

Under Civil Local Rule 83.5.g.4, "[a]n attorney may withdraw from a civil . . . case only after order of the court upon motion and for good cause shown, and after serving notice upon his or her client and opposing counsel." Given that Mr. Gregory has recently assumed the position as Acting Attorney General for the Commonwealth of the Northern Mariana Islands, Mr. Gregory has shown good cause to support his motion to withdraw.

Mr. Lujan and Mr. Aguigui, having concluded their agreement to represent World Corporation in December 2005 and having attempted to unsuccessfully negotiate a new engagement agreement, have also shown good cause to support their motion to withdraw. Under Rule of Discipline 2(h), which adopts the Model Rules of Professional Conduct, an attorney may withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the

obligation is fulfilled . . . ." Model Rules of Prof'l Conduct R. 1.16(b)(5). Here, the client World Corporation, having previously entered into an agreement to be represented by the above attorneys until the return of the verdict in this case, should have been aware that a new engagement agreement would be necessary to continue the representation after the return of the verdict. Furthermore, during the continued discussions and negotiations with World Corporation, Mr. Lujan and Mr. Aguigui informed World Corporation that they could not continue to represent World Corporation without an engagement agreement.

Accordingly, **THE COURT GRANTS** the motion for Mr. Gregory, Mr. Aguigui, and Mr. Lujan to withdraw as counsel of record.

All filings due before February 3, 2006 are stayed but due no later than February 3, 2006. All other deadlines, hearing dates, trial date, and other matters will proceed unchanged. Since a corporation may only appear in federal court through licensed counsel, *Rowland v. California Men's Colony*, 506 U.S. 203, 201-02 (1993), World Corporation is strongly urged to retain new counsel as they may not appear in court without counsel. Failing to make an appearance may result in striking World Corporation's answer to the fraudulent misrepresentation claim and an entry of default against World Corporation.

**IT IS SO ORDERED.**

**DATED** this 19th day of January, 2006.

*Alex R. Munson*
Alex R. Munson
Chief Judge

2