MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone: (670) 233-8600
Facsimile: (670) 233-5262

Limited Appearance for World Corp.

F I L E D
Clerk
District Court

JAN 2 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>               Plaintiff,<br>vs.<br><br>WORLD CORPORATION,<br><br>               Defendant. | CASE NO. CV 04-00001<br><br>MOTION FOR RECONSIDERATION<br><br>Date FEB 0 9 2006<br>Time: 9:00 AM<br>Judge: Hon. Alex R. Munson |

World Corporation ("WORLD"), by and through the undersigned attorney appearing specially in this matter for the limited purpose of this motion, hereby moves the Court to reconsider its January 19, 2006 Order Granting Motion to Withdraw as Counsel allowing attorneys David J. Lujan, Ignacio C. Aguigui, the law firm of Lujan Aguigui & Perez LLP, and Matthew T. Gregory, Esq. to end their representation of WORLD in the above-captioned proceedings.[1]

For the reasons stated in the following memorandum, supported by the Declaration submitted herewith, reconsideration is warranted and the Court should rescind its order allowing the withdrawal of WORLD's counsel and deny leave for said counsel to withdraw from the case unless and until WORLD's interests in this litigation are adequately addressed and protected. Said counsels' obligations, both ethically and contractually, are ongoing and

---

[1] As noted by the Court in its most recent order, a corporation may not appear *pro se*. Accordingly, in order to have the Court reconsider its decision under the real facts of this case, it was necessary for Defendant WORLD to obtain the assistance of the undersigned in representing them for purposes of this motion only.

ORIGINAL

the Court's order was premised on less than all of the facts of the circumstances here.

## FACTS

On January 7, 2004, Plaintiff filed the Complaint in this case. *See* Docket at 1. Thereafter, WORLD hired attorney Pedro Atalig, now deceased, to represent it in this matter. Attorney Matthew Gregory, a withdrawing attorney herein, was associated with Mr. Atalig at the time. After Mr. Atalig's death, Mr. Gregory, himself, entered into a fee agreement with WORLD dated January 1, 2005 to continue the representation he had begun through association with Mr. Atalig. A true and accurate copy of that fee agreement is attached as Exhibit "A" to the Declaration of B.K. Park.

In April 2005, at the suggestion of Mr. Gregory, WORLD entered into a separate fee agreement with the law firm of Lujan, Unpingco, Aguigui & Perez LLP (the "Firm") to represent WORLD as additional counsel in this matter. A true and correct copy of "The Lujan Fee Agreement" is attached as Exhibit "B" to the Declaration of B.K. Park. The Lujan Fee Agreement set forth a general hourly rate for attorney time billed on the matter, but most notably section 2.B. if the Lujan Fee Agreement <u>caps</u> total fees *including costs* at $100,000.00.

The scope of the Lujan Fee Agreement is detailed in section 1 (in part):

> Client hires Attorney to provide legal services to serve as co-counsel for World Corporation in the case *Yu Suk Chung v. World Corporation*, Civil Action No. 04-00001, U.S. District Court for the Northern Mariana Islands. . . . Attorney shall not be bound to pursue any appeals, but Attorney may opt, with Client's consent, to continue representation of Client in any appeal upon terms mutually agreed upon by Attorney and Client.

On April 5, 2005, WORLD paid the Firm $20,000.00. On June 23, 2005, WORLD paid the Firm an additional $39,466.79. On July 19, 2005, WORLD paid the Firm $40,044.75 for a total of $99,511.54. Thereafter, in the middle of the trial in this matter and notwithstanding the fee and expense cap in the Lujan Fee Agreement, the Firm demanded, and WORLD was forced to pay, an additional $40,000.00. To date, in addition to the fees paid by WORLD to its other attorneys for this case, WORLD has paid the Firm a total of $139,511.54.

The Lujan Fee Agreement allows the Firm to withdraw with WORLD's consent or without WORLD's consent for good cause.

On December 8, 2005, the Court filed a Notice of Order for Mistrial as to Plaintiff's Fraudulent Misrepresentation Claim after the jury returned a verdict as to the breach of contract claim, but *failed* to return any verdict on the fraudulent misrepresentation claim.

On about January 17, 2006, the Firm and Matthew Gregory filed a "Notice to Withdraw and Emergency Motion for an Order Discharging Counsel and Staying Proceedings."

After receiving a copy of the Firm's notice and motion filed with the Court on January 17, 2006, WORLD sent the Firm a letter objecting, again, to the Firm's withdrawal and asking, among other things, that the Firm supplement their notice and motion with a copy of the Lujan Fee Agreement so that the Court would understand the Firm's continuing obligation under the Lujan Fee Agreement.

Instead of filing a copy of the Lujan Fee Agreement, Messrs Lujan and Aguigui filed declarations claiming that the Lujan Fee Agreement "ended in early December 2005, upon return of the verdict in this case . . ." without more. The matching declarations went on to state simply: "We are unable to continue our representation of World in this matter in the absence of an engagement agreement to govern such representation. Accordingly, we ask the Court to discharge us as counsel of record for World Corporation in this case as soon as possible."

On the following day, January 19, 2006, the Court granted, without a hearing, all of WORLD's trial counsels' motions to withdraw[2] despite the following:

1. There appears to exist a pending motion filed by said counsel on behalf of WORLD to certify the partial judgment in this case and to stay a retrial of the fraud claims pending

---

[2] It should be noted that, for whatever effect, all three of WORLD's counsel purportedly "noticed" their withdrawal and only moved for an order discharging them from further obligations in the District Court matter.

appeal on the breach of contract verdict. The motion is opposed by Plaintiffs and a reply by WORLD is due;

   2. There appears to exist a pending motion filed by said counsel on behalf of WORLD for costs. The motion is opposed by Plaintiffs and a reply by WORLD is due;

   3. There appears to exist a pending motion filed by the plaintiff to amend the judgment, a motion for attorneys fees, a motion for liquidated damages and a motion for sanctions;

   4. All of the above-motions have been set for a hearing on February 16, 2006; and

   5. The Court has scheduled the retrial of the fraud issues in this case to begin on April 17, 2006.

   The Court appears to have based its Order Granting Motion to Withdraw as Counsel, at least with regard to Messrs Lujan and Aguigui, on the proposition that they should be allowed to withdraw where WORLD "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. . . ." Order at 1-2 citing Mode Rule 1.16(b)(5). The Court, having never seen the Lujan Fee Agreement, also appears to have accepted the proposition that the Lujan Fee Agreement ended upon "the verdict in this case" and that WORLD "should have been aware that a new engagement agreement would be necessary to continue the representation after the return of the verdict."

   Although the Court continued the due date for pending reply briefs to February 3, 2006, the motions hearing date remains the same as do all other dates in the case. The Court went on to warn WORLD in its Order that a default may be entered against it if it cannot find new counsel.

   WORLD respectfully submits that the grounds for the Firm's withdrawal, i.e., the withdrawal of Messrs Lujan and Aguigui do not exist and the Court, not having the benefit of a clear understanding of the nature of the Firm's continuing obligation to represent WORLD erred in granting Messrs Lujan's and Aguigui's motions to be discharged as attorneys

for WORLD in this case.

## STANDARD FOR RECONSIDERATION

A court's inherent power to reconsider its decisions is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *School Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). *See also Rosenfeld v. United States Dep't. Of Justice*, 57 F.3d 803 (9th Cir. 1995), *cert. dismissed*, 516 U.S. 1103 (1996); *Barber v. Hawaii*, 42 F.3d 1185 (9th Cir. 1994); *United States v. RG&B Contractors, Inc.*, 21 F.3d 952 (9th Cir. 1994).

## ARGUMENT

Had the Court been fully apprised of the facts of the issue here – the true nature of Messrs Lujan's and Aguigui's continuing obligation to represent WORLD – and in light of the material adverse effect the withdrawal of *all* of WORLD's counsel had and will continue to have if not rescinded, the Court should have come to a different conclusion, at the very least denying Lujan's and Aguigui's motion to withdraw unless and until new counsel for WORLD actually substitutes for those attorneys in this matter.

*Ethical-Legal Standards for Withdrawal:*

In the Commonwealth, the Model Rules of Professional Conduct, the RESTATEMENT OF THE LAW GOVERNING LAWYERS and the Local Rules of the Court govern an attorney's termination of representation of a client, including the withdrawal of that attorney from pending litigation in which the attorney represents the client.

"Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded." Rule 1.16, Comment [1] (citations to other rules omitted). "A lawyer may limit the scope of the representation if the limitation is reasonable and the client gives informed consent." Rule 1.2(c). "All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law." Rule 1.2, Comment [8] (citations omitted). "An agreement may not be made whose terms might

induce the lawyer to improperly curtail services for the client or perform them in a way contrary to the client's interest... Otherwise, the client might have to bargain for further assistance in the midst of a proceeding or transaction." Rule 1.5, Comment [5].

Absent circumstances that do not exist in this case, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client. *See* Model Rule 1.16(c). In any case, "[i]n the case of permissive withdrawal [], a lawyer may not withdraw if the harm that withdrawal would cause significantly exceeds the harm to the lawyer or others in not withdrawing." RESTATEMENT OF THE LAW GOVERNING LAWYERS, § 32(4). *See also* Comment h(ii) thereto:

> Whether material adverse effect results is a question of fact. The client might have to expend time and expense searching for another lawyer. The successor lawyer might have to be paid what in effect are duplicated fees for becoming familiar with the matter... Delay necessitated by the change of counsel might materially prejudice the clients' matter. An equally qualified lawyer might be unavailable or available only at material inconvenience to the client.

A lawyer must also comply with the applicable law requiring notice to or permission of a tribunal when terminating a representation. Model Rule 1.16(c). *See also* RESTATEMENT OF THE LAW GOVERNING LAWYERS, § 32(5).[3] And a lawyer has a duty of candor towards the tribunal. *See, e.g.*, Model Rule 3.3(d) ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.").

Here, the terms of the Lujan Fee Agreement clearly capped the fees WORLD was obligated to pay the Firm at $100,000.00. WORLD, against its will, paid more than the required amount. WORLD is not in breach of any obligation to the Firm. There has been no verdict on the fraudulent misrepresentation charges and, accordingly, the case before this Court in which the Firm agreed to represent WORLD is ongoing. Arguably, even if there was

---

[3] Local Rule 83.5.g.4 provides that: "An attorney may withdraw from a civil or criminal case only after order of the court upon motion and for good cause shown, and after serving notice upon his or her client and opposing counsel."

a full verdict here, the scope of the Lujan Fee Agreement covers post trial motions and any other proceedings short of an appeal without additional expense to WORLD.

There is simply no basis for the withdrawal of the Firm. The Firm's withdrawal, i.e., the withdrawal of Messrs Lujan and Aguigui, under the present circumstances, in light of the pending motions and other proceedings and the fact that a retrial is quickly approaching, and the fact that WORLD has already paid for the representation, is not possible under the Model Rules of Professional Conduct, the RESTATEMENT OF THE LAW GOVERNING lawyers and basic principals of contact law.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its decision granting WORLD's counsels' withdrawal and deny the motion unless and until WORLD's interests are adequately addressed and protected by substitution of available counsel with provision of adequate time for new counsel to come up to speed in the case, and other remedies that the Court may deem necessary and warranted to alleviate and ameliorate the hardship incurred by WORLD due to its' counsels' actions in this matter.

DATED this 25th day of January, 2006.

_____
MARK B. HANSON

First Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:   (670) 233-8600
Facsimile:   (670) 233-5262

Limited Appearance for World Corp.

RECEIVED

JAN 25 2006

Clerk
District Court
For The Northern Mariana Islands