MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone: (670) 233-8600
Facsimile: (670) 233-5262

Limited Appearance for World Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>              Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>              Defendant. | CASE NO. CV 04-00001<br><br>DECLARATION OF<br>B.K PARK<br><br>Date FEB 0 9 2006<br>Time: 9:00 AM<br>Judge: Hon. Alex R. Munson |

I, B.K. Park, do hereby declare as follows:

1. I am competent to testify, and if called to do so, I would testify in accord herewith.

2. I am the Vice President and General Manager of Defendant World Corporation ("WORLD").

3. After receiving a summons and a copy of the complaint in this case, WORLD hired attorney Pedro Atalig, now deceased, to represent it in this matter.

4. Attorney Matthew Gregory, a withdrawing attorney herein, was associated with Mr. Atalig at the time. After Mr. Atalig's death, Mr. Gregory, himself, entered into a fee agreement with WORLD dated January 1, 2005 to continue the representation he had begun through association with Mr. Atalig. A true and accurate copy of that fee agreement is attached as Exhibit "A" hereto.

5. In April 2005, at the suggestion of Mr. Gregory, WORLD entered into a separate fee agreement with the law firm of Lujan, Unpingco, Aguigui & Perez LLP (the "Firm") to represent WORLD as additional counsel in this matter. A true and correct copy of "The Lujan

1 | Fee Agreement" is attached as Exhibit "B" hereto.

2 |    6. On April 5, 2005, WORLD paid the Firm $20,000.00.

3 |    7. On June 23, 2005, WORLD paid the Firm an additional $39,466.79.

4 |    8. On July 19, 2005, WORLD paid the Firm the remaining $40,044.75 for a total of
5 | $99,511.54.

6 |    9. On November 14, 2005, WORLD was forced to pay the Firm an additional
7 | $40,000.00.

8 |    10. To date, in addition to the fees paid by WORLD to its other attorneys for this case,
9 | WORLD has paid the Firm a total of $139,511.54.

10 |    11. After receiving a copy of the Firm's notice and motion filed with the Court on
11 | January 17, 2006, WORLD sent the Firm a letter objecting, again, to the Firm's withdrawal
12 | and asking, among other things, that the Firm supplement their notice and motion with a copy
13 | of the Lujan Fee Agreement so that the Court would understand the Firm's continuing
14 | obligation under the Lujan Fee Agreement.

15 |

16 |    I swear under penalty of perjury that the forgoing is true and correct and that this
17 | Declaration was executed this 25th day of January, 2006 in Saipan, Commonwealth of the
18 | Northern Mariana Islands.

19 |

20 |

21 |                                             _____
22 |                                             B.K. PARK

23 |

24 |

25 |

26 |

27 |

28 | **RECEIVED**

JAN 25 2006

Clerk
District Court
For The Northern Mariana Islands

Page 2 of 2

# LAW OFFICES

# HOURLY RETAINER AGREEMENT

**THIS RETAINER AGREEMENT** is entered into on the 1st day of January, 2005, by and between the LAW OFFICES OF MATTHEW T. GREGORY (the "Firm") and WORLD CORPORATION d.b.a. WORLD RESORT SAIPAN (the "Client") in consideration of the following terms and conditions.

## I
## NATURE OF REPRESENTATION
## GENERAL DESCRIPTION OF SERVICES

The Firm agrees to represent the Client with respect to the to legal defense of *Yu Suk Chung vs. World Corporation*, Civil Action No. 04-00001.

## II
## HOURLY RATES

The Firm shall charge the Client its standard hourly rates for its services as follows:

1. In Court  -    $175.00
2. Out Court -   $175.00

The rates of the Firm are subject to change upon sixty (60) days notice to the Client.

## III
## DISBURSEMENTS

The Client agrees to pay all costs (disbursements) as they come due, in addition to attorney's fees. The Firm is not responsible for the payment of costs.

Disbursements include all out-of-pocket expenses such as but not limited to filing fees, recordation fees, court costs, deposition transcript fees, travel expenses, expert witness fees, duplication costs, facsimile transmission charges, long distance telephone charges, private process service fees, computerized legal and factual research, if any.

Disbursements are payable directly to the provider of the service as such fees become due, or if such fees are advanced by the Firm, as they are incurred. The Firm may, from time to time, forward invoices rendered to the Firm for such services directly to the Client for payment.

1



EXHIBIT A

# IV
# PAYMENT

1. Attorneys Fees

    The Firm will, on a monthly basis, bill the client for the amount of the attorney's fees due for the month's services. The Client shall pay the Firm the fees billed within thirty (30) days of receipt of the Firm's bill.

2. Disbursements

    The Firm shall provide a written statement to the Client itemizing all costs incurred as a result of legal representation on a monthly basis. The Client shall pay all costs billed within thirty (30) days of receipt of the billing. If the Client has any dispute as to the written statement, itemizing the costs, the Client shall within fifteen (15) days from receipt thereof contest the same with the Firm. After the lapse of the 15-day period, it shall be deemed that the Client has no objections thereto.

# V
# TERMINATION OF LEGAL SERVICES BY THE CLIENT

At the inception of legal representation, it is impossible for the Firm to project the amount of time that will be required to devote to the Client's case. If at any time the Client decides to terminate the services to be provided by the Firm pursuant to this Agreement, such termination will be deemed by the parties to become effective only upon the Firm's receipt of written notice of termination from the Client. Until such notice of termination is received by the Firm, the Client will continue to be bound by all terms of this Agreement. In the event of termination, the Firm shall, upon payment of all outstanding fees and costs due the Firm by the Client, return to the Client, copies of all pertinent papers in the Client's file; provided further that in such event, Client shall pay in advance all duplicating and delivery costs associated with return of such papers.

# VI
# TERMINATION OF LEGAL SERVICES BY THE FIRM

Failure to pay all undisputed fees and costs as agreed upon by the parties shall constitute grounds for (and Client's express authorization for) immediate suspension of the Firm's services on Client's behalf, and/or grounds for (and Client's express authorization for) the immediate filing of a motion seeking leave of court for the Firm to withdraw as counsel for the Client.

The Client agrees that it shall be responsible for timely payment of the Firm's statement, to include costs and disbursements, and further agrees to indemnify the Firm respecting any costs or time which may be incurred or expended due to the Client's failure to timely make full payment.

## VI
## WITHDRAWAL OR TERMINATION

The Client agrees that the Firm may withdraw from representing the Client upon written notice sufficient to enable the Client to obtain a new counsel, (1) if the Firm decides to cease the practice of law, (2) if evidence discloses that the case is without legal merit, (3) in the event the Client does not provide reasonable cooperation in the prosecution or defense of the matter, (4) if the Client is in material breach of this Agreement, or (5) for any other reason authorized by law or the Rules of Professional Conduct.

## VII
## GENERAL CONDITIONS

This Agreement, wherever executed, is intended to be performed by the Firm principally in the Commonwealth of the Northern Mariana Islands, subject to its laws, regardless of where services are actually rendered.

No promise, representation, or warranty has been made by or for either of the parties herein in respect of this Agreement, except as appears herein. The Client acknowledges that he have had the opportunity to seek the advice of separate counsel in respect of this Agreement and have availed of that opportunity to the extend the Client deemed appropriate.

In the event a party brings an action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its costs and expenses including, without limitation, reasonable attorneys' fees, in connection with such action, including any appeal of such action.

## VIII
## MODIFICATION IN WRITING ONLY

No variance, change, modification or augmentation of this Agreement shall be effective unless and until confirmed in writing signed by both parties herein, making express reference to this Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior or

contemporaneous representations, discussions, negotiations, conditions and agreements, whether written or oral, respecting such subject matter.

IN WITNESS WHEREOF, the undersigned parties have executed this Agreement effective on the date first herein above written and Client hereby acknowledges a copy of this Agreement.

I have read, understand, and agree to the foregoing terms:

WORLD CORPORATION
d.b.a. WORLD RESORT SAIPAN

_____          _____ 4/5/05
MATTHEW T. GREGORY                       By:

## ATTORNEY-CLIENT FEE CONTRACT

This **ATTORNEY-CLIENT FEE CONTRACT** ("Contract") is entered into by and between, **WORLD CORPORATION**, a CNMI Corporation, (hereinafter "Client"), **and LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP**, Attorneys at Law, whose address is Suite 300 Pacific News Building, 238 Archbishop Flores Street, Hagåtña, Guam 96910 ("Attorney").

1. **SCOPE AND DUTIES**. Client hires Attorney to provide legal services to serve as co-counsel for World Corporation in the case *Yu Suk Chung v. World Corporation*, Civil Action No. 04-00001, U.S. District Court for the Northern Mariana Islands. Attorney agrees to provide the legal services reasonably required to represent Client, and shall take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. Client shall be truthful with Attorney, cooperate with Attorney, keep Attorney informed of developments, abide by this Contract, pay Attorney's bills on time and keep Attorney advised of Client's address, telephone number(s) and whereabouts. Attorney shall not be bound to pursue any appeals, but Attorney may opt, with Client's consent, to continue representation of Client in any appeal upon terms mutually agreed upon by Attorney and Client. Client shall be responsible for all fees, costs and expenses of such appeal.

2. **LEGAL FEES**. Client agrees to pay for legal services as follows:

   A. Hourly rate of Three Hundred Dollars ($300.00) for representation through trial or the execution of any pre-trial settlement by the parties, but excluding any appeals. Advance retainer of Twenty Thousand Dollars ($20,000.00) payable within three (3) business days after Client's execution of this Contract; Ten Thousand Dollars ($10,000.00) of which shall be fully earned and nonrefundable upon receipt by Attorney. (If funds areremitted by Client via bank wire transfer, Client will be responsible for any wire transfer charges assessed by Attorney's bank, so that the net transferred amount equals $20,000.00.) Attorney will retain $10,000.00 of retainer in a trust account and Attorney will bill

EXHIBIT B

against such retainer. Client hereby authorizes Attorney to withdraw sums from said retainer to pay for Attorney's fees according to the hourly fee agreed upon. Client may be required to replenish retainer from time to time as necessary, upon notice by Attorney.

B. Total legal fees (as set forth in this paragraph) and costs/expenses (as set forth in paragraph 3 below) of representation not to exceed One Hundred Thousand Dollars ($100,000.00), unless agreed to by Client.

3. **COSTS AND EXPENSES**. In addition to paying legal fees, Client shall reimburse Attorney for all costs and expenses incurred by Attorney, including, but not limited to, process servers' fees, fees fixed by law or assessed by courts or other agencies, online legal research fees, travel, hotel, lodging, meals, court reporters' fees, long distance telephone calls, messenger and other delivery fees, postage, in-office photocopying at $.20 per page, facsimile charges, investigation expenses, consultants' fees, expert witness fees and other similar items. Client authorizes Attorney to incur all reasonable costs and to hire any investigator, consultants, or expert witnesses reasonably necessary in Attorney's judgment.

4. **DEPOSIT**. Client shall deposit with Attorney the sum of $ N/A within five (5) business days after Client's execution of this Contract. This sum will be deposited by Attorney to be used to pay costs and expenses for legal services. Client hereby authorizes Attorney to withdraw sums from said deposit to pay the costs and expenses incurred. Any unused deposit at the conclusion of Attorney's services will be refunded.

5. **STATEMENTS**. Attorney shall send Client statements for any fees or costs incurred in excess of retainer and deposit. Client shall pay Attorney's statements by the 30th day of the month in which each statement is received by Client. Interest will be assessed at the rate of 6% per annum for any amounts unpaid by the due date.

6. **DISCHARGE AND WITHDRAWAL**. Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or without Client's consent for good cause. Good cause includes, but is not limited to, Client's breach of this Contract, Client's refusal to cooperate

with Attorney or to follow Attorney's advice on a material matter or any other fact or circumstance that would render Attorney's continuing representation unlawful, unethical, or impracticable.

    7. **CONCLUSION OF SERVICES.** When Attorney's services conclude, all unpaid charges shall become immediately due and payable. After Attorney's services conclude, Attorney will, upon Client's request, deliver Client's file to Client, along with any of Client's funds or property in Attorney's possession.

    8. **DISCLAIMER OF GUARANTEE.** Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Client's matter are expressions of opinion only.

    9. **EFFECTIVE DATE; GOVERNING LAW.** Attorney will not be obligated until (A) both Client and Attorney have executed this Contract, (B) Attorney receives the executed Contract from Client, and (C) Client has made the deposits/payments required under Paragraphs 2(A) and 4; but the effective date will be retroactive to the date Attorney first provided services. This Contract will be governed by the laws of Guam. Any dispute regarding this Contract shall be resolved in the Superior Court of Guam, and Client consents to the jurisdiction of such court for such purposes.

    This Contract consists of four (4) pages.

**CLIENT**

**WORLD CORPORATION**

By: _____*B. [signature]*_____
                Signature

Date: *Apr. 05. 2005*

Print Name: *Byung Kyu Park*

Title: *Vice president & General manager*

Mailing Address: *P.O Box 500066*

*Saipan   MP 96950*

Telephone: *234-5900*

Facsimile: *234-5909*

Page 3

**ATTORNEY**

**LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP**

By: _____  Telephone: (671) 477-8064; Fax: (671) 477-5297

Date: 4-2-05