F I L E D
Clerk
District Court

FEB - 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Ramon K. Quichocho, Esq.
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, V.S. Sablan Building, Chalan Piao
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670.234.8946
Fax: 670.234.8920
Email: rayq@vzpacifica.net

*Attorney for Matthew T. Gregory*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG, | CASE NO. CV04-0001 |
| Plaintiff, | **AMENDED** |
| vs. | **MATTHEW T. GREGORY'S** |
| | **MEMORANDUM IN OPPOSITION TO** |
| WORLD CORPORATION, | **MOTION FOR RECONSIDERATION** |
| Defendant. | |
| | Hearing: February 9, 2006 |
| | Time: 9:00 a.m. |

Acting Attorney General Matthew T. Gregory, by and through the undersigned counsel appearing specially in this matter for the limited purpose of this opposition, hereby opposes Defendant World Corporation's motion for reconsideration of the Court's January 19, 2006 Order Granting Motion to Withdraw as Counsel (the "January 19, 2006 Order).

## I. INTRODUCTION

Mr. Gregory has shown good cause to be discharged as Defendant's attorney. "Given that Mr. Gregory has recently assumed the position as Acting Attorney General for the Commonwealth of the Northern Mariana Islands, Mr. Gregory has shown good cause to support his motion to withdraw." Order Granting Motion to Withdraw as Counsel at 1. Defendant failed to present any evidence or argument(s) to refute the Court's good cause finding that Mr. Gregory should be allowed to withdraw as counsel. In short, reconsideration is not warranted.

Therefore, Defendant's motion for reconsideration should be DENIED.

## II. FACTUAL BACKGROUND

In early January 2006, Governor Benigno R. Fitial appointed Mr. Matthew T. Gregory to be the Acting Attorney General of the Commonwealth of the Northern Mariana Islands. See Declaration of Matthew T. Gregory in Support of Notice of Withdrawal and Emergency Motion for an Order Discharging Counsel and Staying Proceedings which was filed on January 18, 2006.

Based on that representation, on January 19, 2006, the Court granted Mr. Gregory's motion to withdraw.

## III. ARGUMENTS

Defendant has acknowledged, and Mr. Gregory agrees, that reconsideration is "appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). See Motion for Reconsideration at 5. Defendant, however, utterly failed to provide any justification or reason why reconsideration is warranted as to Mr. Gregory.

First, Defendant failed to present any newly discovered evidence why Mr. Gregory's motion to withdraw should not have been granted. Second, Defendant failed to point to any clear error or manifest injustice in the Court's January 19, 2006 Order granting Mr. Gregory's motion to withdraw due to the fact that Mr. Gregory is the Acting Attorney General of the Commonwealth of the Northern Mariana Islands. Third, Defendant failed to present any evidence of an intervening change in controlling law with regards to withdrawal of counsel upon showing of good cause.

In fact, Defendant is only complaining and lamenting about the discharge of the law firm of Lujan Aguigui & Perez, LLP, but yet, continues to harass Mr. Gregory in this frivolous motion. The truth is that Defendant failed to present any reason(s) or argument(s), whatsoever, why the Court should reconsider its January 19, 2006 Order, and order Mr. Gregory to continue representing Defendant while he is the Acting Attorney General of the Commonwealth of the Northern Mariana Islands.

Clearly, Defendant's motion for reconsideration is brought to harass Mr. Gregory or for an improper purpose.

## IV. CONCLUSION

Based on the foregoing and any reasons that may appear in other pleadings and/or papers or at the hearing on this matter, Mr. Gregory respectfully requests that the Court enter an order denying Defendant's motion for reconsideration because (1) Defendant did not present any newly discovered evidence, (2) the Court did not commit clear error and the Court's January 17, 2006 Order is not manifestly unjust, and (3) Defendant did not show any intervening change in controlling law with regards to withdrawal of counsel.

Therefore, Defendant's Motion for Reconsideration should be DENIED.

Respectfully submitted this 3rd day of February, 2006.

LAW OFFICES OF RAMON K. QUICHOCHO, LLC

Ramon K. Quichocho
Attorney for Matthew T. Gregory