FILED
Clerk
District Court

FEB -9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| YU SUK CHUNG, | Case No. CV-04-0001 |
|---|---|
| Plaintiff, | **NOTICE OF ORDER:** |
| vs. | (1) GRANTING IN PART AND DENYING IN PART WORLD CORPORATION'S MOTION FOR RECONSIDERATION; and |
| WORLD CORPORATION, | (2) DENYING ATTORNEY LUJAN AND AGUIGUI'S MOTION TO WITHDRAW |
| Defendant. | |

**THIS MATTER** came before the court on Thursday, February 9, 2006, for hearing of World Corporation's motion for reconsideration of the court's Order Granting Motion to Withdraw as Counsel, No. 215 (Jan. 19, 2006). Plaintiff appeared personally and by and through his attorneys Colin M. Thompson and Robert T. Torres; defendant appeared by and through its attorney, Mark B. Hanson. Defendant's former attorneys Matthew Gregory and Ignacio C. Aguigui were also present. Mr. Aguigui argued for himself and David J. Lujan.

**THE COURT**, having fully considered the written and oral arguments of the parties and attorneys, **HEREBY GRANTS** World Corporation's motion for reconsideration of the court's order granting Mr. Lujan and Mr. Aguigui's motion to withdraw as counsel of record. **THE COURT DENIES** World Corporation's motion for reconsideration of the court's order granting Mr. Gregory's motion to withdraw as counsel of record.

Upon reconsideration, **THE COURT DENIES WITHOUT PREJUDICE** Mr. Lujan and Mr. Aguigui's motion to withdraw as counsel of record.

## ANALYSIS

The court has the inherent power to reconsider its decision if: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, the court was presented with newly discovered evidence that World Corporation had objected to its attorneys' motion to withdraw and had asked its attorneys to request a hearing. Furthermore, while the court was told that the fee agreement had terminated at the conclusion of the December verdict, the court was not apprised of the dispute between World Corporation and the attorneys over whether the engagement agreement had in fact been terminated. Had these facts been disclosed during the pendency of the motion to withdraw, the court may not have found that there was good cause to support the motion to withdraw.

**DATED** this 9th day of February, 2006.

_____
Alex R. Munson
Chief Judge