DAVID J. LUJAN, ESQ.
IGNACIO C. AGUIGUI, ESQ.
LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone:   (671) 477-8064
Facsimile:    (671) 477-5297

FILED
Clerk
District Court

FEB 14 2006

For The Northern Mariana Islands
By_____
         (Deputy Clerk)

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>        Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br><br>        Defendant. | CIVIL CASE NO. **04-00001**<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION PURSUANT TO RULE 54(b) OR IN THE ALTERNATIVE TO AMEND THE JUDGMENT<br><br>Date:   February 16, 2006<br>Time:  8:30 a.m.<br>Judge: Hon. Alex R. Munson |

1   Defendant World Corporation respectfully submits this Reply in Support of its Motion for

2   Certification Pursuant to Rule 54(b) or in the Alternative to Amend the Judgment.

3   World Corporation incorporates by reference herein the arguments advanced in its

4   Memorandum in Support of the Motion filed on December 22, 2005.

5   A district court's certification pursuant Rule 54(b) will be upheld absent an abuse of

6   discretion. *Sheehan v. Atlanta Int'l Ins., Co.*, 812 F.2d 465, 468 (9th Cir. 1987). As the Ninth

7   Circuit has observed:

> Deference is granted to the district court's decision because it is
> "'the one most likely to be familiar with the case and with any
> justifiable reasons for delay.'" *Sheehan v. Atlanta Int'l Ins. Co.*,
> 812 F.2d 465, 468 (9th Cir. 1987) (quoting *Curtiss-Wright Corp. v.
> General Elec. Co.*, 466 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64
> L.Ed.2d 1 (1980) (citation omitted)).
>
> Rule 54(b) certification is proper if it will aid "expeditious
> decision" of the case. *Sheehan*, 812 F.2d at 468. "The Rule 54(b)
> claims do not have to be separate from and independent of the
> remaining claims." *Id.* However, Rule 54(b) certification is
> scrutinized to "'prevent piecemeal appeals in cases which should be
> reviewed only as single units.'" *McIntyre v. United States*, 789
> F.2d 1408, 1410 (9th Cir. 1986) (quoting *Curtiss-Wright*, 446 U.S.
> at 10, 100 S.Ct. at 1466)....

*Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-798 (9th Cir. 1991). "The present trend is toward greater deference to a district court's decision to certify under Rule 54(b)." *Id.* at 798.

The Plaintiff argues that Rule 54(b) certification would not be proper because his claims for "fraud and breach of contract may be viewed as a single claim" and that his "lawsuit constitutes a single claim that is as yet not final." (Opp. at 2). However, other Ninth Circuit authority provides that the claim to be certified need not necessarily be separate from and independent of the remaining claims. *Texaco*, 939 F.2d at 797-798 (citing *Sheehan*, 812 F.2d at 468).

As stated in Defendant's Memorandum in Support of its Motion (filed Dec. 22, 2005), in the event that the Court should certify the December 8, 2005 judgment under Rule 54(b), a stay of the proceedings is warranted, and specifically a stay of the upcoming new trial on the fraudulent

*Page 2*

1  misrepresentation claim. Staying the proceedings would promote judicial economy and
2  efficiency because the issues to be resolved on appeal (*e.g.*, the issue of federal subject matter
3  jurisdiction (*see* Amended Notice of Appeal filed Jan. 11, 2006), could save the Court and the
4  parties the time, effort, and expense in pursuing further proceedings that could be nullified and
5  rendered meaningless by an appellate ruling finding no subject matter jurisdiction. *See Stadler v.*
6  *McCulloch*, 882 F.Supp. 1524, 1527 (E.D. Pa. 1995) (granting a stay of proceedings upon Rule
7  54(b) certification and observing that an appellate ruling "might cause the parties to retrace a
8  number of their steps, and could render meaningless much of the work completed in the
9  interim.").

**RESPECTFULLY SUBMITTED** this 14th day of February, 2006.

DAVID J. LUJAN, ESQ.
IGNACIO C. AGUIGUI, ESQ.
LUJAN AGUIGUI & PEREZ LLP

By: _____
    IGNACIO C. AGUIGUI, ESQ.

## PROOF OF SERVICE

I certify that a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION FOR CERTIFICATION PURSUANT TO RULE 54(b) OR IN THE ALTERNATIVE TO AMEND THE JUDGMENT will at my direction be served on February 14, 2006, via hand delivery to:

Colin M. Thompson, Esq.
Law Office of Colin M. Thompson
PMB 917 Box 10001
J.E. Tenorio Building
Middle Road
Saipan, MP 96950

Robert T. Torres, Esq.
Attorney at Law
P.O. Box 503758 CK
Saipan, MP 96950

_____
IGNACIO C. AGUIGUI