DAVID J. LUJAN, ESQ.
IGNACIO C. AGUIGUI, ESQ.
LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297

*Attorneys for Defendant*

FILED
Clerk
District Court

FEB 14 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

YU SUK CHUNG,

    Plaintiff,

vs.

WORLD CORPORATION,

    Defendant.

CIVIL CASE NO. 04-00001

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR COSTS PURSUANT TO RULE 68 OR IN THE ALTERNATIVE TO AMEND THE JUDGMENT TO INCLUDE COSTS

Date: February 16, 2006
Time: 8:30 a.m.
Judge: Hon. Alex R. Munson

1  Defendant World Corporation respectfully submits this Reply in Support of its Motion for
2  Costs Pursuant to Rule 68 or in the Alternative to Amend the Judgment to Include Costs.
3  World Corporation incorporates by reference herein the arguments advanced in its
4  Memorandum in support of the Motion filed on December 22, 2005.
5  The Plaintiff improperly attempts to add to the judgment he received additional amounts
6  for liquidated damages and attorneys' fees. However, these amounts are not properly awardable
7  for the reasons set forth in Defendant's Opposition to Plaintiff's motions filed January 13, 2006.
8  Additionally, because Plaintiff did not specifically plead entitlement to such additional relief
9  under the CNMI Nonresident Worker's Act, any award of those amounts would violate
10 Defendant's right to due process of law, under CNMI and federal law.[1] Furthermore, even if such
11 amounts were properly awardable (which they are not), Defendant submits that they cannot be
12 lumped together with the jury award of $136,665 for the purpose of evading the effects of Rule
13 68.
14 Therefore the point of comparison to be made in connection with Rule 68 is the offer of
15 judgment that the Defendant made in the amount of $175,000 to include costs, and the judgment
16 that Plaintiff received in the amount of $136,665. Plaintiff's pre-offer costs will certainly not
17 exceed the difference in the two amounts ($38,335) such that mandatory application of Rule 68
18 would be altered.[2] Rule 68 mandates that the Plaintiff here would be responsible for paying his
19 post-offer costs plus the post-offer costs of Defendant. Fed. R. Civ. P. 68 ("... If the judgment
20 finally obtained by the offeree is not more favorable than the offer, the offeree *must pay the costs*
21 *incurred after the making of the offer....*" (emphasis added); *Haworth v. Nevada*, 56 F.3d 1048,
22 1052 (9th Cir. 1995). "The plain purpose of Rule 68 is to encourage settlement and avoid

---

[1] Moreover, Plaintiff can be said to have waived any pursuit of attorneys' fees or to present any evidence of such in connection with these proceedings. *See* Notice of Order of Defendant's In Limine Motions (filed Oct. 21, 2005) at 3 (Sect. IX).

[2] Indeed, Defendant questions whether such pre-offer costs are a factor in the analysis since Plaintiff has not submitted any admissible evidence or information concerning such pre-offer costs.

1  litigation." *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 3014 (1985). "The Rule prompts both
2  parties to a suit to evaluate the risks and costs of litigation, and to balance them against the
3  likelihood of success upon trial on the merits." *Id.*
4      Accordingly, World Corporation respectfully requests that the Court issue an order
5  granting the Defendant its post-offer costs pursuant to Rule 68 of the Federal Rules of Civil
6  Procedure, or in the alternative that the Court amend the judgment to reflect the taxing of these
7  costs against the Plaintiff.
8      Plaintiff also argues in his opposition that the granting of costs would be premature
9  because the "Judgment is incomplete for purposes of Rule 68 because the Fraud Causes [sic] of
10 action is still unresolved." Opp. at 2. In fact, Plaintiff further argues in its Opposition to Motion
11 for Certification or to Amend Judgment (filed Jan. 13, 2006) that under Ninth Circuit law "....Mr.
12 Chung's claims for fraud and breach of contract may be viewed as a single claim" (Opp. at 2);
13 that "Mr. Chung's lawsuit constitutes a single claim that is as yet not final" (Opp. at 2); and that
14 "it would seem more efficient to delay the entry of the Judgment until after the entire case has
15 been fully litigated in order to prevent piecemeal appeals" (Opp. at 2). If the Court agrees with
16 that analysis, then perhaps all of the pending post-trial motions (including all of Plaintiff's
17 motions filed on December 22, 2005) should be denied or deferred pending conclusion of the new
18 trial on the fraudulent misrepresentation claim and the entry of judgment resulting therefrom.[3]
19 **RESPECTFULLY SUBMITTED** this 14th day of February, 2006.

DAVID J. LUJAN, ESQ.
IGNACIO C. AGUIGUI, ESQ.
LUJAN AGUIGUI & PEREZ LLP

By: _____
/ IGNACIO C. AGUIGUI, ESQ.

---

[3] In the event that the Court determines that the judgment obtained on December 8, 2005 should be certified pursuant to Rule 54(b), the already pending appeal of that judgment would divest the Court of jurisdiction over all matters related thereto. Indeed, the divesting of jurisdiction through the filing of Defendant's notice of appeal would preclude the Court from considering, *inter alia*, Plaintiff's Motion for Sanctions (filed Dec. 22, 2005).

02-14-06  02:42pm  From-LUJAN AGUIGUI & PEREZ LLP        +671 4775297        T-482  P.004/004  F-245

Case 1:04-cv-00001   Document 239   Filed 02/14/2006   Page 4 of 4

# PROOF OF SERVICE

I certify that a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION FOR COSTS PURSUANT TO RULE 68 OR IN THE ALTERNATIVE TO AMEND THE JUDGMENT TO INCLUDE COSTS will at my direction be served on February 14, 2006, via hand delivery to:

Colin M. Thompson, Esq.
Law Office of Colin M. Thompson
PMB 917 Box 10001
J.E. Tenorio Building
Middle Road
Saipan, MP 96950

Robert T. Torres, Esq.
Attorney at Law
P.O. Box 503758 CK
Saipan, MP 96950

_____
IGNACIO C. AGUIGUI