FILED
Clerk
District Court

FEB 1 4 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ORIGINAL

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
PMB 917 Box 10001
J.E. Tenorio Building
Saipan, MP 96950

Tel. (670) 233-07777
Fax. (670) 233-0776

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758
Saipan, MP 96950

Tel: (670) 234-7859
Fax. (670) 234-5749

Attorneys for Plaintiff:

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| YU SUK CHUNG,<br><br>        Plaintiff,<br><br>vs.<br><br>WORLD CORPORATION,<br>A CNMI Corporation<br><br>        Defendant. | Civil Action No.  04-0001<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO AMEND JUDGMENT PURSUANT TO RULE 59 (FOR LIQUIDATED DAMAGES, ATTORNEY'S FEES AND COSTS)**<br><br>**Date:   Feb. 16, 2006**<br>**Time:  8:30 am**<br>**Judge: Hon. Alex R. Munson** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

Plaintiff YU SUK CHUNG, through undersigned counsel of record, hereby files his reply brief in support of his Motion to Amendment Judgment pursuant to Rule 59 F.R.C.P. for the Court to award liquidated damages, attorney's fees and costs.

Mr. Chung asserts that at trial the jury properly delivered a verdict for breach of contract for the amount of $136,665.00.  This amount and the verdict was a compensatory amount for Mr. Chung's unpaid wages on account of the breach of contract based on an $80,000 year annual salary.

In its opposition, Defendant World Corporation challenges the claim that the jury verdict was for unpaid wages and/or that the claim for liquidated damages should have been submitted to the jury as part of a jury instruction.  The arguments by World Corporation are not well-taken and must be rejected.

As to the challenge that the jury verdict was for unpaid wages less the amount of wages actually paid to Mr. Chung, this Court presided over the taking of testimony and presentation of evidence.  There is a clear record that the breach was for an oral contract and that the award was for wages.  Indeed, at the end of the trial during closing argument World Corporation asserted that Mr. Chung only had and only could have had a two-year contract with World Corporation rather than the claim for a three-contract.

1  The jury verdict clearly determined World Corporation for breach of an oral

2  contract. What were the terms of that contract? Among other things, for

3  wages of $80,000 per year as a salary on a two year contract, less wages

4  paid in cash, for an amount due of unpaid wages in the amount of

5  $136,665.00. The award was not for unjust enrichment or any other cause

6  
7  of action— it was for breach of an employment contract.

8      Since the jury returned a verdict and an amount for compensation for

9  unpaid wages, case law in the Commonwealth governing the employment of

10  non-resident workers clearly mandates the imposition of liquidated damages

11  in an equal amount pursuant to 3 CMC §4447 (d) to the prevailing party, as

12  well as attorney's fees and costs.   The statutory provisions of the CNMI

13  Non-Resident Worker Act compel a mandatory award where a non-resident

14  
15  worker such as Mr. Chun with the following clear language.

16      In any action taken directly by or on behalf of a nonresident
17      worker, notwithstanding any other remedies that may apply,
       the worker that prevails in such action shall recover unpaid
18      wages and overtime compensation, an additional equal amount
       as liquidated damages, and court costs. In all cases, the court
19      shall, as part of the judgment render a finding as to the merits
       of the action. *Id.*
20  
21      The rest of the provision reads on to award attorney's fees. The

22  
23  Courts of the Commonwealth have reviewed the provisions of the Non-

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

1   Resident Worker Act and have clearly construed those provisions, including

2   section 4447(d) above, holding that if the plain language of a statute is

3   clear, the Court will not interpret it in a contrary fashion. *See, Limon v.*

4   *Camacho*, 1996 MP 18, ¶40, 5 N.M.I. 21, 28; *see also, Office of the*

5   

6   *Attorney General v. Rivera*, 3 N.M.I. 436, 447 (1993); *Elayda v. J&I*

7   *Construction Co.,* 1 CR 1025 (App. Div. 1984).

8       In *Limon v. Camacho,* the CNMI Supreme Court held that both the

9   Division of Labor and the Courts have the power to award liquidated

10  damages and attorney's fees. *Id.* at 30. The facts in *Limon* involved an

11  appeal of an administrative order finding the employer liable for unpaid

12  wages and for overtime, in addition to liquidated damages and for attorney's

13  fees. *Id.* at 23-24. The employer appealed the ruling by the administrative

14  hearing office, including the award of liquidated damages and attorney's

15  fees, through the administrative process and, ultimately, to the CNMI

16  Supreme Court.

17  

18  

19      On appeal, the employer argued that only the courts, and not the

20  administrative hearing office, were given the power to award liquidated

21  damages and attorney's fees. *Id.* at 30. The Supreme Court disagreed and

22  ruled that the CNMI Legislature intended both the Division of Labor and

23  the Courts were empowered to award liquidated damages and attorney's

1  fees. *Id.* The Court in *Limon* upheld the challenge to the Act on

2  constitutional grounds and ruled that in addition to the courts, the Division

3  of Labor Hearing Officer may also award attorney's fees and costs to a

4  prevailing party on a claim for breach of an employment agreement.

5

6  In this case, the Non-Resident Worker Act clearly applies to the case.

7  The action was brought on behalf of a non-resident worker, Mr. Chung, for

8  breach of an oral contract. Indeed, several jury instructions were given

9  which instructed the jury as to the Act and its provisions requiring, among

10  other things, a non-resident worker's contract when a non-resident worker is

11  employed in the Commonwealth. Testimony was presented by Division of

12  Labor Enforcement Officer Gil San Nicholas on this point as well. Notice

13  was had to World Corporation that this case was a claim by a non-resident

14  worker for wages due on account of a breach of contract.

15

16  There is no requirement in the statute for the question of liquidated

17  damages to be a question to be submitted to the jury for determination. The

18  award is an automatic provision if and when a party establishes his claim to

19  unpaid wages under the Act. In fact, case law clearly points against World

20  Corporation's position and compels a summary award of liquidated

21  damages and attorney's fees once a complainant or plaintiff prevails and is

22

23  due unpaid wages. *See, Barte v. Saipan Ice, Inc.* 1997 MP 17, 5 N.M.I. 101.

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

In *Barte,* the employee appealed a determination by the Labor Hearing Officer that he had not established his claim to unpaid overtime. *Id.* at 102. After a hearing, the Hearing Officer denied the claim for unpaid overtime, liquidated damages, and attorney's fees on the basis that the employee had not established his claim by a preponderance of the evidence. *Id.* On the question of whether the employee was entitled to liquidated damages and/or attorney's fees, the Supreme Court fashioned the clear rule which Mr. Chung reiterates herein.

To recover on a claim for liquidated damages, attorney's fees and costs, a complainant must first succeed on his claim for unpaid wages. *Id.* at 104. The Court articulated this rule by its simple reading of 3 CMC §4447(d) which compels such awards of liquidated damages and attorney's fees to the "prevailing" party in the action. *Id.* If a party does not prevail on his claim, he is not entitled to liquidated damages. *Id.*

In the instant case Mr. Chung prevailed on his claim of breach of contract with a unanimous verdict for unpaid wages due under the contract theory. As the prevailing party under the rule in *Barte, supra* Mr. Chung is entitled, as a matter of law and statutory mandate, to liquidated damages and attorney's fees and costs pursuant to 3 CMC § 4447(d).

To deny Mr. Chung's claim herein and follow instead World

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 – Saipan MP 96950 – (670) 234-7859

1    Corporation's arguments would frustrate the legislative intent of the Non-

2    Resident Worker Act. That legislative intent was to adjudicate and redress

3    complaints by non-resident workers in an expedited matter which is a matter

4    of serious public concern. *Limon v. Camacho, supra* at 29 (discussion of

5    legislative history of the provisions for liquidated damages and attorney's

6    fees). It would frustrate a plaintiff and harm a class of vulnerable non-

7    resident workers such as Mr. Chung whom were brought to the CNMI based

8    on representations by the employer as authorized by the Act. Now the

9    employer in World Corporation seeks to use the same Act and these

10   proceedings for the proposition against liquidated damages and attorney's

11   fees. That is not what the legislature intended.

12   That was the purpose of the testimony of Mr. Gil San Nicholas. As

13   Mr. San Nicholas testified, whenever any non-resident who is employed

14   here in the Commonwealth, as Mr. Chung was "suffered" to work for World

15   Corporation, the Non-Resident Worker Act applies. When the Act's

16   provisions apply, every employer must follow its provisions and shall be

17   held accountable for breaching those provisions, including employment of a

18   non-resident worker in the absence of a contract.

19   In an earlier time in our Commonwealth in 1984, the similar issue of

20   liquidated damages due to a non-resident worker arose in *Elayda v. J&I*

1

*Construction, Inc.* within the context of a claim for breach of an oral

2

contract in violation of the CNMI Minimum Wage & Hours Act of 1978,

3

P.L. 1-20. 1 CR at 1027.  On appeal to the former Appellate Division of this

4

Court, the employee assigned as error and appealed the trial court decision

5

6

below denying, among other claims, the claim for liquidated damages.  *Id.*

7

As to the liquidated damages issue, the Court dealt with the scenario

8

where the employee-plaintiff first explicitly mentioned liquidated damages

9

only during opening statement.  *Id.* at 1034.  The employer objected on the

10

ground that neither complaint nor the pre-trial order mentioned liquidated

11

damages  so that he was not put on notice that the issue was to be litigated

12

and therefore the employer was unable to adduce evidence in his favor at

13

trial.  *Id.*  The trial court below allowed testimony on liquidated damages

14

but the ultimately ruled that the issue of liquidated damages had not been

15

16

properly raised.  *Id.*

17

On appeal, the employee asserted that the trial court ruling below was

18

erroneous.  The District Court for the NMI Appellate Division agreed and

19

reversed for an award of liquidated damages.  *Id.* at 1035.  In doing so, the

20

Appellate Division, the late Chief Judge for the District of Southern

21

California Judith N. Keep Presiding, held that Rule 54(c) F.R.C.P. mandates

22

that every final judgment shall grant relief to the party in whose favor it is

23

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

1  rendered is entitled, even if the party has not demanded such relief in his

2  pleadings. The employer did not respond to the citation to Rule 54(c) as

3  expressed by the Court, and instead only claimed that the failure to pray for

4
   liquidated damages affected his ability to produce evidence on grounds of
5
6  prejudice. *Id.*

7      The Appellate Division rejected this argument based on its review of

8  the provisions of the Wage Act which expressly mention liquidated

9  damages in the same sentence as the provision imposing liability for unpaid
10
   minimum wages or overtime. *Id.* The court in *Elayda* found it difficult to
11
12 believe that since the liquidated damages provisions were in the Wage Act,

13 that the employer was unaware that he faced potential liability for liquidated

14 damages if he is found liable for violations of the Wage Act. *Id.* at 1036.

15     Despite the passage of over twenty years since the decision in *Elayda*,

16 the decision is particularly appropriate in the Court's consideration of Mr.

17
   Chung's motion herein. The same analysis and conclusion should hold. In
18
19 this case World Corporation had notice of the applicability of the provisions

20 of the Non-Resident Worker Act including 3 CMC §4447(d). Jury

21 Instructions were given citing to multiple provisions of the Act.

22     Mr. Gil San Nicholas, Labor Enforcement Officer, gave extensive

23 testimony regarding the Act including who is an employee; who is an

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

employer; when the Act applies; what happens for violations of the Act; the requirements for an employment contract; and whether an employer may place a non-resident worker on probation status. However, Mr. San Nicholas was unable to answer the question which the Court did in *Elayda* decades before– that an oral contract is enforceable as to wage claims.

What is relevant is that World Corporation was on notice and had ample opportunity to be made aware that the provisions of the Act govern and apply to this case based on Mr. Chung's claim of breach of an oral contract. Under the Act, that contract could only have been a non-resident worker's contract which World Corporation promised, proposed, but never obtained for a non-resident worker. Indeed, the testimony is to the contrary: that World Corporation sought to evade compliance with the Act by paying several Korean non-resident workers including Mr. Chung cash for several months. Further, 3 CMC §4447(d) contains the liquidated damages and attorney's fees language in the same provision which imposes liability for failure to pay wages and/or overtime.

Of more particular note, Rule 54(c) FRCP remains relatively unchanged from the rule then in *Elayda, supra*. Also, as discussed by the court in *Elayda*, just because a defendant has started defending an action, "the theories suggested by the pleadings are subordinate to the court's duty

1    to grant relief to which the prevailing party is entitled, whether it has been

2    demanded or not." *Id.* at 1035 (citing 10 Wright & Miller, Federal Practice

3    and Procedure §2644). The only exception is if the plaintiff's failure to

4    demand the appropriate relief has prejudiced his adversary.

5

6    Here World Corporation cannot complain of prejudice. World

7    Corporation is an employer of dozens if not hundreds of non-resident

8    workers including its Special Projects Manager Ms. Kyong Won Lee, whom

9    had been hired as a consultant for labor-related matters. World Corporation

10   has been in the CNMI employing non-resident workers for several years,

11   including its current Korean employee at World Resort, Robert Baik.

12   World Corporation has notice and knowledge of the Act's provisions as an

13   employer of non-residents, particularly the provisions of 3 CMC § 447(d)

14

15   whenever there is a claim for unpaid wages such as in this case. World

16   Corporation, however, cannot claim that it was unaware that the Court could

17   fashion and provide the additional remedies of liquidated damages and

18   attorney's fees under Rule 54(c) in the face of the Act under which it hires

19

20   non-resident workers.

21   A more appropriate rhetorical question is in order here. What more

22   evidence, testimony, or argument would or could World Corporation have

23   produced with respect to liquidated damages and attorney's fees/ costs

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859

under 3 CMC § 4447(d)? The answer is nothing. The focus is and has always been Mr. Chung's claim for breach of oral contract. Was there a contract for employment? Was there a breach and are there damages in order?

If Mr. Chung failed on his claim for breach and/or unpaid wages, then he did not prevail and therefore would not be entitled to liquidated damages and/or attorney's fees. Conversely, if Mr. Chung did prevail, as he did here, it automatically follows that liquidated damages and attorney's fees would be awarded, as a matter of law, to Mr. Chung as the prevailing party. The question was not appropriate for the jury. Only the question of the breach of contract was appropriate. The awards under section 4447(d) flow from the establishment of the claim. In the absence of prejudice, therefore, the provisions of Rule 54(c) compel this Court to amend its judgment accordingly.

When a non-resident worker brings a claim for unpaid wages or for breach of contract, if the non-resident prevails he is entitled to liquidated damages, attorney's fees and costs. The case law from the CNMI courts are painfully clear, and World Corporation now seeks to evade liability for liquidated damages and attorney's fees in the face of an award for unpaid wages on a breach of contract claim.

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 – Saipan MP 96950 – (670) 234-7859

For the foregoing reasons, Mr. Chung respectfully submits that this Court should amend the Judgment as to Breach of Contract entered by the Court on December 8, 2005 to include mandatory language regarding the "award of an additional equal amount as liquidated damages, attorney's fees, and costs" as permitted by the Non-Resident Worker Act which remains applicable in this proceeding following the breach of contract award.

Therefore, Mr. Chung requests the Court to amend the judgment to include an additional $136,665.00 for liquidated damages, for attorney's fees, and for costs.

Respectfully submitted this ___14ᵗʰ.___ day of February, 2006

_Robert J. Torres_

_____
ROBERT T. TORRES    F 1097
Attorney at Law

Robert Tenorio Torres
Attorney at Law
Plata Drive, Whispering Palms (Chalan Kiya)
P.O. Box 503758 ~ Saipan MP 96950 ~ (670) 234-7859