F I L E D
Clerk
District Court

FEB 2 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| | Case No. CV-04-0001 |
| YU SUK CHUNG, | **ORDER:** |
| Plaintiff, | (1) **GRANTING** plaintiff's motion to amend judgment; |
| | (2) **STRIKING** juror's affidavit with leave to allow plaintiff to file a motion to reconsider within fourteen days; |
| vs. | (3) **DENYING WITHOUT PREJUDICE** plaintiff's motion for attorney's fees and costs; |
| WORLD CORPORATION, | (4) **DENYING WITHOUT PREJUDICE** plaintiff's motion for sanctions; |
| Defendant. | (5) **DENYING** defendant's motion for an award of attorney's fees and costs; and |
| | (6) **DENYING** defendant's motion for certification. |

THIS MATTER came before the court on February 16, 2006, for hearing of Plaintiff's motion to amend judgment, Defendant's motion to amend judgment, Plaintiff's motion for attorney's fees and costs, Defendant's motion for attorney's fees and costs, Defendant's motion for Federal Rule of Civil Procedure Rule 54(b) certification, and Plaintiff's motion for sanctions. Plaintiff Yu Suk Chung appeared personally and by and through his attorneys, Colin Thompson and Robert T. Torres; Defendant World Corporation appeared by and through its attorney, Ignacio C. Aguigui.

**THE COURT**, having fully considered the arguments of the parties,

(1) **GRANTS** plaintiff's motion to amend judgment;

(2) **STRIKES** juror's affidavit with leave to allow plaintiff to file a motion to reconsider within fourteen days;

(3) **DENIES WITHOUT PREJUDICE** plaintiff's motion for attorney's fees and costs;

(4) **DENIES WITHOUT PREJUDICE** plaintiff's motion for sanctions;

(5) **DENIES** defendant's motion for an award of attorney's fees and costs; and

(6) **DENIES** defendant's motion for certification.

## I. Background

The trial for this breach of employment contract and fraudulent misrepresentation case commenced on October 31, 2005. On December 6, 2005, after a twenty day trial and four day deliberation, the jury rendered a verdict in favor of Plaintiff on his claim for breach of contract in the amount of $136,665.00. Accordingly, the court entered judgment on December 8, 2005, awarding Plaintiff $136,665.00 for his breach of contract claim. Judgment as to Breach of Contract, No. 186 (Dec. 8, 2005). The court, unable to receive a unanimous verdict from the jury for Plaintiff's claim for fraudulent misrepresentation, ordered a mistrial as to that claim. Notice of Order for Mistrial as to Plaintiff's Fraudulent Misrepresentation Claim, No. 187 (Dec. 8, 2005).

Plaintiff filed his motion to amend judgment, motion for attorney's fees and costs, and motion for sanctions on December 22, 2005. Motion to Amend Judgment Pursuant to Rule 59, No. 191 (Dec. 22, 2005); Motion for Attorney's Fees and Costs, No. 193 (Dec. 22, 2005); Motion for Sanctions, No. 194 (Dec. 22, 2005). Defendant filed his motion for attorney's fees and costs pursuant to Rule 58, motion to amend judgment, and motion for certification on December 22, 2005. Notice of Motion and Motion for Certification Pursuant to Rule 54(b) or in the Alternative to Amend Judgment, No. 197 (Dec. 22, 2005); Notice of Motion and Motion for Costs Pursuant to Rule 68 or in the Alternative to Amend the Judgment to Include Costs, No. 199 (Dec. 22, 2005).

//

//

//

//

//

2

# II. ANALYSIS

## A. PLAINTIFF'S MOTION TO AMEND JUDGMENT: STATUTORY DAMAGES

Plaintiff moves this court under Federal Rule of Civil Procedure Rule 59(e) to amend the judgment to include statutory damages equal to the amount of wages the jury awarded him. The statutory damages provision in 3 CMC § 4447(d) provides: "In any action taken directly by or on behalf of a nonresident worker, notwithstanding any other remedies that may apply, the worker that prevails in such action shall recover unpaid wages and overtime compensation, an additional equal amount as liquidated damages, and court costs." Defendant claims that this section does not apply to the case because it only applies to the prevailing party in either an administrative action brought by a nonresident worker or a civil action brought by the Attorney General. In other words, defendant claims that this section on statutory damages is inapplicable because plaintiff prevailed on a breach of contract claim and not a claim under the Nonresident Workers Act.

Because the court is interpreting law of the Commonwealth of the Northern Mariana Islands ("Commonwealth"), the court must follow Commonwealth precedent. "Where [the Commonwealth Supreme Court] has not decided a legal issue, [the court] must use [its] best judgment to predict how that court would decide it." *Allen v. City of Los Angeles*, 92 F.3d 842, 847 (9th Cir. 1996).

In interpreting a statute, the goal is to ascertain and effectuate the legislative intent. Accordingly, three rules of statutory construction are particularly important in this situation. First, the court "must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981) (internal citations omitted). Second, the court must analyze the statutory scheme as a whole. *Padish v. I.N.S.*, 358 F.3d 1161, 1170 (9th Cir. 2004). "In this regard, [the court] must 'mak[e] every effort not to interpret [the] provision [at issue] in a manner that renders other provisions of the same statute inconsistent, meaningless or

3

superfluous.'" *Id.* at 1170-71. Third, "[the legislature] is presumed to act intentionally and purposely when it includes language in one section but omits it in another." *Estate of Bell v. Commissioner*, 928 F.2d 901, 904 (9th Cir. 1991).

On the face of the statute, it clearly states that it applies to "any action taken by a nonresident worker." A nonresident worker is defined as "any available individual who is at least 18 years old and who is capable of performing services or labor desired by an employer and who is not a resident worker. Nonresident worker shall not include any immediate relative, spouse or children including legally adopted children of a U.S. citizen or any foreign investor." 3 CMC § 4412(I) (2004). Considering that the parties stipulated that Mr. Chung is a Korean citizen, Jointly Prepared Final Pre-Trial Order, No. 140 (Oct. 26, 2005), this case is an action taken by a nonresident worker.

Furthermore, section (d) states that "notwithstanding any other remedies that may apply," the enumerated statutory damages are available to the "worker that prevails." In this case, plaintiff prevailed on his breach of contract claim. Accordingly, the plain meaning of the statute indicates that the statutory damages provision applies to a situation like this one.

Defendant claims that the court cannot simply look at the section in isolation but must look to the entire statute to understand the plain meaning of the statutory damages provision. While defendant is correct, *see Padish*, 358 F.3d at 1170, its argument does not support its position that the statutory damages provision does not apply in this situation. The court looks to the context of the provision to interpret it in a consistent and meaningful way. *Id.* at 1170-71. Considering the entirety of the statute, awarding statutory damages in this situation supports the legislature's goals of providing job preferences for resident workers while preventing the impairment of wages and working conditions of resident and nonresident workers.[1] *Loren v. E'Saipan Motors, Inc.*, 3 N. Mar.

---

[1] For example, the Nonresident Workers Act specifies how a nonresident worker must be paid, 3 CMC § 4436(c), that the minimum wage law applies, 3 CMC § 4437(b), that the employer is responsible for the nonresident worker's health insurance, 3 CMC § 4437(c), that an employer is not permitted to withhold from a nonresident worker any identification certificate, passport, entry permit, or other document related to the status of the worker, and that the employer has the

4

I. Commw. 566, 576 (D. N. Mar. I. App. Div. 1988).

Furthermore, a contextual analysis of the statutory damages provision supports the application of statutory damages in this situation. For example, a comparison of subsection (c) to subsection (d) shows that the legislature intended "any action taken by a nonresident worker," 3 CMC § 4447(d) (2004), to be broader than any action against a person who "fails to comply with any provision of this chapter, or any rule, regulation, or order issued under this chapter, or any nonresident worker employment agreement," 3 CMC § 4447(c) (2004). Because the court presumes that the legislature intentionally and purposely included the more limiting language in section (c) and intentionally and purposefully omitted such limiting language in section (d), the court is not persuaded by defendant's argument that the statutory damages only applies to administrative actions brought by a nonresident worker for violations of the Nonresident Workers Act.[2]

Defendant claims that the Nonresident Workers Act was irrelevant to plaintiff's claims so the statutory damages may not be granted. In essence, defendant claims that it will be prejudiced due to surprise. However, the subject of the Nonresident Workers Act was broached time and time again throughout the case and throughout trial. Both parties specifically referred to the Nonresident Workers Act during the examination of multiple witnesses during trial. Defendant had an opportunity to cross-examine witnesses that were questioned about the Nonresident Workers Act on direct examination. Defendant specifically asserted and presented evidence regarding the two year term limitation mandated by the Nonresident Workers Act. Moreover, the stipulated jury instructions included several provisions of the Nonresident Workers Act.

Defendant also claims that because plaintiff sought damages beyond that recoverable under the Nonresident Workers Act, plaintiff should not be permitted to recover statutory damages.

---

obligation to pay for all costs of repatriation of the nonresident worker, 3 CMC § 4438(b) .

[2] A civil action brought by the Attorney General under 3 CMC § 4447(a) would not be covered by subsection (d) because the action is not brought by the worker, but rather, is brought by the Attorney General. Thus, defendant suggests that "any action" means only one type of action, *i.e.* an administrative action.

5

1   However, as the statute clearly indicates that "notwithstanding any other remedies that may apply"

2   the enumerated statutory damages are available to the "worker that prevails," plaintiff may recover

3   more than unpaid wages if he proves to the jury that such a remedy is provided by law.

4       Defendant asserts that permitting plaintiff to recover statutory damages allows plaintiff to

5   circumvent the exhaustion requirement of 3 CMC § 4434(f). However, the exhaustion of

6   administrative remedies requirement only applies to grievances against an employer for violation of

7   the Minimum Wage and Hour Act, 4 CMC § 9211 *et seq.*, and / or the Nonresident Workers Act, 3

8   CMC § 4411 *et seq.*; it does not apply to a breach of contract claim.

9       Defendant further claims that even if the statutory damages are applicable to this case, the

10  court has no way of determining what part of the jury award is attributed to unpaid wages. However,

11  the court finds otherwise. While the statute does not specifically define the term "unpaid wages,"

12  several sections of the statute refer to the Minimum Wage and Hour Act. The Minimum Wage and

13  Hour Act defines "wage" paid by an employer as:

14      legal tender of the United States, or checks on banks convertible into cash on demand
        at face value, and includes in addition thereto the reasonable cost, as determined by the
15      department, to the employer of furnishing an employee with board, lodging or other
        facilities which are customarily furnished by such employer to his or her employees.
16

17  None of the evidence or arguments for the breach of contract claim presented to the jury suggest that

18  the award for breach of contract went beyond unpaid wages. The only possible damages the jury

19  could have awarded was an $80,000 salary for three years and a $10,000 moving bonus, which are

20  both "legal tender of the United States," and an apartment rental for three years worth no more than

21  $1500 maximum per month, private school tuition for plaintiff's child, and a provision for a vehicle,

22  which are either "board, lodging or other facilities which are customarily furnished by such

23  employer to his or her employees."

24      **ACCORDINGLY**, considering the facts presented in the case and the fact that money paid

25  to an employee under an employment contract are considered wages, **THE COURT** finds the

26  amount of unpaid wages recovered by plaintiff to be in the amount of $136,665.00, which is the total

6

amount the jury awarded plaintiff for his breach of contract claim. The court will amend judgment to include $136,665.00 for statutory damages.

## B. JUROR'S AFFIDAVIT

Defendant argued, but did not make a formal motion, to strike juror's affidavit from plaintiff's motion to amend judgment. Motion to Amend Judgment Pursuant to Rule 59, No. 191 (Dec. 22, 2005). Accordingly, the court, on its own initiative, strikes the juror's affidavit.

As a general rule, Federal Rule of Evidence 606(b) prohibits a juror from testifying as to any matter occurring during the course of jury deliberations. Because no exception to this rule applies in this situation, **THE COURT STRIKES** the juror's affidavit contained in Exhibit A of Declaration of Colin M. Thompson in Support of Motion to Amend Judgment Pursuant to Rule 59, No. 192 (Dec. 22, 2005), with leave to allow plaintiff to file a motion to reconsider within fourteen days.

## C. DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

The court must award defendant post-offer attorney's fees and costs "[i]f the judgment finally obtained by the offeree is not more favorable than the offer." Fed. R. Civ. P. 68; *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1027 (9th Cir. 2003) ("[A]bsent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, [] such fees are to be included as costs for purposes of Rule 68."); *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996) ("The award is mandatory; Rule 68 leaves no room for the court's discretion."). Since defendant made a statutory offer of judgment according to Federal Rule of Civil Procedure 68 on October 1, 2005, in the amount of $175,000, defendant's motion may only be granted if plaintiff obtained a judgment that is less than $175,000.

Here, the court has ordered and adjudged that plaintiff recover from defendant in the amount of $136,665.00 for plaintiff's breach of contract claim. In addition, as the court has granted plaintiff's motion to amend judgment, the amended judgment will also include an equal amount for

statutory damages.

**ACCORDINGLY**, because the judgment will be at least $ 273,330, **THE COURT DENIES** defendant's motion for costs pursuant to Rule 68 and **DENIES** defendant's motion to amend judgment to include its costs.

## D. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Pursuant to Federal Rule of Civil Procedure Rule 54(d)(2), plaintiff moves for an award of attorney's fees and costs. "An award of attorney's fees incurred in a suit based on state substantive law is generally governed by state law." *Champion Produce, Inc.*, 342 F.3d at 1024.

According to 3 CMC § 4447(d), plaintiff may be entitled to attorney's fees and costs that were incurred due to his breach of contract claim. However, because a mistrial was declared on the fraudulent misrepresentation claim, it is premature to grant plaintiff's motion for attorney's fees and costs. **ACCORDINGLY, THE COURT DENIES WITHOUT PREJUDICE** plaintiff's motion for attorney's fees and costs.

## E. SANCTIONS

Plaintiff moves the court under Federal Rule of Civil Procedure 37(c)(2) for sanctions in the amount of reasonable expenses, including reasonable attorney's fees, incurred for proving certain facts that plaintiff alleges that defendant failed to admit. However, because a mistrial was declared on the fraudulent misrepresentation claim, the interests of judicial economy require the court to defer this motion until the conclusion of the trial. **ACCORDINGLY, THE COURT DENIES WITHOUT PREJUDICE** plaintiff's motion for sanctions.

## E. CERTIFICATION

Defendant moves the court to certify a partial final judgment under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") to allow defendant to appeal the judgment in favor of plaintiff as to

the breach of contract claim. Defendant argues that the court's policy of judicial economy and the injustice of needless delays favors defendant's motion because the Ninth Circuit may find that the court lacks subject matter jurisdiction over this case.

Before the court may grant certification under Rule 54(b), the court must determine whether there is more than one claim for relief and whether there is any just reason for delay. *Curtiss-Wright Corp. v. General Electric, Co.*, 446 U.S. 1, 8-9 (1980). Here, there are two separate claims for relief, one for a breach of contract and one for fraudulent misrepresentation. Thus, the first prong is satisfied.

However, the court finds that there is just reason to delay an appeal. Most importantly, an appeal during the pendency of plaintiff's second cause of action would delay the trial and possibly result in unavailability of witnesses and the aging of evidence. On the other hand, by denying certification, the trial will not be delayed. Furthermore, denying certification will allow one panel of the Ninth Circuit to review the entire record of the trial before rendering an opinion.

Accordingly, for the foregoing reasons, **THE COURT DENIES** defendant's motion for certification.

**DATED** this 21st day of February, 2006.

Alex R. Munson
Chief Judge

9